RECEIVED
2006 JAN 20 P 2: 05
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE SMITH, | * |
| Plaintiff, | * |
| | * |
| VS. | * CASE NO.: 2:06cv59-C |
| | * |
| CITY OF MONTGOMERY, | * |
| | * JURY TRIAL REQUESTED |
| Defendant. | * |

## COMPLAINT

### Jurisdiction and Venue

1. This is an action for legal relief to redress unlawful gender discrimination and employment.

2. This Court has jurisdiction over this cause pursuant to 28 USC §1331, §1343 and §1367 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC §1981(a) and §2000(e), et seq. Furthermore, jurisdiction over Plaintiff's claims for costs, expenses and attorney's fees is additionally conferred by 42 USC §1988.

3. Plaintiff has exhausted the necessary administrative remedies prior to filing this civil action. Plaintiff timely filed a written charge with the Equal Employment Opportunity Commission (EEOC) within 180 days of the discriminatory acts asserting discrimination. Plaintiff filed her EEOC charge on November 21, 2003. This action is filed within 90 days of receipt of a Right to Sue Letter from the EEOC, which is dated October 26, 2005.

4. The Plaintiff pursued administrative remedies and rights to due process through the

Montgomery City-County Personnel Board on November 10, 2003, and was ultimately terminated on November 12, 2003.

5. All acts complained of herein related to Plaintiff's place of employment within the Middle District of Alabama, 28 USC §1391.

## Parties

6. The Plaintiff, Stephanie Smith, is a Caucasian woman who is over 19 years of age and a citizen of Elmore County, Alabama.

7. The Defendant, City of Montgomery, Alabama, is an Alabama municipal corporation and is an employer within the meaning of Title VII and is subject to suit under all of the claims alleged herein.

## Factual Background

8. The Plaintiff at all times mentioned herein was employed as a Labor Foreman I with the City of Montgomery.

9. The Plaintiff, in her position as a Labor Foreman I, drove a truck and had a crew that worked with her, under her supervision.

10. The Plaintiff has a minor daughter who suffers from a considerable number of physical and mental medical conditions. As a result of her sickness, she often gets up all through the night.

11. The Plaintiff, on her lunch break, would often sleep in her truck at the City of Montgomery municipal lot, while her workmen went into the area referred to as the "bull room", where the other men would take their lunch break.

12. The Plaintiff did not often go in to that room because all of the other employees in there were male and she was the only female foreman. She considered it a hostile

environment due to the language and comments that went on within the room on a continuous basis.

13. On April 23, 2003, the Plaintiff drove her truck back to the City lot for the employees to take their lunch break.

14. She told her two crew members, who were going into the bull room, to come back to the truck when the lunch break was over.

15. When the 30 minute lunch break was over and the Plaintiff's crew was coming back to the truck, Billy Sexton, the Plaintiff's supervisor who supervised 48 employees as the Street Construction Supervisor, stopped them and brought them into his office.

16. After stopping the Plaintiff's crew, who she had instructed to come back to the truck at 12:30 (the end of the lunch break), he told them to disregard her orders and not go back at 12:30. Sexton then went to the truck at 12:40 and charged the Plaintiff with sleeping while on duty for 10 minutes between 12:30 and 12:40.

17. The supervisor, Billy Sexton, had been the Plaintiff's supervisor for 5 of the 10 years she had been employed with the City of Montgomery Maintenance Department.

18. Prior to Sexton becoming her employer, she had not been written up, but Sexton was constantly seeking ways to terminate her.

19. Sexton had advised the other supervisors and a number of employees in the Maintenance Department that, "If he ever got rid of Stephanie, he would never have another woman working for him."

20. Sexton admitted under oath that he had made that statement, in the Plaintiff's proceedings before the Montgomery City-County Personnel Board.

21. Male employees were allowed to sleep during their breaks and in fact, the supervisor,

Sexton, would sleep in the office at his chair from time to time, along with other male supervisors.

22. There was no policy of the City of Montgomery that denied employees of the right to sleep on their breaks.

23. Prior to Smith being terminated, male employees who had been asleep while on duty were not terminated.

24. It was common practice within the City of Montgomery's Maintenance Department, Department of Parks and Recreation, and Garage and Shops for male employees to sleep during duty hours, if there was not a specific project they were working on.

25. The Plaintiff was continuously written up and disciplined for acts that male employees committed and were not written up or disciplined for.

26. Prior to the Plaintiff Stephanie Smith being terminated for sleeping on duty and taking an excessive lunch break, 5 male employees had been charged with similar charges, but were not terminated.

27. After the termination of Stephanie Smith and after she had made it known that she considered the actions against her to be sexual discrimination, the Defendant, City of Montgomery, terminated 2 summer workers for allegedly being asleep on the job and having poor work performance. These employees were non-merit system employees and had no right of appeal.

28. The Defendant, City of Montgomery, has discriminated against the Plaintiff because of her gender female. She has been treated differently from similarly situated male employees and was terminated from her position as a Labor Foreman I with the City of Montgomery because of her gender female.

29. As a result, she was damaged in that she lost her income and her position with the City of Montgomery. She seeks to be reinstated in her position as a Labor Foreman I, to be compensated for back pay and benefits which she lost as a result of her wrongful termination, and for pay for any salary increase, benefits, or promotion that would have been available to her had she not been terminated, plus the cost of her efforts to receive due process through the procedures of the City of Montgomery. *Title VII* provides that the prevailing party may receive attorney's fees as a part of its cost, *42USC, Section 2000e-5(k)*, and such fees are also available to the Plaintiff pursuant to *42USC, Section 1988*, and the Plaintiff requests the same and such other relief as to be determined by a duly struck jury of her peers.

WHEREFORE, the Plaintiff hereby respectfully requests that this Court award compensatory damages in excess of the jurisdictional limit against the Defendant as well as costs and attorney's fees with enhancement and other such relief as this Court deems just and equitable due to the violation of Title VII by the Defendant as set forth in this Complaint.

Respectfully submitted on this 20TH day of January, 2006.

J. BERNARD BRANNAN, JR. (BRA022)
Attorney for the Plaintiff

OF COUNSEL:
THE BRANNAN LAW FIRM, P. C.
602 South Hull Street
Montgomery, Alabama 36104
(334) 264-8118

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.

J. BERNARD BRANNAN, JR.