IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE SMITH, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CASE NO.:  2:06 CV59-C |
| | * |
| CITY OF MONTGOMERY, | * |
| | * |
|     Defendant. | * |

## ANSWER

Defendant, City of Montgomery, in the above styled action, submits this Answer to Plaintiff's Complaint as follows:

1. Defendant denies the allegations in paragraph 1 of Plaintiff's Complaint and demands strict proof thereof.

2. Admitted.

3. Defendant admits that Plaintiff filed a charge with the EEOC on November 21, 2003 and that the Right to Sue Letter is dated October 26, 200 but denies the remaining allegations in paragraph 3 of Plaintiff's Complaint and demands strict proof thereof.

4. Defendant admits that Plaintiff had a hearing before the City-County of Montgomery Personnel Board on November 10, 2003 but denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

5. Admitted.

## PARTIES

6. Admitted.

7. Admitted.

## FACTUAL BACKGROUND

8. Admitted.

9. Admitted.

10. Upon information and belief, Defendant admits that Plaintiff has a child. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 10 of plaintiff's Complaint and therefore denies those allegations and demands strict proof thereof.

11. Defendant admits that Plaintiff slept through her lunch break but is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. Defendant admits that Plaintiff is the only female foreman but denies the remaining allegation in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13. Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendant admits that Billy Sexton was the Plaintiff's supervisor and that he supervises approximately 48 employees as the Street Construction Supervisor but denies the remaining allegations in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendant admits that Billy Sexton charged Plaintiff with sleeping on the job but denies the remaining allegations in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Admitted that that Billy Sexton had been a supervisor of Plaintiff for approximately five years but denies any remaining allegations in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23. Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24. Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25. Defendant admits that Plaintiff was written up but denies the remaining allegations in paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27. Defendant admits that other worker have been terminate but denies the remaining allegations in paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28. Defendant denies the allegations in paragraph of Plaintiff's Complaint and demands strict proof thereof.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant denies that plaintiff is entitled to any relief.

### THIRD AFFIRMATIVE DEFENSE

Defendant pleads the general issue.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies all material allegations not specifically admitted and demands strict proof thereof.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has failed to state injuries or damages for which any relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Defendant pleads the applicable statute of limitations and submits that Plaintiff's EEOC Charge was not timely filed and therefore this lawsuit is time barred.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads caps on damages pursuant to the Civil Rights Act of 1991.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads that Plaintiff's actions were the cause for any disciplinary actions taken against them and said disciplinary actions were done for legitimate business reasons.

## NINTH AFFIRMATIVE DEFENSE

Defendant pleads that all of its actions were for a legitimate, non-discriminatory business reason for all employment decisions.

## TENTH AFFIRMATIVE DEFENSE

Defendant pleads estoppel, waiver and laches.

## RESERVATION OF DEFENSES

Defendants reserve the right to plead additional defenses as they become known in the course of discovery.

Respectfully submitted this the 16th day of February, 2006.


/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)


City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101-1111
Telephone:  (334) 241-2050
Facsimile:  (334) 241-2310

**CERTIFICATE OF SERVICE**

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed below by electronic mail or by placing a copy of same in the United States Mail, postage prepaid, this 16th day of February 2006:

J. Bernard Brannan, Jr.
The Brannan Law Firm, P. C.
602 South Hull Street
Montgomery, AL 36104

/s/ Kimberly O. Fehl
OF COUNSEL