**WALTER R. BYARS**
CITY ATTORNEY
attorney@ci.montgomery.al.us



KIMBERLY O. FEHL
ASSISTANT CITY ATTORNEY
kfehl@ci.montgomery.al.us

CHARLES ALI EVERAGE
ASSISTANT CITY ATTORNEY
ceverage@ci.montgomery.al.us

January 29, 2004

Donald Burris, Deputy Director
Equal Employment Opportunity Commission
Birmingham District Office
1130 22nd Street S., Ste 2000
Ridge Park Place
Birmingham, Alabama 35205

Re:   **STATEMENT OF POSITION OF RESPONDENT**

Charging Party:   Stephanie Smith
Respondent:       City of Montgomery

Charge Number:    130-2004-00779

Dear Mr. Burris:

The above named charging party has filed a claim of discrimination against the City of Montgomery ("the City") alleging of sex discrimination pursuant to Title VII. Ms. Smith's charge of discrimination is as follows:

*I was employed as a Labor Foreman I with the City of Montgomery. The last approximately 4 years, my immediate supervisor was Billy Sexton. Mr. Sexton on 3 separate occasions, wrote me up and had me suspended. And on April 23, 2003, he wrote me up and recommended that I be dismissed. I was the only female Labor Foreman under Mr. Sexton's supervision and he had not written up nor recommended male employees under his supervision, for the same conduct for which I was written up and suspended. Male employees have also been found to have committed the same conduct I did, for which I was dismissed and recommended for termination by Mr. Sexton; they have not been suspended or terminated.*

1

DEFENDANT'S EXHIBIT 2

> *On April 23, 2003, I remained in the truck that I drive as a Labor Foreman, during the Maintenance Dept. lunch break. I instructed my employees who had gone into the "bull room" at the Maint. Dept. for lunch, to return to the truck at the end of the lunch break. Mr. Billy Sexton had told my employees not to return to the truck and then he wrote me up for taking an excessive lunch break and sleeping on the job. Mr. Sexton had made the comment which was witnessed by a number of employees and admitted to by him during my Personnel Board hearing "If I ever get rid of Stephanie, I will never have another female working for me." The fact that he made that statement was made known up the chain to each of my supervisors and even to the Mayor's representative who conducted a hearing on my termination. Mr. Sexton admitted to the substance of the comment under oath to the Montgomery City-County Personnel Board and there was other uncontradicted testimony that he had made the statement that he would never have another female foreman. Even with this knowledge, the Mayor of the City of Montgomery terminated my employment. And the Personnel Board in light of this testimony, upheld that termination. During the process of my Personnel Bd. Hearing, I requested through a subpoena, the personnel files of any person charged with sleeping on the job or taking an excessive lunch break. No one with the City of Montgomery had ever been terminated for that and all of the others who had been so charged, were male.*
>
> *I believe that I was continuously written up by Mr. Sexton and ultimately he recommended my termination, which was upheld by the Mayor of the City of Montgomery and affirmed by the Montgomery City-County Personnel Board, because of my gender, female. As male employees who had committed the same conduct were treated differently. Each thing that Mr. Billy Sexton wrote me up for in the 4 years that I was under his supervision, were pre-textual for sexual discrimination, as male employees who committed the same conduct were not treated the same way that I was.*

The City denies that it has discriminated against Ms. Smith on the basis of gender or on any other unlawful basis. Additionally, the City submits that Ms. Smith's claim of discrimination which allegedly resulted in her termination on April 23, 2003 is time barred and should have been filed no later than October 2003. Ms. Smith signed her Charge of Discrimination on November 21, 2003 and the EEOC date stamp indicates that the charge was received on November 25th. Therefore the charge of discrimination was submitted outside of the 180 day requirement for filing a charge of discrimination.

Additionally, Ms. Smith was allowed to appeal her decision to the Mayor's office as well as to the City-County of Montgomery Personnel Board. The Personnel Board is a separate and distinct entity from the City, and its decisions are made independently of the City. In fact, it is the responsibility of the Personnel Board to conduct evidentiary due process hearings to determine if an employee's rights have been violated by the decision of a supervisor.

In all of Ms. Smith's appellate hearings, it was determined that Ms. Smith had indeed committed the violation with which she was charged and that, based on her employment history of three prior suspensions, the termination of her employment was appropriate. *(Attached as Exhibit 1 is the transcript of the City-County Personnel Board.)*

The facts presented at the hearings indicated that the City department in which Ms. Smith worked had departed from its usual practice and granted Ms. Smith a third suspension when she committed another violation when other employees employees are terminated after the second suspension. Finally, a review of the hearing transcript will show that Ms. Smith, as matter of practice, took naps in her truck and had been caught other times but given other chances and not even reprimanded. Ms. Smith's practice of relying on her employees to wake her up to get back to work on time placed Ms. Smith in a position of serious conflict of her job duties. Ms. Smith made it an obligation of her crew members to wake her up from lunch because she had to report to her supervisor's office at 12:30 p.m. to pick up work assignments for the afternoon. If Ms. Smith's crew members were late from lunch, her duty would be to write them up. Yet, if she were to fulfill her professional obligation, she would also jeopardize her own employment because her having slept on the job would become known.

The City of Montgomery denies that anyone has discriminated against Ms. Smith due to her sex. The City of Montgomery reserves the right to supplement its response if necessary. If you have any questions or require additional information, please let me know.

With best regards, I remain

Sincerely yours,

Kimberly O. Fehl
Assistant City Attorney

KOF/ms

Enclosure

3