

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, South, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

EEOC Charge Numbers:  130 2004-00779 &
                                     130-2004-00800

Stephanie Smith
3780 Coosada Road                                  **Charging Party**
Milbrook, AL 36054
                v.
City of Montgomery
103 N. Perry Street                                **Respondent**
Montgomery, AL 36104

City of Montgomery Personnel Board        **Respondent**
103 N. Perry Street
Montgomery, AL 36104

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Act of 1964, as amended.

The Respondents are employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and all requirements for coverage have been met.

Charging Party alleges that Respondent employer's (City of Montgomery) supervisor disciplined her on several occasions, including a suspension and subsequently recommended that she be discharged for sleeping on the job on April 23, 2003, because of her sex, female. Charging Party further alleges that similarly-situated male employees have violated this same work rule and have not been disciplined nor recommended for discharge.

Charging Party alleges that although the recommendation for her discharge occurred on April 23, 2003, she was finally terminated on June 4, 2003 by Respondent's Personnel Board.

Respondent Employer denies the allegation and contends that Charging Party's charge of employment discrimination is time barred because the alleged incident occurred on April 23, 2003 and her charge was received by EEOC on November 25, 2003, which is more than 180 days after the date of harm.

DEFENDANT'S
EXHIBIT
4

Evidence reveals that Respondent's "Personnel Department Recommendation for Personnel Action" form dated May 27, 2003, states that effective May 23, 2003, Charging Party is being recommended for dismissal.    However, the recommendation form further states that "Terminated due to Mayor's decision" is dated June 4, 2003 and signed by the Personnel Director.    Therefore, the charge of employment discrimination by Charging Party is timely filed with EEOC.

Evidence further reveals that documentation of "Testimony and Proceedings" dated November 10, 2003, regarding Charging Party's recommendation for dismissal was before Respondent's Personnel Board.  During the testimony the following question was asked of Charging Party's supervisor and his response was provided on page 20:

  Q.  If you ever got rid of her, you would never have another woman working for you?

  A.  I said if I had another woman, I wouldn't have one working for me.

Evidence also reveals in the aforementioned documentation of "Testimony & Proceedings," Charging Party's supervisor was asked the following question and his response was provided on page 21:

  Q.  Well, have any of your other foremen been asleep between 12:00 and 12:30?

  A.  Yes, sir.

Evidence further reveals that although Respondent Employer's supervisor admitted that other labor foremen were guilty of the same work rule violation as Charging Party, she was the only one recommended for discharge.  Evidence also reveals that no other male employees or foremen were disciplined and/or terminated, as Charging Party.

Therefore, based on the foregoing evidence, I  have determined that Charging Party was recommended for discharge by Respondent Employer and finally terminated by Respondent Personnel Board, as alleged because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended.

This determination is final.  When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation.  Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter.  Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 CFR Part 1601.26).

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination.  The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief.

These remedies may include, as appropriate, an agreement by the Respondent to not engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative, Arthur Sanders, at (205)212-2058.  Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On behalf of the Commission,

7/21/2004
/Date/

Bernice Williams-Kimbrough
District Director

Enclosure



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

1130 - 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

## CONCILIATION AGREEMENT

IN THE MATTER OF:

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

and

Stephanie Smith
3780 Coosada Road
Milbrook, AL 36054

Charging Party

and

City of Montgomery
103 N. Perry Street
Montgomery, AL 36104

Respondent

City of Montgomery Personnel Board
103 N. Perry Street
Montgomery, AL 36104

Respondent

WITH RESPECT TO CHARGE NUMBERS 130-2004-00779
130-2004-00800

Charge(s) having been filed under Title VII of the Civil Rights Act of 1964, as amended, with the United States Equal Employment Opportunity Commission, by Stephanie Smith against City of Montgomery Personnel Board the charge(s) having been investigated and the Commission having determined there is reasonable cause to believe allegations contained in the charge to be true, the parties do resolve and conciliate this matter as follows:

CHARGE NUMBERS: 130-2004-00779
130-2004-00800

## TABLE OF CONTENTS

| Section | Page |
|---|---|
| I. GENERAL PROVISIONS | 1 |
| II. CHARGING PARTY'S RELIEF | 2 |
| III. REPORTING REQUIREMENT | 3 |
| IV. NOTICE REQUIREMENT | 4 |
| V. CONSENT FOR RELEASE OF NOTICE | 5 |
| VI. SIGNATURES | 6 |
| VII. ATTACHMENT "NOTICE OF EMPLOYEES" | 7 |

Page No. 1

CHARGE NOS. 130-2004-00779
130-2004-00800

## GENERAL PROVISIONS

1.  The Charging Party agrees not to sue Respondent with respect to any allegations contained in the above-referenced charge.  EEOC agrees not to use the above-referenced charge as the jurisdictional basis for filing a lawsuit against the Respondent.  However, nothing in this Agreement shall be construed to preclude EEOC and/or any aggrieved individual(s) from bringing suit to enforce this Agreement in the event that the Respondent fails to perform the promises and representations contained herein.  Neither does it preclude the Charging Party or the Commission from filing charges in the future.

