# WALTER R. BYARS

CITY ATTORNEY
attorney@ci.montgomery.al.us



**KIMBERLY O. FEHL**
ASSISTANT CITY ATTORNEY
kfehl@ci.montgomery.al.us

**WALLACE D. MILLS**
ASSISTANT CITY ATTORNEY
wmills@ci.montgomery.al.us

**CALVIN L. WILLIAMS**
CITY PROSECUTOR
cwilliams@ci.montgomery.al.us

August 9, 2004

*via facsimile and regular mail*
Bernice Williams-Kimbrough, District Director
Equal Employment Opportunity Commission
1130 22nd Street S., Ste 2000
Ridge Park Place
Birmingham, Alabama  35205

    Re:    Charging Party:    Stephanie Smith
           Respondent:    City of Montgomery
           Charge Number:    130-2004-00779

Dear Ms. Kimbrough:

    The City denies that it has discriminated against Ms. Smith on the basis of gender or on any other unlawful basis. Your determination relies on a general statement that was not dated and made by Ms. Smith's supervisor in exasperation. A review of the evidence and testimony presented at the appellate hearings indicated that Ms. Smith had received preferential treatment. While most maintenance employees were terminated on the third dismissal, Ms. Smith was given a fourth chance that has not been available to the other employees.

    Additionally, the City submits that Ms. Smith's claim of alleged discrimination which resulted in her termination is time barred. As Ms. Smith states in her charge, she was recommended for dismissal for sleeping on the job on April 23, 2003. Ms. Smith exercised her due process rights for an appeal and the termination became effective May 23, 2003. In reviewing the timeline in the most liberal terms for filing a charge, the EEOC charge is signed by Ms. Smith on November 21, 2003 (181 days after effective date of termination) and the EEOC date stamp indicates that the charge was received by the EEOC on November 25th (186 days after effective date of termination). Therefore the charge of discrimination was submitted outside of the 180 day requirement for filing a charge of discrimination.

    Ms. Smith did appeal her decision to the City-County of Montgomery Personnel Board. However, the Personnel Board is a separate and distinct entity from the City, and

**DEFENDANT'S EXHIBIT 5**

Letter to Bernice Williams-Kimbrough
August 9, 2004
Page Two

its decisions are made independently of the City. The City-County of Montgomery Personnel Board provides an appeal process much like appellate courts do to trial courts. However, like appellate court reviews do not change the date of a final judgment entered by a trial court, the entry of the date of a decision of the Personnel Board does not change the date that Ms. Smith alleges that the violation occurred which is April 23, 2003 and the effective date of termination as May 23, 2003. Ms. Smith was free to file her charge at any time after April 23, 2003. Ms. Smith was told that she would be recommended for dismissal however she was not barred from filing an action with the EEOC. Ms. Smith could have simultaneously appealed her termination to the Personnel Board and filed her charge with the EEOC. The filing of the charge would not have interfered with Ms. Smith's appeal.

Employees can file a charge for an alleged violation within 180 days of the alleged violation while remaining employed. Based on Ms. Smith's written charge, the alleged violation occurred on April 23, 2003. Her effective date of dismissal from the City of Montgomery was May 23, 2003. The EEOC date stamp is November 25, 2003.

Based on the above, the City of Montgomery respectfully disagrees with your determination. If you have any questions or require additional information, please let me know.

With best regards, I remain

Sincerely yours,

Kimberly O. Fehl

KOF/ms