

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, South, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Our Reference:
Charge No: 130-2004-00779
Stephanie Smith      v.
City of Montgomery

RECEIVED
AUG 26 2004
CITY ATTORNEY'S
OFFICE

Ms. Kimberly O. Fehl,
Assistant City Attorney
103 North Perry Street
P. O. Box 1111
Montgomery, AL 36101-1111

Dear Ms. Fehl:

The Birmingham District Office of the United States Equal Employment Opportunity Commission(EEOC) is in receipt of your letter dated August 9, 2004, regarding the Determination letter dated July 21, 2004, concerning the above styled charge.

In your letter you stated that Ms. Stephanie Smith's (Charging Party) charge of employment discrimination is time barred because the charge was signed by Charging Party on November 21, 2003 (181 days after effective dated of termination) and EEOC date stamp indicates that the charge was received by the EEOC on November 25th (186 days after effective date of termination).

However, evidence reveals that on about June 3, 2003, the Mayor, Bobby N. Bright made a decision to terminate Charging Party based on the recommendation of the Executive Assistant to the Mayor, Larry Armstead. On June 4, 2003, the Personnel Director, Barbara Montoya, approved the Mayor's decision to terminate Charging Party. On about November 10, 2003, or Tuesday, November 11, 2003, the hearing of Charging Party's appeal was held by the Personnel Board. By a letter dated November 12, 2003, the Personnel Director for the City-County of Montgomery informed Charging Party's attorney that the Personnel Board upheld the decision of the City of Montgomery to terminate Charging Party. On November 25, 2003, Charging Party filed her charge herein question; and alleged that the most recent date of discriminatory conduct was November 12, 2003.

DEFENDANT'S EXHIBIT 6

The time for filing an EEOC charge begins to run when the Charging Party receives unequivocal notice of the adverse employment decision. Therefore, Charging Party was actually terminated on June 4, 2003; and that is the date when the time for filing her charge began to run. Since 174 days elapsed between June 4, 2003, and November 25, 2003, Charging Party timely filed her charge with the EEOC.

Further, you have not submitted any new and/or relevant evidence or persuasive argument for reconsideration. Therefore, the EEOC invites you to resolve this matter through our conciliation process as indicated in the Determination letter. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

August 23, 04

Bernice Williams-Kimbrough
District Director