# EXCERPTS FROM THE

# PERSONNEL FILE OF

# STEPHANIE SMITH

DEFENDANT'S
EXHIBIT
9

tabbies



# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT

SOCIAL SECURITY NUMBER 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

### LABOR SERVICE

APPOINTMENT OF CLASSIFIED LABORER

TO:  PERSONNEL DEPARTMENT        FROM: ___Maintenance___
DEPARTMENT

The following person has been appointed:

| NAME | EFFECTIVE DATE | TEMPORARY | PERMANENT |
|------|---------------|-----------|-----------|
| Stephanie R. Nuss | | XXXXXXXXXX | |

Rate of Pay  6.7844 Hr.

Appointed by _____ DATE  MAY 23 1994
Appointing Authority

_____ Date  MAY 20, 1994
Department Head

Funds are Available _____ Date  5 - 20 - 94
Disbursing Officer

Approved _____ Date  MAY 25 1994
Personnel Director

The period of employment of a seasonal or temporary laborer shall not exceed four (4) six (6) consecutive months or six (6) months in any twelve month period. After two (2) months of satisfactory employment, a laborer hired on a permanent basis shall have permanent status in the classified service.

# LETTER OF REPRIMAND

**EMPLOYEE:**   STEPHANIE SMITH                    **POSITION:** LABOR FOREMAN I

**SUPERVISOR:**   BILLY SEXTON                     **DEPT:** MAINTENANCE

**DATE OF REPRIMAND:**        APRIL 23, 2003

**REASON FOR REPRIMAND: (Description of performance or conduct - give specific facts, background information, dates and times)**
You were reprimanded on the above date by your immediate supervisor, Mr. Billy Sexton, Street Construction Supervisor, in the presence of Miss Gail Gipson, Maintenance Superintendent, for sleeping on the job and for taking a long lunch break on April 23, 2003. Your lunch break should be taken from 12:00 noon to 12:30 p.m., which is only 30 minutes. At approximately 12:44 p.m. Mr. Sexton found you asleep in your dump truck at the City Lot. You are a Labor Foreman I and you should be setting a good example for the service maintenance workers that are assigned to you. Instead, you have shown poor leadership. By committing this act, you have violated Section I, Rule 10 of the Maintenance Department Policy Manual as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as workload requires, lunch may be taken any time during the day."

**Employee's response:** You told Mr. Sexton that you were not getting any sleep at night and that he finally had gotten what he wanted. You said you have two employees that would be willing to testify in court that they heard Mr. Sexton say once he gets rid of you, he will never hire another female.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** Due to the above infraction and considering your past record of three suspensions, a recommendation for your dismissal will be made to Mr. James D. Wilder, Maintenance Director.

_Billy Sexton_                                              April 23, 2003
Supervisor                                                        Date

My signature indicates that the above matters were discussed with me       _28th Day of April, 2003_
                                                                            (Month   Day   Year)
and that I received a copy of this form.

_Stephanie Smith_
Employee Signature

**This will certify that** _____ **was offered a copy of this form but refused to**

sign the Letter of Reprimand.

_____
Supervisor Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

.A 30
.0/93

# EMPLOYEE COUNSELING RECORD

**Employee:** Stephanie Nuss                                   **Position:** Equipment Operator

**Supervisor:** Donald Thomas                                 **Dept.:** Maintenance

**Date of Counseling:** February 1, 1996

**Reason for Counseling** (*Description of performance, conduct or commendation – give specific facts, background information, dates and times*):
You were counseled by Doug Jones, Asst. Maint. Director, on the above date in the presence of Donald Thomas, Constr. Foreman III, and Gail Gipson, Maint. Supt., regarding an incident that occurred on January 30, 1996. Donald instructed you haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left the jobsite without permission and went to the City Lot to eat lunch at the office. Counting from the time you left the jobsite, ate lunch and returned back to the jobsite, one (1) hour had passed. By committing this act, you have violated Rules 22 and 14 of the Maintenance Department Rules, Procedures and Information as follows: Rule 22 (in part) – Lunch breaks will not exceed thirty (30) minutes.                    **(CONTINUED ON PAGE TWO)**

**Employee's response:** _____

_____

_____

_____

**If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. Future incidents of this nature will lead to severe disciplinary actions.

_____

_____

_____

_____

*Donald Thomas*                          February 1, 1996
**Supervisor**                                   **Date**

**My signature indicates that the above matters were discussed with me on this** 1st **day of** February ,
19 96 **and that I received a copy of this form.**

                                        X *Stephanie Nuss*
                                              **Employee Signature**

**This will certify that** _____, **as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.**


_____
                                              **Supervisor**

**Attach additional sheets as required**

**PAGE TWO - FORM 30**
**RE: STEPHANIE NUSS**
**FEBRUARY 1, 1996**

Rule 14 - All personnel will remain in their assigned work areas unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation.

# EMPLOYEE COUNSELING RECORD

Employee: __Stephanie Nuss__    Position: __Labor Foreman I__

Supervisor: __Donnie Brantley__    Dept.: __Maintenance__

Date of Counseling: __January 26, 1998__

**Reason for Counseling** *(Description of performance, conduct or commendation – give specific facts, background information, dates and times)*:

You were counseled on the above date by Mr. Douglas Jones, Assistant Maintenance Director, in the presence of Mr. Tom Provitt, Construction Supervisor; Mr. Donnie Brantley, Construction Foreman III and Miss Gail Gipson, Maintenance Superintendent, concerning an incident that occurred on the job on this same date. At approximately 7:40 a.m., we received a telephone call from a private citizen complaining about several City vehicles that were slowing up traffic on N. Decatur Street. Mr. Provitt and Mr. Brantley inspected the area and your vehicle, along with three (3) other Maintenance Department vehicles, was parked at Davis Cafe which is located on N. Decatur Street.    **(CONTINUED ON PAGE TWO)**

**Employee's response:** During the hearing you stated that you had left the City Lot at 7:15 a.m., which put you a little behind schedule.