2.  EEOC reserves all rights to proceed with respect to matters like and related to these matters but not covered in this Agreement and to secure relief on behalf of aggrieved persons not covered by the terms of this Agreement.

3.  The Respondent agrees that it shall comply with all requirements of the Title VII.

4.  The Parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under Title VII; or because of the filing of a charge;  giving of testimony or assistance;  or participation in any manner in any investigation, proceeding, or hearing under the Title VII.

5.  The Respondent agrees that the EEOC may review compliance with this Agreement.  As a part of such review, EEOC may require written reports regarding compliance, may inspect the Respondent's premises at reasonable times, interview employees, and examine and copy relevant documents.

6.  The Respondent agrees to retain the records and to provide the written reports required under the section in this Agreement entitled, "Reporting."  Reports will be furnished to the Office of the Commission which has signified final approval of this Agreement.

CHARGE NOS. 130-2004-00779
130-2004-00800

### CHARGING PARTY'S RELIEF

1.    Respondent agrees to reinstate Charging Party to her position of labor foreman.

2.    Respondent agrees to pay Charging Party $25,575.76 in back wages, plus interest..

3.    Respondent agrees to pay Charging Party's attorney fees in the amount of $5,000.00.

4.    The Respondent agrees to prohibit any dissemination, directly or indirectly, to any other prospective employer of any facts or circumstances relating to the filing or resolution of this charge.

### NOTICE REQUIREMENT

Respondent agrees to sign and conspicuously post the Notice to Employees found as Attachment A.  Respondent will post copies of the Notice on all employee bulletin boards for a period of three months from the date of the execution of this Agreement.

### REPORTING REQUIREMENTS

Respondent agrees to report in writing to the District Director, Equal Employment Opportunity Commission, 1130 -22nd Street South, Birmingham, Alabama  35205, concerning the implementation of this Agreement.

Respondent agrees to provide a report within twenty(10) days describing the manner in which payment was made which will  include photocopies of the check and photocopies of the Certified Mail Return Receipt signed by Charging Party or her attorney or other such proof of payment.

Respondent agrees to provide a report within (20) days describing the specific items expunged from Charging Party's records and a copy of the personnel record after expunging.

### CONSENT FOR RELEASE OF NOTICE

The contents of conciliation discussions between all parties and this Conciliation Agreement (except Attachment A) are excluded from disclosure and will be considered and treated as confidential.

Page 3

Charge NOS. 130-2004-00779
130-2004-00800

## SIGNATURES

I have read the foregoing Conciliation Agreement and I accept and agree to the provisions contained therein:

DATE _____               _____
                             City of Montgomery
                             Respondent

DATE _____               _____
                             City of Montgomery Personnel Board
                             Respondent

DATE _____               _____
                             Stephanie Smith
                             Charging Party

I recommend approval of this Conciliation Agreement:

DATE _____               _____
                             Arthur Sanders
                             Investigator

I concur in the above recommendation for approval of this Conciliation Agreement:

DATE _____               _____
                             Booker T. Lewis
                             Investigative Supervisor

Approved on Behalf of the Commission:

DATE _____               _____
                             Bernice Williams-Kimbrough
                             District Director

Page 4

Charge NOS. 130-2004-00779
130-2004-00800

## NOTICE

## AS REQUIRED UNDER
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

This notice is being posted as part of the remedy agreed to pursuant to a Conciliation Agreement between the Alabama Janitorial, Inc and the U.S. Equal Employment Opportunity Commission (EEOC).

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over) or disability with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment.

City of Montgomery and Personnel Board support and will comply with such Federal law in all respects and will not take any action against employees because the have exercised their rights under the law.

Specifically, City of Montgomery and Personnel Board will not discriminate against employees in retaliation for giving of testimony or assistance or participating in any manner in any investigation, proceeding or hearing of any laws enforced by the Equal Employment Opportunity Commission.

The City of Montgomery and Personnel Board have an Equal Employment Opportunity policy and will ensure that all supervisory employees and other employees abide by the requirements of that policy.


SIGNED _____ day of _____, 2004




_____
City of Montgomery

_____
City of Montgomery Personnel Board