**If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. Future incidents of this nature will lead to your suspension.

_____    _____
Supervisor                      1/27/98  Date

My signature indicates that the above matters were discussed with me on this 28th day of January, 1998 and that I received a copy of this form.

_____
Stephanie Nuss
Employee Signature

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
Supervisor

Attach additional sheets as required

**PAGE TWO – FORM 30**
**RE: STEPHANIE NUSS**
**JANUARY 26, 1998**

During the hearing, Mr. Jones informed you that we cannot afford to have private citizens calling in with type of complaint. He also stated that if you are on your way to the job site, it would be alright to stop and quickly pick up breakfast, but if you see other City vehicles, do not stop. Davis Café is not located anywhere near your assigned work area and by 7:40 a.m., you should have been at your assigned work area.   By committing this act, you have violated Rule 14 of the Maintenance Department Rules, Procedures and Information as follows:

"All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor.  If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

## EMPLOYEE COUNSELING RECORD

_loyee:__ **STEPHANIE NUSS**  Position: **LABOR FOREMAN I**

_upervisor:_ **BILLY SEXTON**  Dept.: **MAINTENANCE**

_ate_ of Counseling:  **MARCH 23, 1999**

_leason_ for Counseling *(Description of performance, conduct or commendation-give specific facts, background information, _ates_ and times):*

_ou_ were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence _f_ Miss Gail Gipson, Maintenance Superintendent, for abusing your leave time. You've been employed with us for over four (4) _ears_ and you have been off frequently. Mr. Sexton stated that he needed someone he could depend on to drive on a regular basis. _During_ your absences, the dump truck is just parked on the lot which slows down work production.

Employee's response: During the hearing, you stated that you have been off lately because you are having sinus problems. You stated that you cannot drive the dump truck because your equilibrium is off and you don't want to endanger the lives of other people. When asked about your past absences, you said you were off because you didn't have anyone to keep your child when your parents went to the lake.

If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions: Your work attendance must improve immediately within the next three (3) months. If your attendance doesn't improve Mr. Sexton will recommend reassigning someone else to drive the dump truck.

_____  March 26, 1999
       Supervisor                    Date

My signature indicates that the above matters were discussed with me on this __26th__ day of _____ **MARCH** ____.
____1999____ and that I received a copy of this form.

_____
       Employee Signature

This will certify that _____, as indicated above, was offered a copy of
this form but refused to sign the Employee Counseling Record.

_____
                                    Supervisor

Attach additional sheets as required.

## EMPLOYEE COUNSELING RECORD

_yee:_ STEPHANIE SMITH                          Position:  LABOR FOREMAN I

_apervisor:_ BILLY SEXTON                        Dept.:     MAINTENANCE

Date of Counseling:  JUNE 21, 1999

Reason for Counseling (_Description of performance, conduct or commendation-give specific facts, background information, dates and times_):
You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for sleeping on the job on June 21, 1999.  At approximately 11:00 a.m., Mr. Sexton went to the East Montgomery Baseball Complex and he found you asleep in the dump truck along with two (2) laborers that are assigned to you.  This act has shown poor leadership as well as violating Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foreman are responsible for the conduct of men in their working crews."  You stated that you all were taking a lunch break and there was nothing to do because all of the Equipment Operators had gone to lunch.  Mr. Sexton stated that there were tree limbs in the parking lot that you all could have been picking up.

Employee's response: During the hearing, you stated that you were taking a lunch break because the Equipment Operators had gone to lunch.

If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions: Sleeping on the job will not be tolerated by the Maintenance Department.  Due to the seriousness of the above act, and considering your past record, a recommendation for a five (5) day suspension will be made to Mr. James D. Wilder, Maintenance Director.

_____                    June 23, 1999
            Supervisor                                    Date

My signature indicates that the above matters were discussed with me on this    24th    day of _____ JUNE _____
  1999    and that I received a copy of this form.

                                    _____
                                         Employee Signature

This will certify that _____ , as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

                                    _____
                                               Supervisor

Attach additional sheets as required.

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
## RECOMMENDATION FOR PERSONNEL ACTION

Department/Division ___Maintenance_____ 5804_____ Date 6-29-99

Name of Employee ___Stephanie  Smith_____ Effective Date 6-29-99

Social Security # _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____ Classification Labor  Foreman  I ___ Job Code 5040

Item 2 requires the signature of both department heads.
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | | | |
|---|---|---|---|
| 1. Transfer within department ...................... ( ) | 9. Retirement ................................................ ( ) |
| 2. Transfer to another department ................ ( ) | 10. Separation by death ................................. ( ) |
| 3. Demotion ................................................ ( ) | 11. Expiration by Temp. Apt. ......................... ( ) |
| 4. Layoff ..................................................... ( ) | 12. Return LWOP ......................................... ( ) |
| 5. Dismissal ................................................ ( ) | 13. Return from Military Lv .......................... ( ) |
| 6. Leave without Pay .................................... ( ) | 14. Change of Name ................................... ( ) |
| 7. Suspension ........................................... 'XXX) | 15. Change in Salary ................................... ( ) |
| 8. Resignation ............................................. ( ) | 16. |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| Department (Items 1 & 2) | | |
| Classification & Salary (Items 1, 2, 3) | | |
| Dates (Items 6 & 7) | June 29,1999<br>To report back to work on Friday, July 2, 199? | July 1, 1999 |
| Name (Item 14) | | |
| Amount (Item 15) | | |
| Other (Item 16) | | |

If action is Resignation or Layoff, is Reemployment Recommended?   Yes ( )          No ( )

Funds are available _[signature]_____ Date b-30-99
                         Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-expanatory)
   Suspended from Tuesday, June 29, 1999, through Thursday, July 1, 1999.  To report back to work on Friday, July ...

Signed) 1. _[signature]_____ Date JUL 01 1999
                    Appointing Authority

2. _[signature]_____ Date 6/29/99

3. _____ Date _____

4. _____ Date _____
        Personnel Director                       JUL 0 6 1999

300-419

Certified Mail
Return Receipt Requested

Date _____ June 28, 1999

## NOTIFICATION OF SUSPENSION

**STEPHANIE SMITH** _____
              (Employee's Name)

**3780 COOSADA ROAD** _____
              (Street Address)

**MILLBOOK,        ALABAMA            36054**
   (City)              (State)            (Zip)

This is to notify you that as of this date, you are herewith suspended without pay for the period of <u>three (3) working days</u>

from Tuesday, June 29, 1999, through Thursday, July 1 , 1999. You are to report back to work on Friday, July 2, 1999.

The reason(s) for this suspension is (are) *(List all charges - attach additional sheets as required)*:
1. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, Construction Foreman III, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you have violated Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foreman are responsible for the conduct of men in their working crews."

Previous record considered *(List all actions considered - attach additional sheets as required)*:

See Page Two.

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulatioins, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director in Room 224, City Hall.

Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before the Personnel Board.

Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System Law.

_____
James D. Wilder
                    Department Head/Appointing Authority

_____
Employee's Signature of Receipt

                    Maintenance Director
                    _____
                              Title

PAGE TWO – FORM 32
RE: STEPHANIE SMITH
JUNE 28, 1999

## PAST RECORD CONSIDERED

1.  On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down his work production.

2.  On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3.  On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

**CITY OF MONTGOMERY**

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

STEPHANIE SMITH
_____
           (Employee's Name)

3780 COOSADA ROAD
_____
           (Street Address)

MILLBROOK        AL         36054
_____
  (City)         (State)       (Zip)


**Please be advised that a departmental hearing has been scheduled for the**  28th  **day of**  June  ,

1999  **at**  3:15  **o'clock**  p  **.m. at**  the Maintenance Office  **before** Mr. James D. Wilder, Maint. Dir.

**for the purpose of considering disciplinary action against you for the following reasons** (*attach additional sheets as required*).
1.  On June 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, Construction Foreman III, found you and your men asleep in the dump truck at East Montgomery Baseball Complex. By committing this act, you have violated Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."
(CONTINUED ON PAGE TWO)

**You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. Disciplinary actions exceeding suspensions of more than five (5) days require a hearing before the Mayor, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.**

_James D. Wilder_ (signature)
_____
James D. Wilder, Maintenance Director
             **Department Head**

**The above was read in full and a copy offered the employee on the**  24th  **day of**  JUNE  ,
1999  .

**The Employee:**

__✓__  Accepted a copy of same and acknowledged receipt thereof.

_____  Accepted a copy but would not acknowledge receipt.

_____  Refused to accept a copy.

**Signed:**  _Gail J. Lipson_ (signature)

**Witness:**  _Billy Sexton_ (signature)

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_Stephanie Smith_ (signature)
_____
                **Employee**

PAGE TWO – FORM 31
RE: STEPHANIE SMITH
JUNE 24, 1999

## PAST RECORD CONSIDERED

1.   On March 23, 1999, you were counseled for abusing your leave time.  You've been employed with us for over four (4) years and you have been off very frequently.  Mr. Sexton stated that he needed someone to drive on a regular basis.  During your absences, the dump truck is just parked on the lot which slows down his work production.

2.   On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m.  You were parked at Davis Café which is located on N. Decatur Street.  A private citizen called and complained about several City vehicles slowing up traffic.  One of those vehicles was yours.  By committing this act, you violated Departmental Rule 14 as follows:  "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor.  If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3.   On February 1, 1996, you were counseled for leaving your assigned work area and for taking an excessively long lunch break.  You were instructed to haul mud from the ditch on Worley Lane.  At aproximately 11:00 a.m., you left Worley Lane without permission and went to lunch.  You returned an hour later.  By committing these acts, you violated Departmental Rule 14, as stated above and Rule 22, as follows:  "Lunch breaks will not exceed thirty (30) minutes.  Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

# EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH                    **Position:** ~~EQUIPMENT OPERATOR~~ *Labor Foreman I*

**Supervisor:** BILLY SEXTON                     **Dept.:** MAINTENANCE

**Date of Counseling:** JANUARY 3, 2001

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, concerning your inexcusable absence on Wednesday, December 20, 2000. You called the office and stated you could not report to work because you were sick. You had less than forty (40) hours of accumulated sick leave time and you failed to bring a doctor's certificate to cover your absence. By committing this act, you have violated Rule 3 of the Maintenance Department Rules, Procedures and Information as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence." Since you failed to provide a doctor's certificate, you were not paid for the absence.

**Employee's response:** You said you forgot to get a doctor's certificate.

**f corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further nfractions:** This type of behavior will not be tolerated by the Maintenance Department. Any future incident of this nature will ead to severe disciplinary actions.

_____ **Supervisor**          01-03-2001 **Date**

**Iy signature indicates that the above matters were discussed with me on this** _4th_ **day of** JANUARY _2001_ **and that I received a copy of this form.**

_____ **Employee Signature**

**his will certify that** _____ **, as indicated above, was offered a copy of iis form but refused to sign the Employee Counseling Record.**

_____ **Supervisor**

**rtach additional sheets as required.**

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

STEPHANIE SMITH
_____
(Employee's Name)

3780 COOSADA ROAD
_____
(Street Address)

MILLBROOK,          AL          36054
_____
(City)          (State)          (Zip)

Please be advised that a departmental hearing has been scheduled for the __30th__ day of _____April_____,

__2001__ at __3:00__ o'clock __p__ .m. at __the Maintenance Office__ before James D. Wilder, Maint. Director

for the purpose of considering disciplinary action against you for the following reasons _(attach additional sheets as required)_.
On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate . At
approximately 10:35 a.m., your immediate supervisor Mr. Billy Sexton, Construction Foreman III, found you asleep in your
dump truck on Dalraida Road. He instructed you and your crew to clean the school tunnel at Dalraida School.  Instead of
cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton
wake you up. **(CONTINUED ON PAGE TWO)**
**You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may
not be represented by an attorney at the departmental level. Disciplinary actions exceeding suspensions of more
than five (5) days require a hearing before the Mayor, and you will be advised in writing of such hearing if required
at the conclusion of your departmental hearing.**

_____
James D. Wilder, Maintenance Director
**Department Head**

The above was read in full and a copy offered the employee on the __25th__ day of _____April_____,
__2001__ .

**The Employee:**

__✓__          Accepted a copy of same and acknowledged receipt thereof.

_____          Accepted a copy but would not acknowledge receipt.

_____          Refused to accept a copy.

Signed: _____

Witness: _____

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_____
Employee

As a Labor Foreman I, you are expected to supervise the men in your crew and set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

## PAST RECORD CONSIDERED

1. On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

2. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

3. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

4. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

5. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule 14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

# EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH                    **Position:** LABOR FOREMAN I

**Supervisor:** BILLY SEXTON                      **Dept.:** MAINTENANCE

**Date of Counseling:** APRIL 23, 2001

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*
You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for showing poor leadership by sleeping on the job. At approximately 10:35 a.m., on the above date your immediate supervisor, Mr. Sexton found you asleep in your dump truck on Dalraida Road. You and your crew were assigned to clean the school tunnel at Dalraida School. Mr. Sexton said when he first arrived, he found you asleep. He then went to the tunnel and got four (4) other employees to watch him wake you up. They were Mr. Sedrick Cross, Heavy Equipment Operator I; Mr. Roderick Chambers, Laborer; Mr. Mark Singleton, Laborer; and Mr. Marion Richardson, Laborer. When all five (5) of them returned to your dump truck, you were still asleep. Mr. Sexton had to call your name twice before you woke up. As a Labor Foreman I, you are expected to supervise the men on your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is not justifiable to the general public. **(CONTINUED ON PAGE TWO)**

**Employee's response:** You admitted to being asleep as stated above. Normally, you help your crew clean out the tunnels, but for some reason you fell asleep. You said the last thing you remembered which was ten (10) minutes earlier, was talking on the radio to your husband. Then the next thing you remembered was Mr. Sexton calling your name. You said you have no excuse.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. You have been previously suspended for this same infraction. Due to the above incident and considering your past record, a recommendation for a twenty-nine (29) calendar day suspension without pay will be made to Mr. James D. Wilder, Maintenance Director.

_____                    _____
**Supervisor**                                              **Date**

My signature indicates that the above matters were discussed with me on this ____25th____ day of ____April____, ____2001____ and that I received a copy of this form.

_____
**Employee Signature**

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
**Supervisor**

**Attach additional sheets as required.**

**PAGE TWO – FORM 30**
**RE: STEPHANIE SMITH**
**APRIL 23, 2001**


Being that you failed to follow Mr. Sexton's instruction to help clean the school tunnel, you also violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

# MEMORANDUM

TO:          Mr. James D. Wilder
             Director
             Maintenance Department

FROM:        Randy Dixon   *RD*
             Executive Assistant to the Mayor

DATE:        May 2, 2001

RE:          SUSPENSION OF STEPHANIE SMITH


          This office accepts Ms. Stephanie Smith's waiver to her right to appear for a
hearing.

          The Mayor concurs with your decision to suspend Ms. Smith for fourteen (14)
calendar days for reasons stated in your memorandum dated May 1, 2001.

          Please prepare the necessary personnel forms and forward them to this office
for approval. Further insure that all the City personnel rules are followed.

APPROVED:


_Bobby N. Bright_
Bobby N. Bright
Mayor

RED/cs

Certified Mail
Return Receipt Requested

May 2, 2001

Date _____

## NOTIFICATION OF SUSPENSION

Ms. Stephanie Smith
_____
                    (Employee's Name)

3780 Coosada Road
_____
                    (Street Address)

Millbrook,            AL         36054
_____
   (City)              (State)         (Zip)

This is to notify you that as of this date, you are herewith suspended without pay for the period of _____

fourteen (14) calendar days.  (Dates to be determined by Mr. James D. Wilder)
Your suspension will start on Tuesday, May 8, 2001, and end on Monday,
May 21, 2001.  You are to report back to work on Tuesday, May 22, 2001.

The reason(s) for this suspension is (are) *(List all charges – attach additional sheets as required)*:

(1) Sleeping on the job and insubordination.

Previous record considered *(List all actions considered – attach additional sheets as required)*:

As per copy furnished with original charges and specifications.

NOTIFIED BY CERTIFIED MAIL NO. Z 329 797 093 ON MAY 2, 2001.

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director in Room 224, City Hall.

Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before the Personnel Board.

Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System Law.

_____      _____
Signature of Receipt                  Department Head/Appointing Authority

                                      Randy Dixon
                                      Executive Assistant to the Mayor
                                      _____
                                                      Title

# M E M O R A N D U M

**TO:**     Mayor Bobby Bright

**THRU:**   Mr. Randy Dixon, Exec. Asst. to the Mayor

**FROM:**   Mr. James D. Wilder, Maintenance Director

**DATE:**   May 1, 2001

**RE:**     SUSPENSION RECOMMENDATION – STEPHANIE SMITH

Attached is a recommendation for a fourteen (14) calendar day suspension of the above referenced employee of the Maintenance Department.  As you will note, we are having serious personnel problems with Mrs. Smith.  After being served Per. Form 39, a waiver of right to hearing, Mrs. Smith voluntarily waived her right to attend a hearing before the Mayor to contest the charges against her.

Your favorable consideration of this recommendation will be greatly appreciated.

JDW/gg

Attachment

Revised 2/01

Date: **May 1, 2001**

## WAIVER OF RIGHT TO HEARING

After having been served with a statement of charges, I acknowledge that I have a right to a hearing before the Mayor and I hereby waive my right to a hearing before the Mayor to contest the charges against me. I acknowledge that the charges are sustained.

I accept the recommendation of _____James D. Wilder_____ that I be:
                                                    *Maintenance Director*

__X__ Suspended for ___14 *you*___ days *(more than 5 days)* (calendar)

_____ Dismissed

_____ Demoted from _____ to _____

However, I am aware that the recommended punishment is only a <u>recommendation</u> to the Mayor and that the Mayor has the right and discretion to either accept the recommended punishment or set his own punishment, which may be more or less severe than the recommended punishment.

I have been advised that if it is my present intention to appeal to the Personnel Board, the better practice is to first exercise my right to appeal to the Mayor. I understand, however, that my signature on this waiver does not constitute the waiver of whatever, if any, right of appeal I may have to the Personnel Board.

Stephanie Smith *Stephanie Smith*
*Signature of Employee*

*Thomas Prewitt jr.*
*Witness*

## RECOMMENDATION FOR DISCIPLINARY ACTION

Employee: **STEPHANIE SMITH**

Address:    **3780 COOSADA ROAD, MILLBROOK, AL  36054**

Date:        **APRIL 30, 2001**

You are herewith notified that I am recommending that you be:

____X____    Suspended for ____~~29~~ *14*____ days        (calendar)

_____    Dismissed

_____    Demoted from _____ to _____

____X____    The reasons for this recommendation are:
                    *(List all charges - attach additional sheets as required)*

On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate.  At approximately 10:35 a.m., your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, found you asleep in your dump truck on Dalraida Road.  He instructed you and your crew to clean the tunnel at Dalraida School.  Instead of cleaning the tunnel as instructed, you fell asleep in the truck.  Four other employees, including your crew, watched Mr. Sexton wake you up.  (CONTINUED ON PAGE TWO)

____X____    Previous Record Considered
                    *(Chronological list of prior offenses and action taken)*

SEE PAGE TWO

_____    Transcripts of hearing attached

A hearing will be set by the Appointing Authority to consider this recommendation and the charges.  You will be given the opportunity to respond to the recommendation and these charges at this hearing.  You will be notified in writing of the hearing date and your rights at said hearing.

_____
James D. Wilder, Maintenance Director
                    Supervisor/Department Head

I hereby certify that this document was given to the employee or placed in the U. S. mail on:   __4__   __30__   __2001__
                                                                                                                                                    month     day       year

_____
James D. Wilder, Maintenance Director
                    Supervisor/Department Head

_____
                    Witness

Case 2:06-cv-00534-MEF-CSC    Document 9-10    Filed 01/26/2007    Page 25 of 41

As a Labor Foreman I, you are expected to supervise the men in your crew and set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

## PAST RECORD CONSIDERED

1.  On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

2.  On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

3.  On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

4.  On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

5.  On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

Mr. Wilder brought the hearing on April 30, 2001, to a close at approximately 3:25 p.m., to think about Mr. Sexton's recommendation of a twenty-nine (29) calendar day suspension.

On May 1, 2001, Mr. Wilder reconvened the hearing with Mrs. Smith in the presence of Mr. Thomas Provitt, Construction Supervisor, and Miss Gail Gipson. Mr. Wilder changed the recommendation to a fourteen (14) calendar day suspension. Mrs. Smith voluntarily waived her right to attend a hearing before the Mayor to contest the charges against her.

## RECOMMENDATION FOR DISCIPLINARY ACTION

**Employee:** STEPHANIE SMITH

**Address:** 3780 COOSADA ROAD, MILLBROOK, AL 36054

**Date:** NOVEMBER 12, 2002

You are herewith notified that I am recommending that you be:

_____ Suspended for _____ working days

___X___ Dismissed

_____ Demoted from _____ to _____

___X___ The reasons for this recommendation are: *(List all charges - attach additional sheets as required)*

You were counseled on October 31, 2002, for reporting to work late on October 30. 2002. Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m., and Mr. Sexton sent you home without pay. By committing this act you have violated Rule 2 of the Maintenance Department Rules. Procedures and Information as follows: "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift. Anyone reporting to work after his assigned work time must be approved to work by his supervisor." **(CONTINUED ON PAGE TWO)**

___X___ Previous Record Considered *(Chronological list of prior offenses and action taken)*

SEE PAGE TWO.

_____ Transcripts of hearing attached

A hearing will be set by the Appointing Authority to consider this recommendation and the charges. You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

_____
James D. Wilder. Maintenance Director
Supervisor/Department Head

I hereby certify that this document was given to the employee or placed in the U. S. mail on: ____Nov.__ __12.__ __2002__
                                                                                                month     day      year

_____
James D. Wilder. Maintenance Director
Supervisor/Department Head

_____
Witness

## PAST RECORD CONSIDERED

On May 2, 2001, you were suspended for fourteen (14) calendar days, from Tuesday, May 8, 2001, through Monday, May 21, 2001, for the following reasons:

1. On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., Mr. Billy Sexton found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. As a Labor Foreman I, you are expected to supervise the men in your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

2. On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

3. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

4. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

5. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

6. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

# MEMORANDUM

**TO:**       Jim Wilder
            Maintenance Department Director

**FROM:**     Larry Armstead
            Administrative Assistant to the Mayor

**DATE:**     November 26, 2002

**RE:**       SUSPENSION OF STEPHANIE SMITH

It is the Mayor's decision to suspend Ms. Stephanie Smith for thirty (30) calendar days. Please prepare the necessary personnel forms and forward them to this office for approval.

Further insure that all the City personnel rules are followed.

**APPROVED:**


_____
Bobby N. Bright
Mayor

LA/wsf

PER FORM 34
Revised 12/01

## APPOINTING AUTHORITY'S RECORD OF DISCIPLINARY HEARING

Employee: _____ Stephanie Smith _____

Department: _____ Maintenance _____

Department Head: _____ Jim Wilder _____

Date: ___ November 25, 2002 ___    Time: _____ 10:00 a.m. _____

Employee Represented by: _____

Employee's Witnesses:

>  
>  
>  

Employee's Explanations or Defenses *(attach additional sheets as required):*

> The hearing was convened at 10:00 a.m. Ms. Stephanie Smith was present. Also present were Mr. Jim Wilder, Maintenance Department Director; Mr. Billy Sexton, Supervisor; Mr. Larry Armstead, Mayor's office; and Mrs. Wanda Fox, recording secretary. Mr. Armstead stated this hearing was being held to give Ms. Smith an opportunity to defend herself of the charges. He informed Ms. Smith that if she was suspended for 30 days or more or terminated from employment, she had the right to appeal to the City-County Personnel Department. Mr. Wilder read the charges. Ms. Smith stated that the reason she has been late for work off and on was due to problems she was having with her daughter and being unable to leave her unsupervised and having to get her to school. Mr. Wilder and Mr. Sexton both stated Ms. Smith was a good employee and they had tried every way they knew how to help with her situation. Mr. Armstead emphasized the importance in her position of being at work on time. Ms. Smith stated if given the opportunity, she would try her best and remedy the situation she has with her daughter.

Action:

> It is the Mayor's decision that Ms. Stephanie Smith be suspended for thirty (30) calendar days.

Heard before me _____ November 25, 2002 _____

          month       day       year

*[signature: Larry Armstead]*

Appointing Authority

Mr. Larry Armstead, Administrative Assistant to the Mayor

# NOTIFICATION OF SUSPENSION

Employee's Name _____ **Stephanie Smith** _____

Street Address _____ **BY HAND** _____

City/State/Zip _____

This is to notify you that as of this date, you are herewith suspended without pay for the period of **thirty (30) calendar days.** From Thursday, November 28, 2002, through Friday, December 27, 2002. You are to return to work on Monday, December 30, 2002.

The reason(s) for this suspension is (are) (List all charges - attach additional sheets as required):

**unauthorized absence**

Previous record considered (List all actions considered - attach additional sheets as required):

**SERVED BY HAND**

## APPEAL RIGHTS

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be other wise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director, who is located at 520 South Court Street.

Within ten (10) days from the time for filing your answer, if you desire a hearing before the Personnel Board you must file a written request with the Personnel Director.

Consult the Montgomery City-County Personnel Department, 520 South Court Street, relative to any other rights you have under the Merit System Law.

I hereby certify that this document was given to the employee or placed in the United States mail on

_11-27-02_
month/day/year

_Stephanie Smith_
Employee

_Bobby Bright_
Department Head/Appointing Authority

**Mayor**
Title

## NOTIFICATION OF SUSPENSION

Employee's Name _____ **Stephanie Smith** _____

Street Address _____ **BY HAND** _____

City/State/Zip _____

This is to notify you that as of this date, you are herewith suspended without pay for the period of **thirty (30) calendar days.**

The reason(s) for this suspension is (are) (List all charges - attach additional sheets as required):

unauthorized absence

Previous record considered (List all actions considered - attach additional sheets as required):

SERVED BY HAND

### APPEAL RIGHTS

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be other wise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director, who is located at 520 South Court Street.

Within ten (10) days from the time for filing your answer, if you desire a hearing before the Personnel Board you must file a written request with the Personnel Director.

Consult the Montgomery City-County Personnel Department, 520 South Court Street, relative to any other rights you have under the Merit System Law.

I hereby certify that this document was given to the employee or placed in the United States mail on

*11-27-02* _____         *Bobby Bright* _____
month/day/year                                        Department Head Appointing Authority

*Stephanie Smith* _____                   **Mayor**
Employee                                              Title

# RECOMMENDATION FOR PERSONNEL ACTION

| | | | |
|---|---|---|---|
| Department/Division | 5800   Maintenance | Date | 11/27/2002 |
| Name of Employee | Stephanie A. Smith | Effective Date | 11/28/2002 |
| Social Security # | 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    Classification  Labor Foreman I | Job Code | 5040 |

**Item 2 requires the signature of both department heads.**

**Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official.  Items 3, 4, 5, 7 must have copy of letter to employee attached.  Item 8 should have copy of letter of resignation.**

| | | | |
|---|---|---|---|
| 1. Transfer within department .................... ( ) | 9. Retirement ....................................................... ( ) |
| 2. Transfer to another department .............. ( ) | 10. Separation by death ...................................... ( ) |
| 3. Demotion ................................................. ( ) | 11. Expiration by Temporary Appointment................. ( ) |
| 4. Layoff ...................................................... ( ) | 12. Return Leave Without Pay............................... ( ) |
| 5. Dismissal ................................................ ( ) | 13. Return from Military Leave.............................. ( ) |
| 6. Leave without pay ................................... ( ) | 14. Change of Name ........................................... ( ) |
| 7. Suspension ............................................. ( x ) | 15. Change in Salary .......................................... ( ) |
| 8. Resignation ............................................. ( ) | 16. ...................................................................... ( ) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department** (Items 1 & 2) | | |
| **Class. & Salary** (Items 1, 2, 3) | Labor Foreman I<br>5040   S05   Step 5 | |
| **Dates** (Items 6 & 7) | Suspended for thirty calendar days.  From Thursday, November 28, 2002, through Friday, December 27, 2002.  Employee to report back to work on Monday, December 30, 2002. | |
| **Name** (Item 14) | | |
| **Amount** (Item 15) | | |
| **Other** (Item 16) | | |
| **Funds are available**   *E. Cloud Faulkner*  <br>Disbursing Officer | Date **DEC 2 2002** | |

**Explanation and remarks (Give reason for any action which is not self-explanatory)**

| | | |
|---|---|---|
| (Signed) 1. *Bobby N. Bright*  <br>Appointing Authority | Date | DEC - 3 02 |
| 2. *[signature]* | Date | 27-Nov-02 |
| 3. | Date | |
| 4. *Barbara M. Montoya*  <br>Personnel Director | Date | DEC 0 6 2002 |

PER 300-419
04/14/99

# DISCIPLINARY HEARING

**EMPLOYEE:**  Stephanie Smith

**DEPARTMENT:**  Maintenance

**DEPARTMENT HEAD:**  James D. Wilder

**HEARING WITNESS:**  Billy Sexton and Gail Gipson

**DATE:** November 12, & 13, 2002    **TIME:** 3:00 p.m.

**EMPLOYEE REPRESENTED BY:**  Herself

**EMPLOYEE'S WITNESSES:**  None

**EMPLOYEE'S EXPLANATIONS OR DEFENSES:**  She was late reporting to work on October 30, 2002, because she had to stay with her daughter until the school bus arrived. Also, the traffic was unusually heavy that day. She has no one else to rely on to help her.

**ACTION:**  Due to the above infraction and considering her past record of two suspensions, I am recommending dismissal. After being served a waiver of right to hearing, Mrs. Smith wishes to attend the hearing before the Mayor.

**Heard before me:**  _____November 14, 2002_____
                                          **month/day/year**

_____
**Department Head Signature**

5.20.02

# DISCIPLINARY HEARING

**EMPLOYEE:**                 Stephanie Smith

**DEPARTMENT:**              Maintenance

**DEPARTMENT HEAD:**      James D. Wilder

**HEARING WITNESS:**       Billy Sexton and Gail Gipson

**DATE:**  May 8, 2003                    **TIME:**  7:30 a.m.

**EMPLOYEE REPRESENTED BY:**      Herself

**EMPLOYEE'S WITNESSES:**        None

**EMPLOYEE'S EXPLANATIONS OR DEFENSES:**        Mrs. Smith admitted that she was asleep.  She said the men in her crew would return to the truck at 12:30 p.m., but Mr. Sexton would not allow them to.  She said that I had told her she could sleep during her lunch break.  I did in fact tell her she could sleep during her lunch break a while ago when her daughter was first diagnosed with an illness that kept them up all night. I reminded her that since that time Mr. Larry Armstead told her she couldn't ever sleep on the job anymore. I told her Mr. Armstead ranks higher than I do and she has to obey him.  Mrs. Smith agreed that she did remember Mr. Armstead's instructions.

**ACTION:**        I upheld Mr. Sexton's request to recommend Mr. Smith's termination.  After being read a waiver of right to hearing form, Mrs. Smith requested twenty-four hours to make her decision. On May 9, 2003, she informed me that she does not want to waive her right and she wishes to attend the hearing before the Mayor's office.

**Heard before me:**            May 8, 2003
                                **month/day/year**

_____
**Department Head Signature**

## RECOMMENDATION FOR DISCIPLINARY ACTION

**Employee:** STEPHANIE SMITH

**Address:** 3780 COOSADA ROAD, MILLBROOK, AL 36054

**Date:** MAY 8, 2003

You are herewith notified that I am recommending that you be:

_____ Suspended for _____ working days

___X___ Dismissed

_____ Demoted from _____ to _____

The reasons for this recommendation are: *(List all charges - attach additional sheets as required)*

On April 23, 2003, you were reprimanded for sleeping on the job and for taking a long lunch break. Your lunch break should be taken from 12:00 noon to 12:30 p.m., which is 30 minutes. At approximately 12:44 p.m., Mr. Sexton found you asleep in your dump truck at the City Lot. You are a Labor Foreman I and you should be setting a good example for the service maintenance workers that are assigned to you. Instead, you have shown poor leadership. By committing this act, you have violated Section I, Rule 10 of the Maintenance Department Policy Manual as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as workload requires, lunch may be taken any time during the day."

**Previous Record Considered** *(Chronological list of prior offenses and action taken)*
See Page Two.

_____ Transcripts of hearing attached

A hearing will be set by the Appointing Authority to consider this recommendation and the charges. You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

James D. Wilder, Maintenance Director
Supervisor/Department Head

I hereby certify that this document was given to the employee or placed in the U. S. mail on:    May    8,    2003
month    day    year

James D. Wilder, Maintenance Director
Supervisor/Department Head

Witness

## PAST RECORD CONSIDERED

**1. On November 26, 2002, you were suspended for thirty (30) calendar days, from Thursday, November 28, 2002, through Friday, December 27, 2002, for the following reason:**

**A.** On October 31, 2002, you were counseled for reporting to work late on October 30, 2002. Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m., and Mr. Sexton sent you home without pay. By committing this act, you have violated Rule 2 of the Maintenance Department Rules, Procedures and Information as follows: "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift. Anyone reporting to work after his assigned work time must be approved to work by his supervisor."

**2. On May 2, 2001, you were suspended for fourteen (14) calendar days, from Tuesday, May 8, 2001, through Monday, May 21, 2001, for the following reasons:**

**A.** On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., Mr. Billy Sexton found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. As a Labor Foreman I, you are expected to supervise the men in your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

**B.** On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

**3. On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:**

**A.** On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

**B.** On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

**C.** On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

**D.** On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

PER FORM 34
Revised 12.01

## APPOINTING AUTHORITY'S RECORD OF DISCIPLINARY HEARING

Employee: _____ Stephanie Smith _____

Department: _____ Maintenance Department _____

Department Head: _____ James D. Wilder _____

Date: _____ May 21, 2003 _____     Time: _____ 9:30 a.m. _____

Employee Represented by: _____

Employee's Witnesses:

Employee's Explanations or Defenses *(attach additional sheets as required)*:

The hearing was convened at 9:30 a.m. Ms. Stephanie Smith was present. Also present were Mr. Jim Wilder, Maintenance Department Director; Mr. Billy Sexton, Maintenance Supervisor; Mr. Charles Everage, Legal Department; Mr. Larry Armstead, Mayor's Office; and Mrs. Wanda Fox, recording secretary. Mr. Armstead stated this hearing was being held to give Ms. Smith an opportunity to defend herself of the charges. He informed Ms. Smith that if she were suspended for 30 days or more or terminated from employment, she had the right to appeal to the City-County Personnel Department. Ms. Smith stated she did not realize she had fallen asleep and for five years has had a problem sleeping at night. Mr. Jim Wilder stated other than the problem they have with Ms. Smith sleeping on the job, she does a very good job. He stated with her position as a supervisor, this type of behavior cannot be tolerated.

Action:

It is the Mayor's decision to terminate Stephanie Smith from employment with the City of Montgomery.

Heard before me _____ May 21, 2003 _____
                        month        day        year

*(signature)*

Appointing Authority

Mr. Larry Armstead, Executive Assistant to the Mayor

Certified Mail
Return Receipt Requested

Date: __May 23, 2003__

Stephanie Smith
(Employee's Name)

**BY HAND**

(Street Address)

(City, State, Zip)

This is to notify you that as of this date, you are herewith dismissed from employment as a(n)

| Labor Foreman I | | Maintenance |
|---|---|---|
| (Job Title) | | (Department) |

of _____ City of Montgomery _____

(City of Montgomery, Montgomery County, Montgomery Housing Authority, Montgomery Regional Airport Authority)

The reason(s) for this dismissal is (are) *(list all charges - attach additional sheets as required)*:

> Violation of Section I, Rule 10 of the Maintenance Department Policy Manual which reads "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m., however, as workload requires, lunch may be taken any time during the day."

Previous record considered (list all previous actions considered - attach additional sheets as required):

**You are entitled to a hearing before the Personnel Board on the above charges.**

You may answer these charges within three (3) days from the date of receipt of the notification of dismissal/demotion, by responding in writing to your department head and providing a copy to the Personnel Director, who is located at 520 South Court Street.

You may be represented by legal counsel at this hearing if you desire and you shall have the right to answer these charges and to present any statements, witnesses, evidence in your behalf and to cross-examine any other witnesses presented.

Consult the Montgomery City-County Personnel Department, 520 South Court Street, relative to any other rights you have under the Merit System Law.

I hereby certify that this document was given to the employee or placed in the United States mail on

| 5 | / | 23 | / | 07 | |
|---|---|---|---|---|---|
| (month | | day | | year) | |

_____
Appointing Authority

_____
Employee

_____
Mayor
Title