**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| STEPHANIE SMITH, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *    CASE NO.: 2:06 CV59-C |
| | * |
| CITY OF MONTGOMERY, | * |
| | * |
|     Defendant. | * |

### CERTIFICATE OF AUTHENTICITY

I hereby certify that the attached is a true and complete copy of the Personnel Records

pertaining to Stephanie Smith, DOB: <u>02/16/67</u> kept in the offices of the Montgomery

City/County Personnel Department in my custody, that I am the custodian and keeper of said

records.

I further certify that said records were made and kept in the ordinary course of business at

the time of the activity to which they refer or within a reasonable time thereafter, and that it was

in the regular course of business for such records to be made at the time of the events,

transactions or occurrences to which they refer, or within a reasonable time thereafter.

Signed this the _16th_ day of _January_, 2007.

_____
CUSTODIAN OF RECORDS

SUBSCRIBED AND SWORN TO before me on this the _16th_ day of _January_,

2007.

_____
NOTARY PUBLIC

DEFENDANT'S
EXHIBIT
_13_

# PERSONNEL DEPARTMENT
## RECOMMENDATION FOR PERSONNEL ACTION

| | | |
|---|---|---|
| **Department/Division** | 5800   Maintenance | **Date** 27-May-03 |
| **Name of Employee** | Stephanie R Smith | **Effective Date** 23-May-03 |
| **Social Security #** | 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   **Classification** Labor Foreman I | **Job Code** 5040 |

JUN04'03 10:15 RCVD

Item 2 requires the signature of both department heads.

Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

1. Transfer within department ...................... (   )
2. Transfer to another department .............. (   )
3. Demotion .................................................. (   )
4. Layoff ...................................................... (   )
5. Dismissal ................................................ ( X )
6. Leave without pay ................................... (   )
7. Suspension ............................................. (   )
8. Resignation ............................................. (   )

9. Retirement ........................................................... (   )
10. Separation by death ........................................... (   )
11. Expiration by Temporary Appointment................... (   )
12. Return Leave Without Pay.................................... (   )
13. Return from Military Leave.................................... (   )
14. Change of Name ................................................ (   )
15. Change in Salary ............................................... (   )
16.

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department** (Items 1 & 2) | | |
| **Class. & Salary** (Items 1, 2, 3) | | |
| **Dates** (Items 6 & 7) | | |
| **Name** (Item 14) | | |
| **Amount** (Item 15) | Pay out as follows:   Annual | 48.8 |
| | Sick | 8.4 |
| | Compensatory | 0.4 |
| | TOTAL | 57.6 |
| **Other** (Item 16) | | |

**Funds are available** _E. Lloyd Mullpin_   **Date** 6-2-03
Disbursing Officer

**Explanation and remarks (Give reason for any action which is not self-explanatory)**

Terminated due to Mayor's decision.

(Signed) 1. _Bobby N. Bright_   **Date** JUN - 3 2003
Appointing Authority

2. _[signature]_   **Date** 27-May-03

3. _Barbara M. Montez_   **Date** JUN 04 2003

4. _____   **Date** ........
Personnel Director



PER 300-419
4/14/99

# MEMORANDUM

TO:      James D. Wilder
            Maintenance Department Director

FROM:    Larry Armstead
            Executive Assistant to the Mayor

DATE:    May 23, 2003

RE:      TERMINATION OF STEPHANIE SMITH

It is the Mayor's decision to terminate Stephanie Smith for reasons stated in your recommendation dated May 8, 2003. Please prepare the necessary personnel forms and forward to this office for approval. Further insure that all of the City personnel rules are followed.

APPROVED:

Bobby N. Bright
Mayor

5/23/03

LA/wsf

PER FORM 34
Revised 12.01

## APPOINTING AUTHORITY'S RECORD OF DISCIPLINARY HEARING

Employee: _____ Stephanie Smith _____

Department: _____ Maintenance Department _____

Department Head: _____ James D. Wilder _____

Date: _____ May 21, 2003 _____      Time: _____ 9:30 a.m. _____

Employee Represented by: _____

Employee's Witnesses:

Employee's Explanations or Defenses *(attach additional sheets as required)*:

The hearing was convened at 9:30 a.m. Ms. Stephanie Smith was present. Also present were Mr. Jim Wilder, Maintenance Department Director; Mr. Billy Sexton, Maintenance Supervisor; Mr. Charles Everage, Legal Department; Mr. Larry Armstead, Mayor's Office; and Mrs. Wanda Fox, recording secretary. Mr. Armstead stated this hearing was being held to give Ms. Smith an opportunity to defend herself of the charges. He informed Ms. Smith that if she were suspended for 30 days or more or terminated from employment, she had the right to appeal to the City-County Personnel Department. Ms. Smith stated she did not realize she had fallen asleep and for five years has had a problem sleeping at night. Mr. Jim Wilder stated other than the problem they have with Ms. Smith sleeping on the job, she does a very good job. He stated with her position as a supervisor, this type of behavior cannot be tolerated.

Action:

It is the Mayor's decision to terminate Stephanie Smith from employment with the City of Montgomery.

Heard before me _____ May 21, 2003 _____
         month       day       year

_____
Appointing Authority
Mr. Larry Armstead, Executive Assistant to the Mayor

# NOTIFICATION OF DISMISSAL

Certified Mail
Return Receipt Requested

Date: __May 23, 2003__

**Stephanie Smith**
(Employee's Name)

**BY HAND**
(Street Address)

(City, State, Zip)

This is to notify you that as of this date, you are herewith dismissed from employment as a(n)

| | |
|---|---|
| **Labor Foreman I** | **Maintenance** |
| (Job Title) | (Department) |

of   **City of Montgomery**

(City of Montgomery, Montgomery County, Montgomery Housing Authority, Montgomery Regional Airport Authority)

The reason(s) for this dismissal is (are) *(list all charges - attach additional sheets as required)*:

> **Violation of Section I, Rule 10 of the Maintenance Department Policy Manual which reads "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m., however, as workload requires, lunch may be taken any time during the day."**

Previous record considered (list all previous actions considered - attach additional sheets as required):

**You are entitled to a hearing before the Personnel Board on the above charges.**

You may answer these charges within three (3) days from the date of receipt of the notification of dismissal/demotion, by responding in writing to your department head and providing a copy to the Personnel Director, who is located at 520 South Court Street.

You may be represented by legal counsel at this hearing if you desire and you shall have the right to answer these charges and to present any statements, witnesses, evidence in your behalf and to cross-examine any other witnesses presented.

Consult the Montgomery City-County Personnel Department, 520 South Court Street, relative to any other rights you have under the Merit System Law.

I hereby certify that this document was given to the employee or placed in the United States mail on

| | | | |
|---|---|---|---|
| __5__ / | __23__ / | __03__ | |
| (month | day | year) | |
| | | | *(signature)* |
| | | | Appointing Authority |
| Employee | | | Mayor |
| | | | Title |

5.20.02

# DISCIPLINARY HEARING

**EMPLOYEE:**  Stephanie Smith

**DEPARTMENT:**  Maintenance

**DEPARTMENT HEAD:**  James D. Wilder

**HEARING WITNESS:**  Billy Sexton and Gail Gipson

**DATE:**  May 8, 2003                    **TIME:**  7:30 a.m.

**EMPLOYEE REPRESENTED BY:**  Herself

**EMPLOYEE'S WITNESSES:**  None

**EMPLOYEE'S EXPLANATIONS OR DEFENSES:**  Mrs. Smith admitted that she was asleep. She said the men in her crew would return to the truck at 12:30 p.m., but Mr. Sexton would not allow them to. She said that I had told her she could sleep during her lunch break. I did in fact tell her she could sleep during her lunch break a while ago when her daughter was first diagnosed with an illness that kept them up all night. I reminded her that since that time Mr. Larry Armstead told her she couldn't ever sleep on the job anymore. I told her Mr. Armstead ranks higher than I do and she has to obey him. Mrs. Smith agreed that she did remember Mr. Armstead's instructions.

**ACTION:**  I upheld Mr. Sexton's request to recommend Mr. Smith's termination. After being read a waiver of right to hearing form, Mrs. Smith requested twenty-four hours to make her decision. On May 9, 2003, she informed me that she does not want to waive her right and she wishes to attend the hearing before the Mayor's office.

**Heard before me:**                    May 8, 2003
                                        **month/day/year**


_____
        **Department Head Signature**

# RECOMMENDATION FOR DISCIPLINARY ACTION

**Employee:** STEPHANIE SMITH

**Address:**    3780 COOSADA ROAD, MILLBROOK, AL 36054

**Date:**    MAY 8, 2003

You are herewith notified that I am recommending that you be:

_____ **Suspended for** _____ **working days**

____X____ **Dismissed**

_____ **Demoted from** _____ to _____

**The reasons for this recommendation are:** *(List all charges - attach additional sheets as required)*

On April 23, 2003, you were reprimanded for sleeping on the job and for taking a long lunch break. Your lunch break should be taken from 12:00 noon to 12:30 p.m., which is 30 minutes. At approximately 12:44 p.m., Mr. Sexton found you asleep in your dump truck at the City Lot. You are a Labor Foreman I and you should be setting a good example for the service maintenance workers that are assigned to you. Instead, you have shown poor leadership. By committing this act, you have violated Section I, Rule 10 of the Maintenance Department Policy Manual as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as workload requires, lunch may be taken any time during the day."

**Previous Record Considered** *(Chronological list of prior offenses and action taken)*
See Page Two.

_____ **Transcripts of hearing attached**

A hearing will be set by the Appointing Authority to consider this recommendation and the charges. You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

James D. Wilder, Maintenance Director
Supervisor/Department Head

I hereby certify that this document was given to the employee or placed in the U. S. mail on:    May    8,    2003
month    day    year

James D. Wilder, Maintenance Director
Supervisor/Department Head

Witness

## PAST RECORD CONSIDERED

**1. On November 26, 2002, you were suspended for thirty (30) calendar days, from Thursday, November 28, 2002, through Friday, December 27, 2002, for the following reason:**

**A.** On October 31, 2002, you were counseled for reporting to work late on October 30, 2002. Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m., and Mr. Sexton sent you home without pay. By committing this act, you have violated Rule 2 of the Maintenance Department Rules, Procedures and Information as follows: "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift. Anyone reporting to work after his assigned work time must be approved to work by his supervisor."

**2. On May 2, 2001, you were suspended for fourteen (14) calendar days, from Tuesday, May 8, 2001, through Monday, May 21, 2001, for the following reasons:**

**A.** On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., Mr. Billy Sexton found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. As a Labor Foreman I, you are expected to supervise the men in your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

**B.** On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

**3. On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:**

**A.** On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

**B.** On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

**C.** On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

**D.** On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule 14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

# CITY OF MONTGOMERY
## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

**STEPHANIE SMITH**
_____
                    (Employee's Name)

**3780 COOSADA ROAD**
_____
                    (Street Address)

**MILLBROOK,**          **AL**          36054
_____
  (City)              (State)          (Zip)

Please be advised that a departmental hearing has been scheduled for the ___1st___ day of _____May_____

__2003__ at ___7:30___ o'clock __a__ .m. at ____the Maintenance Office____ before Mr. James D. Wilder, Maint. Dir.,

for the purpose of considering disciplinary action against you for the following reasons *(attach additional sheets as required)*. On April 23, 2003, you were reprimanded for sleeping on the job and for taking a long lunch break. Your lunch break should be taken from 12:00 noon to 12:30 p.m., which is 30 minutes. At approximately 12:44 p.m., Mr. Sexton found you asleep in your dump truck at the City Lot. You are a Labor Foreman I and you should be setting a good example for the service maintenance workers that are assigned to you. Instead, you have shown poor leadership. By committing this act, you have violated Section I, Rule 10 of the Maintenance Department Policy Manual as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as workload requires, lunch may be taken any time during the day."

You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. You are entitled to a hearing which may be waived, before the appointing authority or designee before any disciplinary action becomes final, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.

_____
                 Department Head

I hereby certify that this document was given to the employee or placed in the United States mail on

__April__        __28__        __2003__
 Month           Day           Year

Signed: _____

Witness: _____

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_____
                  Employee

### PAST RECORD CONSIDERED

**1. On November 26, 2002, you were suspended for thirty (30) calendar days, from Thursday, November 28, 2002, through Friday, December 27, 2002, for the following reason:**

**A.** On October 31, 2002, you were counseled for reporting to work late on October 30, 2002. Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m., and Mr. Sexton sent you home without pay. By committing this act, you have violated Rule 2 of the Maintenance Department Rules, Procedures and Information as follows: "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift. Anyone reporting to work after his assigned work time must be approved to work by his supervisor."

**2. On May 2, 2001, you were suspended for fourteen (14) calendar days, from Tuesday, May 8, 2001, through Monday, May 21, 2001, for the following reasons:**

**A.** On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., Mr. Billy Sexton found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. As a Labor Foreman I, you are expected to supervise the men in your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

**B.** On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

**3. On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:**

**A.** On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

**B.** On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

**C.** On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

**D.** On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

# LETTER OF REPRIMAND

**EMPLOYEE:** ___STEPHANIE SMITH___   **POSITION:** ___LABOR FOREMAN I___

**SUPERVISOR:** ___BILLY SEXTON___   **DEPT:** ___MAINTENANCE___

**DATE OF REPRIMAND:** ___APRIL 23, 2003___

**REASON FOR REPRIMAND:** (Description of performance or conduct - give specific facts, background information, dates and times)
You were reprimanded on the above date by your immediate supervisor, Mr. Billy Sexton, Street Construction Supervisor, in the presence of Miss Gail Gipson, Maintenance Superintendent, for sleeping on the job and for taking a long lunch break on April 23, 2003. Your lunch break should be taken from 12:00 noon to 12:30 p.m., which is only 30 minutes. At approximately 12:44 p.m. Mr. Sexton found you asleep in your dump truck at the City Lot. You are a Labor Foreman and you should be setting a good example for the service maintenance workers that are assigned to you. Instead, you have shown poor leadership. By committing this act, you have violated Section I, Rule 10 of the Maintenance Department Policy Manual as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as workload requires, lunch may be taken any time during the day."

**Employee's response:** You told Mr. Sexton that you were not getting any sleep at night and that he finally had gotten what he wanted. You said you have two employees that would be willing to testify in court that they heard Mr. Sexton say once he gets rid of you, he will never hire another female.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** Due to the above infraction and considering your past record of three suspensions, a recommendation for your dismissal will be made to Mr. James D. Wilder, Maintenance Director.

_____
          Supervisor

April 23, 2003
          Date

**My signature indicates that the above matters were discussed with me and that I received a copy of this form.**

_28th_ Day of _April_, 2__
          (Month    Day    Year)

_____
          Employee Signature

**This will certify that** _____ **was offered a copy of this form but refused to sign the Letter of Reprimand.**

_____
          Supervisor Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

# RECOMMENDATION FOR PERSONNEL ACTION

| | | | |
|---|---|---|---|
| **Department/Division** | 5800   Maintenance | **Date** | . 11/27/2002 |
| **Name of Employee** | Stephanie A. Smith | **Effective Date** | 11/28/2002 |
| **Social Security #** | . 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    **Classification** Labor Foreman I | **Job Code** | 5040 |

**Item 2 requires the signature of both department heads.**

**Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.**

| | | | |
|---|---|---|---|
| 1. Transfer within department ....................... ( ) | 9. Retirement ................................................................. ( ) |
| 2. Transfer to another department ............... ( ) | 10. Separation by death .................................................. ( ) |
| 3. Demotion .................................................. ( ) | 11. Expiration by Temporary Appointment.................... ( ) |
| 4. Layoff ....................................................... ( ) | 12. Return Leave Without Pay ...................................... ( ) |
| 5. Dismissal ................................................. ( ) | 13. Return from Military Leave........................................ ( ) |
| 6. Leave without pay .................................... ( ) | 14. Change of Name ....................................................... ( ) |
| 7. Suspension ............................................. ( x ) | 15. Change in Salary ...................................................... ( ) |
| 8. Resignation ............................................. ( ) | 16. ( ) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department** (Items 1 & 2) | | |
| **Class. & Salary** (Items 1, 2, 3) | Labor Foreman I 5040    S05    Step 5 | |
| **Dates** (Items 6 & 7) | Suspended for thirty calendar days. From Thursday, November 28, 2002, through Friday, December 27, 2002. Employee to report back to work on Monday, December 30, 2002. | |
| **Name** (Item 14) | | |
| **Amount** (Item 15) | | |
| **Other** (Item 16) | | |

**Funds are available**    _E. Lloyd Faulk_
Disbursing Officer

**Date**  DEC 2 2002

---

**Explanation and remarks (Give reason for any action which is not self-explanatory)**

| | | |
|---|---|---|
| (Signed) 1. _Bobby N. Bright_ Appointing Authority | **Date** | DEC - 3 2002 |
| 2. _____ | **Date** | 27-Nov-02 |
| 3. _____ | **Date** | |
| 4. _Barbara M. Montaye_ Personnel Director | **Date** | DEC 06 2002 |

PER 300-419
04/14/99

**FORM 100**

## CITY PAYROLL DEPARTMENT

SUBMIT IN TRIPLICATE WITH FORM 10

### Section A

Dept. Div. Number **5800** Employee's Name **Stephanie A. Smith**

First M.I. Last

Effective Date **11/28/2002** Social Security Number **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**

MO/DA/YR

CURRENT CLASSIFICATION & SALARY ITEMS 1, 2, & 3    **5040**    **S05**    **5**

JOB CODE    PAY RANGE    STEP

ITEMS 3, 16, ON FORM 10, PROMOTION ON FORM 5)    NEW PAYROLL DEPT #

IF APPLICABLE
REVIEW DATE
FOR NEXT
INCREASE

NEW JOB CODE    NEW PAY RANGE    NEW STEP

MO/DA/YR

ITEM 15 NEW HOURLY RATE.

IF ACTION INVOLVES A PAY OUT ON PAYROLL, WAS EMPLOYEE ADVANCED WORK TIME ON BI-WKLY 4/15/83
WEEKLY PAYROLL 4-8-83 OR BI-WEEKLY/WEEKLY 1985?

YES NO

IF YES  HOW MANY HOURS WERE ADVANCED·    :1983)      HOURS
     (1985)      HOURS
     TOTAL      0 HOURS

AFTER TIME USED ON FINAL TIME SHEET. PAY REMAINING LEAVE BALANCES AS FOLLOWS.
ANNUAL LEAVE HOURS·
SICK LEAVE HOURS:      (1/2 Accrued)
COMPENSATORY HOURS
PERSONAL LEAVE HOURS.      LAST DAY IN PAY STATUS:
TOTAL LEAVE HOURS·      0

### Section B    SUBMIT IN TRIPLICATE WITH FORMS 3, 5, 8 & 9, 40 OR RE-EMPLOYMENT FORM 10

DEPARTMENT/DIVISION NUMBER:    VERIFIED SOCIAL SECURITY NUMBER:
THE FOLLOWING PERSON HAS BEEN APPOINTED: TEMPORARY:    PERMANENT:
NAME:    EFFECTIVE DATE.

First M.I. Last    MO/DA/YR

STREET ADDRESS    CITY    STATE    ZIP    PHONE

RACE    SEX    MARITAL STATUS    NO. OF DEPENDENTS    BIRTHDAY

HOURLY RATE    JOB CODE:    PAY RANGE:    STEP:    REVIEW DATE.

PAID:    WILL ACCRUE LEAVE:    WILL PAY RETIREMENT
   WEEKLY    YES    YES
   BI-WEEKLY    NO    NO

SCHEDULED HOURS PER PAY PERIOD:    NON-SCHEDULED, PAID HOURS WORKED ONLY:

WAS EMPLOYEE PREVIOUSLY EMPLOYED BY THE CITY OF MONTGOMERY?

YES NO

IF YES:    WAS PAID:    PREVIOUS SERVICE DATES:
   DEPARTMENT    DATE TERMINATED    WEEKLY
   BI-WEEKLY    MONTH/DAY/YEAR

REMARKS:

Suspended for thirty calendar days.  From Thursday, November 28, 2002, through Friday, December 27, 2002.  Employee to report back to work on Monday, December 30, 2002.

Return Receipt Requested

Date: November 26, 2002

# NOTIFICATION OF SUSPENSION

Employee's Name _____ **Stephanie Smith** _____

Street Address _____ **BY HAND** _____

City/State/Zip _____

This is to notify you that as of this date, you are herewith suspended without pay for the period of thirty (30) calendar days.

The reason(s) for this suspension is (are) (List all charges - attach additional sheets as required):

unauthorized absence

Previous record considered (List all actions considered - attach additional sheets as required):

SERVED BY HAND

## APPEAL RIGHTS

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be other wise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director, who is located at 520 South Court Street.

Within ten (10) days from the time for filing your answer, if you desire a hearing before the Personnel Board you must file a written request with the Personnel Director.

Consult the Montgomery City-County Personnel Department, 520 South Court Street, relative to any other rights you have under the Merit System Law.

I hereby certify that this document was given to the employee or placed in the United States mail on

11-27-02
_____
month/day/year

_Stephanie Smith_
_____
Employee

_[signature]_
_____
Department Head/Appointing Authority

**Mayor**
_____
Title

# DISCIPLINARY HEARING

**EMPLOYEE:** Stephanie Smith

**DEPARTMENT:** Maintenance

**DEPARTMENT HEAD:** James D. Wilder

**HEARING WITNESS:** Billy Sexton and Gail Gipson

**DATE:** November 12. & 13. 2002          **TIME:** 3:00 p.m.

**EMPLOYEE REPRESENTED BY:** Herself

**EMPLOYEE'S WITNESSES:** None

**EMPLOYEE'S EXPLANATIONS OR DEFENSES:** She was late reporting to work on October 30, 2002, because she had to stay with her daughter until the school bus arrived. Also, the traffic was unusually heavy that day. She has no one else to rely on to help her.

**ACTION:** Due to the above infraction and considering her past record of two suspensions. I am recommending dismissal. After being served a waiver of right to hearing, Mrs. Smith wishes to attend the hearing before the Mayor.

**Heard before me:**          November 14. 2002
                              **month/day/year**

_[signature]_
**Department Head Signature**

# MEMORANDUM

**TO:**        Jim Wilder
              Maintenance Department Director

**FROM:**      Larry Armstead
              Administrative Assistant to the Mayor

**DATE:**      November 26, 2002

**RE:**        SUSPENSION OF STEPHANIE SMITH

It is the Mayor's decision to suspend Ms. Stephanie Smith for thirty (30) calendar days. Please prepare the necessary personnel forms and forward them to this office for approval.

Further insure that all the City personnel rules are followed.

**APPROVED:**

Bobby N. Bright
Mayor

LA/wsf

## RECOMMENDATION FOR DISCIPLINARY ACTION

**Employee:**  STEPHANIE SMITH

**Address:**  3780 COOSADA ROAD, MILLBROOK, AL 36054

**Date:**  NOVEMBER 12, 2002

You are herewith notified that I am recommending that you be:

_____  Suspended for _____ working days

___X___  Dismissed

_____  Demoted from _____ to _____

___X___  The reasons for this recommendation are: *(List all charges - attach additional sheets as required)*

You were counseled on October 31, 2002, for reporting to work late on October 30, 2002. Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m., and Mr. Sexton sent you home without pay. By committing this act you have violated Rule 2 of the Maintenance Department Rules, Procedures and Information as follows: "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift. Anyone reporting to work after his assigned work time must be approved to work by his supervisor." **(CONTINUED ON PAGE TWO)**

___X___  Previous Record Considered *(Chronological list of prior offenses and action taken)*

**SEE PAGE TWO.**

_____  Transcripts of hearing attached

A hearing will be set by the Appointing Authority to consider this recommendation and the charges. You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

James D. Wilder, Maintenance Director
Supervisor/Department Head

hereby certify that this document was given to the employee or placed in the U. S. mail on:    Nov.    12,    2002

James D. Wilder, Maintenance Director
Supervisor/Department Head

| month | day | year |

Witness

## PAST RECORD CONSIDERED

On May 2, 2001, you were suspended for fourteen (14) calendar days, from Tuesday, May 8, 2001, through Monday, May 21, 2001, for the following reasons:

1. On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., Mr. Billy Sexton found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. As a Labor Foreman I, you are expected to supervise the men in your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

2. On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

3. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

4. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

5. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

Case 2:06-cv-00259-MEF-CSC    Document 9-14    Filed 01/26/2007    Page 21 of 146

6. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

**STEPHANIE SMITH**
_____
(Employee's Name)

**3780 COOSADA ROAD**
_____
(Street Address)

**MILLBROOK,**           **AL**           **36054**
_____     _____     _____
(City)                    (State)                    (Zip)

Please be advised that a departmental hearing has been scheduled for the ___12th___ day of ___November___

___2002___ at ___7:30___ o'clock ___a___.m. at ___the Maintenance Office___ before ___James D. Wilder, Maint. Director,___

for the purpose of considering disciplinary action against you for the following reasons *(attach additional sheets as required)*.

You were counseled on October 31, 2002, for reporting to work late on October 30, 2002. Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m., and Mr. Sexton sent you home without pay. By committing this act you have violated Rule 2 of the Maintenance Department Rules, Procedures and Information as follows: "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift. Anyone reporting to work after his assigned work time must be approved to work by his supervisor." **(CONTINUED ON PAGE TWO)**

You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. You are entitled to a hearing which may be waived, before the appointing authority or designee before any disciplinary action becomes final, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.

_____
Department Head

hereby certify that this document was given to the employee or placed in the United States mail on

| Nov. | 5, | 2002 |
|-------|--------|--------|
| Month | Day | Year |

gned: _____

itness: _____

hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_____
Employee

## PAST RECORD CONSIDERED

On May 2, 2001, you were suspended for fourteen (14) calendar days, from Tuesday, May 8, 2001, through Monday, May 21, 2001, for the following reasons:

1. On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., Mr. Billy Sexton found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. As a Labor Foreman I, you are expected to supervise the men in your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

2. On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

3. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

4. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

5. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

6. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

# EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH                           **Position:** LABOR FOREMAN I

**Supervisor:** BILLY SEXTON                          **Dept.:** MAINTENANCE

**Date of Counseling:** OCTOBER 31, 2002

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*
You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Street Construction Supervisor, in the presence of Miss Gail Gipson, Maintenance Superintendent, for reporting to work late on October 30, 2002. Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m., and Mr. Sexton sent you home without pay. By committing this act, you have violated Rule 2 of the Maintenance Department Rules, Procedures and Information as follows: "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift. Anyone reporting to work after his assigned work time must be approved to work by his supervisor."

**Employee's response:** You said you were late because you got caught up in traffic. The traffic was heavier than normal.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** Due to the above infraction and considering your past record, a recommendation for your dismissal will be made to Mr. James D. Wilder, Maintenance Director.

_____          11-5-02
**Supervisor**                              **Date**

My signature indicates that the above matters were discussed with me on this  5th  day of _____November_____
_____2002_____ and that I received a copy of this form.

*Stephanie Smith*
**Employee Signature**

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
**Supervisor**

Attach additional sheets as required.

# MEMORANDUM

TO:       Mr. James D. Wilder
             Director
             Maintenance Department

FROM:    Randy Dixon *RCD*
             Executive Assistant to the Mayor

DATE:    May 2, 2001

RE:       SUSPENSION OF STEPHANIE SMITH

This office accepts Ms. Stephanie Smith's waiver to her right to appear for a hearing.

The Mayor concurs with your decision to suspend Ms. Smith for fourteen (14) calendar days for reasons stated in your memorandum dated May 1, 2001.

Please prepare the necessary personnel forms and forward them to this office for approval. Further insure that all the City personnel rules are followed.

APPROVED:

Bobby N. Bright
Mayor

RED cs

Certified Mail
Return Receipt Requested

May 2, 2001

Date _____

# NOTIFICATION OF SUSPENSION

Ms. Stephanie Smith
_____
                (Employee's Name)

3780 Coosada Road
_____
                (Street Address)

Millbrook.            AL          36054
_____
(City)                  (State)              (Zip)

This is to notify you that as of this date, you are herewith suspended without pay for the period of _____
____fourteen (14) calendar days.  (Dates to be determined by Mr. James D. Wilder)
Your suspension will start on Tuesday, May 8, 2001, and end on Monday,
May 21, 2001.   You are to report back to work on Tuesday, May 22, 2001.
_____

The reason(s) for this suspension is (are) *(List all charges – attach additional sheets as required)*:

  (1) Sleeping on the job and insubordination.

Previous record considered *(List all actions considered – attach additional sheets as required)*:

  As per copy furnished with original charges and specifications.

## NOTIFIED BY CERTIFIED MAIL NO. Z 329 797 093 ON MAY 2, 2001.

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director in Room 224, City Hall.

Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before the Personnel Board.

Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System Law.

*Stephanie Smith*
_____
Signature of Receipt

*Randy Dixon*
_____
Department Head/Appointing Authority

Randy Dixon
Executive Assistant to the Mayor
_____
                Title

# MEMORANDUM

**TO:**        Mayor Bobby Bright

**THRU:**      Mr. Randy Dixon, Exec. Asst. to the Mayor

**FROM:**      Mr. James D. Wilder, Maintenance Director

**DATE:**      May 1, 2001

**RE:**        SUSPENSION RECOMMENDATION – STEPHANIE SMITH

Attached is a recommendation for a fourteen (14) calendar day suspension of the above referenced employee of the Maintenance Department. As you will note, we are having serious personnel problems with Mrs. Smith. After being served Per. Form 39, a waiver of right to hearing, Mrs. Smith voluntarily waived her right to attend a hearing before the Mayor to contest the charges against her.

Your favorable consideration of this recommendation will be greatly appreciated.

JDW/gg

Attachment

Date: **May 1, 2001**

# WAIVER OF RIGHT TO HEARING

After having been served with a statement of charges, I acknowledge that I have a right to a hearing before the Mayor and I hereby waive my right to a hearing before the Mayor to contest the charges against me. I acknowledge that the charges are sustained.

I accept the recommendation of _____James D. Wilder_____ that I be:

*Maintenance Director*

__X__  Suspended for ___14 *jow*___ days *(more than 5 days)* (calendar)

_____ Dismissed

_____ Demoted from _____ to _____

However, I am aware that the recommended punishment is only a <u>recommendation</u> to the Mayor and that the Mayor has the right and discretion to either accept the recommended punishment or set his own punishment, which may be more or less severe than the recommended punishment.

I have been advised that if it is my present intention to appeal to the Personnel Board, the better practice is to first exercise my right to appeal to the Mayor. I understand, however, that my signature on this waiver does not constitute the waiver of whatever, if any, right of appeal I may have to the Personnel Board.

**Stephanie Smith** *Stephanie Smith*
*Signature of Employee*

*Thomas Prewitt jr*
*Witness*

# RECOMMENDATION FOR DISCIPLINARY ACTION

**Employee:** STEPHANIE SMITH

**Address:** 3780 COOSADA ROAD, MILLBROOK, AL 36054

**Date:** APRIL 30, 2001

You are herewith notified that I am recommending that you be:

____X____ Suspended for ~~25~~ *14 Jan* days     (calendar)

_____ Dismissed

_____ Demoted from _____ to _____

____X____ The reasons for this recommendation are:
          *(List all charges - attach additional sheets as required)*

On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. (CONTINUED ON PAGE TWO)

____X____ Previous Record Considered
          *(Chronological list of prior offenses and action taken)*

**SEE PAGE TWO**

_____ Transcripts of hearing attached

A hearing will be set by the Appointing Authority to consider this recommendation and the charges. You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

_____
James D. Wilder, Maintenance Director
                    Supervisor/Department Head

I hereby certify that this document was given to the employee or placed in the U. S. mail on:    4      30      2001
                                                                                                 month   day     year

_____
James D. Wilder, Maintenance Director
                    Supervisor/Department Head

_____
                    Witness

As a Labor Foreman I, you are expected to supervise the men in your crew and set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

## PAST RECORD CONSIDERED

1.   On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

2.   On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows:   "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

3.   On March 23, 1999, you were counseled for abusing your leave time.   You've been employed with us for over four (4) years and you have been off very frequently.   Mr. Sexton stated that he needs someone to drive on a regular basis.   During your absences, the dump truck is just parked on the City Lot which slows down his work production.

4.   On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m.   You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor.   If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

5.   On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane.   At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch.   You returned an hour later.   By committing these acts, you violated Department Rule 14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes.   Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

Mr. Wilder brought the hearing on April 30, 2001, to a close at approximately 3:25 p.m., to think about Mr. Sexton's recommendation of a twenty-nine (29) calendar day suspension.

On May 1, 2001, Mr. Wilder reconvened the hearing with Mrs. Smith in the presence of Mr. Thomas Provitt, Construction Supervisor, and Miss Gail Gipson. Mr. Wilder changed the recommendation to a fourteen (14) calendar day suspension. Mrs. Smith voluntarily waived her right to attend a hearing before the Mayor to contest the charges against her.

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

**STEPHANIE SMITH**
_____
(Employee's Name)

**3780 COOSADA ROAD**
_____
(Street Address)

**MILLBROOK,**           **AL**           36054
_____
(City)           (State)           (Zip)

Please be advised that a departmental hearing has been scheduled for the __30th__ day of _____ April _____.

__2001__ at __3:00__ o'clock __p__ .m. at __the Maintenance Office__ before James D. Wilder, Maint. Director

for the purpose of considering disciplinary action against you for the following reasons *(attach additional sheets as required)*. On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., your immediate supervisor Mr. Billy Sexton, Construction Foreman III, found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the school tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. **(CONTINUED ON PAGE TWO)**

You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. Disciplinary actions exceeding suspensions of more than five (5) days require a hearing before the Mayor, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.

James D. Wilder, Maintenance Director
_____
Department Head

The above was read in full and a copy offered the employee on the __25th__ day of _____ April _____.

__2001__ .

The Employee:

____✓____           Accepted a copy of same and acknowledged receipt thereof.

_____           Accepted a copy but would not acknowledge receipt.

_____           Refused to accept a copy.

Signed: _Gail F. Gipson_

Witness: _Billy Sexton_

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_Stephanie Smith_
_____
Employee

As a Labor Foreman I, you are expected to supervise the men in your crew and set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

## PAST RECORD CONSIDERED

1. On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

2. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

3. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

4. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

5. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

## EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH                    **Position:** LABOR FOREMAN I

**Supervisor:** BILLY SEXTON                     **Dept.:** MAINTENANCE

**Date of Counseling:** APRIL 23, 2001

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for showing poor leadership by sleeping on the job. At approximately 10:35 a.m., on the above date your immediate supervisor, Mr. Sexton found you asleep in your dump truck on Dalraida Road. You and your crew were assigned to clean the school tunnel at Dalraida School. Mr. Sexton said when he first arrived, he found you asleep. He then went to the tunnel and got four (4) other employees to watch him wake you up. They were Mr. Sedrick Cross, Heavy Equipment Operator I; Mr. Roderick Chambers, Laborer; Mr. Mark Singleton, Laborer; and Mr. Marion Richardson, Laborer. When all five (5) of them returned to your dump truck, you were still asleep. Mr. Sexton had to call your name twice before you woke up. As a Labor Foreman I, you are expected to supervise the men on your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is not justifiable to the general public. (CONTINUED ON PAGE TWO)

**Employee's response:** You admitted to being asleep as stated above. Normally, you help your crew clean out the tunnels, but for some reason you fell asleep. You said the last thing you remembered which was ten (10) minutes earlier, was talking on the radio to your husband. Then the next thing you remembered was Mr. Sexton calling your name. You said you have no excuse.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. You have been previously suspended for this same infraction. Due to the above incident and considering your past record, a recommendation for a twenty-nine (29) calendar day suspension without pay will be made to Mr. James D. Wilder, Maintenance Director.

_____                    4/25/01
            Supervisor                                 Date

My signature indicates that the above matters were discussed with me on this    25th    day of _____ April _____.
    2001    and that I received a copy of this form.

                                            _____
                                                    Employee Signature

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

                                            _____
                                                    Supervisor

Attach additional sheets as required.

Case 2:06-cv-00059-MEF-CSC    Document 9-14    Filed 01/26/2007    Page 36 of 146

Being that you failed to follow Mr. Sexton's instruction to help clean the school tunnel, you also violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

# EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH

**Position:** ~~EQUIPMENT OPERATOR~~ *Labor Foreman I*

**Supervisor:** BILLY SEXTON

**Dept.:** MAINTENANCE

**Date of Counseling:** JANUARY 3, 2001

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, concerning your inexcusable absence on Wednesday, December 20, 2000. You called the office and stated you could not report to work because you were sick. You had less than forty (40) hours of accumulated sick leave time and you failed to bring a doctor's certificate to cover your absence. By committing this act, you have violated Rule 3 of the Maintenance Department Rules, Procedures and Information as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence." Since you failed to provide a doctor's certificate, you were not paid for the absence.

**Employee's response:** You said you forgot to get a doctor's certificate.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. Any future incident of this nature will lead to severe disciplinary actions.

_____
Supervisor

01-03-2001
Date

My signature indicates that the above matters were discussed with me on this ___4th___ day of ___JANUARY___ ___2001___ and that I received a copy of this form.

_____
Employee Signature

This will certify that _____, as indicated above, was offered a copy of his form but refused to sign the Employee Counseling Record.

_____
Supervisor

Attach additional sheets as required.

## NOTIFICATION OF SUSPENSION

**STEPHANIE SMITH**
_____
(Employee's Name)

**3780 COOSADA ROAD**
_____
(Street Address)

**MILLBOOK,          ALABAMA          36054**
(City)              (State)          (Zip)

**This is to notify you that as of this date, you are herewith suspended without pay for the period of _three (3) working days_**

**from Tuesday, June 29, 1999, through Thursday, July 1 , 1999.  You are to report back to work on Friday, July 2, 1999.**

**The reason(s) for this suspension is (are)** *(List all charges - attach additional sheets as required):*

1. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job.  At 11:00 a.m., your supervisor, Mr. Billy Sexton, Construction Foreman III, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex.  By committing this act, you have violated Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foreman are responsible for the conduct of men in their working crews."

**Previous record considered** *(List all actions considered - attach additional sheets as required):*

See Page Two.

**Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board.  Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulatioins, Rule VIII, Section 12 and Rule VII, Section 12 or 13.**

**A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director in Room 224, City Hall.**

**Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before the Personnel Board.**

**Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System Law.**

_____
James D. Wilder
Department Head/Appointing Authority

_____
_Stephanie Smith_
**Employee's Signature of Receipt**

Maintenance Director
_____
Title

PAGE TWO – FORM 32
RE: STEPHANIE SMITH
JUNE 28, 1999

## PAST RECORD CONSIDERED

1. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down his work production.

2. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

**CITY OF MONTGOMERY**

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

**STEPHANIE SMITH**
_____
(Employee's Name)

**3780 COOSADA ROAD**
_____
(Street Address)

**MILLBROOK**          **AL**          36054
_____
(City)                 (State)         (Zip)

Please be advised that a departmental hearing has been scheduled for the ___28th___ day of _____ June _____.

___1999___ at ___3:15___ o'clock ___p___.m. at ___the Maintenance Office___ before Mr. James D. Wilder, Maint. Dir.

for the purpose of considering disciplinary action against you for the following reasons (attach additional sheets as required).
1. On June 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, Construction Foreman III, found you and your men asleep in the dump truck at East Montgomery Baseball Complex. By committing this act, you have violated Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews." (CONTINUED ON PAGE TWO)

You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. Disciplinary actions exceeding suspensions of more than five (5) days require a hearing before the Mayor, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.

_James D. Wilder_
_____
James D. Wilder, Maintenance Director
Department Head

The above was read in full and a copy offered the employee on the ___24th___ day of _____ JUNE _____

___1999___.

**The Employee:**

___✓___          Accepted a copy of same and acknowledged receipt thereof.

_____          Accepted a copy but would not acknowledge receipt.

_____          Refused to accept a copy.

Signed: _Gail J. Lipson_

Witness: _Billy Sexton_

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_Stephanie Smith_
_____
Employee

PAGE TWO – FORM 31
RE: STEPHANIE SMITH
JUNE 24, 1999

## PAST RECORD CONSIDERED

1. **On March 23, 1999,** you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needed someone to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down his work production.

2. **On June 26, 1998,** you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3. **On February 1, 1996,** you were counseled for leaving your assigned work area and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At aproximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Departmental Rule 14, as stated above and Rule 22, as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

# EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH                **Position:** LABOR FOREMAN I

**Supervisor:** BILLY SEXTON                **Dept.:** MAINTENANCE

**Date of Counseling:** JUNE 21, 1999

**Reason for Counseling** (*Description of performance, conduct or commendation-give specific facts, background information, dates and times*):

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for sleeping on the job on June 21, 1999. At approximately 11:00 a.m., Mr. Sexton went to the East Montgomery Baseball Complex and he found you asleep in the dump truck along with two (2) laborers that are assigned to you. This act has shown poor leadership as well as violating Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foreman are responsible for the conduct of men in their working crews." You stated that you all were taking a lunch break and there was nothing to do because all of the Equipment Operators had gone to lunch. Mr. Sexton stated that there were tree limbs in the parking lot that you all could have been picking up.

**Employee's response:** During the hearing, you stated that you were taking a lunch break because the Equipment Operators had gone to lunch.

If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions: Sleeping on the job will not be tolerated by the Maintenance Department. Due to the seriousness of the above act, and considering your past record, a recommendation for a five (5) day suspension will be made to Mr. James D. Wilder, Maintenance Director.

_____        June 23, 1999
**Supervisor**                                        **Date**

My signature indicates that the above matters were discussed with me on this _____24th_____ day of _____JUNE_____ 1999_____ and that I received a copy of this form.

_____
**Employee Signature**

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
**Supervisor**

Attach additional sheets as required.

## EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE NUSS              **Position:** LABOR FOREMAN I

**Supervisor:** BILLY SEXTON             **Dept.:** MAINTENANCE

**Date of Counseling:** MARCH 23, 1999

**Reason for Counseling** (*Description of performance, conduct or commendation-give specific facts, background information, dates and times*):

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for abusing your leave time. You've been employed with us for over four (4) years and you have been off frequently. Mr. Sexton stated that he needed someone he could depend on to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down work production.

**Employee's response:** During the hearing, you stated that you have been off lately because you are having sinus problems. You stated that you cannot drive the dump truck because your equilibrium is off and you don't want to endanger the lives of other people. When asked about your past absences, you said you were off because you didn't have anyone to keep your child when your parents went to the lake.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** Your work attendance must improve immediately within the next three (3) months. If your attendance doesn't improve, Mr. Sexton will recommend reassigning someone else to drive the dump truck.

_____
**Supervisor**

March 26, 1999
**Date**

My signature indicates that the above matters were discussed with me on this ____26th____ day of ____MARCH____ ____1999____ and that I received a copy of this form.

_____
**Employee Signature**

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
**Supervisor**

Attach additional sheets as required.

## EMPLOYEE COUNSELING RECORD

Employee: ___Stephanie Nuss___          Position: _Labor Foreman I_

Supervisor: ___Donnie Brantley___          Dept.: ___Maintenance___

Date of Counseling: _January 26, 1998_

**Reason for Counseling** *(Description of performance, conduct or commendation – give specific facts, background information, dates and times):*
You were counseled on the above date by Mr. Douglas Jones, Assistant Maintenance Director, in the presence of Mr. Tom Provitt, Construction Supervisor; Mr. Donnie Brantley, Construction Foreman III and Miss Gail Gipson, Maintenance Superintendent, concerning an incident that occurred on the job on this same date. At approximately 7:40 a.m., we received a telephone call from a private citizen complaining about several City vehicles that were slowing up traffic on N. Decatur Street. Mr. Provitt and Mr. Brantley inspected the area and your vehicle, along with three (3) other Maintenance Department vehicles, was parked at Davis Cafe which is located on N. Decatur Street.    (CONTINUED ON PAGE TWO)

**Employee's response:** During the hearing you stated that you had left the City Lot at 7:15 a.m., which put you a little behind schedule.

**If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions:**   This type of behavior will not be tolerated by the Maintenance Department. Future incidents of this nature will lead to your suspension.

_____          _____
Supervisor                                Date

**My signature indicates** that the above matters were discussed with me on this _28th_ day of _____, 19_98_ and that I received a copy of this form.

_____
Employee Signature

**This will certify that** _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
Supervisor

**Attach additional sheets as required**

During the hearing, Mr Jones informed you that we cannot afford to have private citizens calling in with type of complaint. He also stated that if you are on your way to the job site, it would be alright to stop and quickly pick up breakfast, but if you see other City vehicles, do not stop. Davis Café is not located anywhere near your assigned work area and by 7.40 a m., you should have been at your assigned work area. By committing this act, you have violated Rule 14 of the Maintenance Department Rules, Procedures and Information as follows

"All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

# PERSONNEL DEPARTMENT
## RECOMMENDATION FOR PERSONNEL ACTION

| | | | |
|---|---|---|---|
| **Department/Division** | MAINTENANCE | **Date** | 10/5/2002 |
| **Name of Employee** | STEPHANIE A SMITH | **Effective Date** | 10/11/2002 |
| **Social Security #** | 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 **Classification** LABOR FOREMAN I | **Job C: #** | 5040 |

Item 2 requires the signature of both department heads.

Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | | | |
|---|---|---|---|
| 1. Transfer within department ...................... ( ) | 9. Retirement ............................................................ ( ) |
| 2. Transfer to another department .............. ( ) | 10. Separation by death ........................................... ( ) |
| 3. Demotion ...................................................... ( ) | 11. Expiration by Temporary Appointment................ ( ) |
| 4. Layoff .......................................................... ( ) | 12. Return Leave Without Pay................................... ( ) |
| 5. Dismissal .................................................... ( ) | 13. Return from Military Leave.................................. ( ) |
| 6. Leave without pay ..................................... ( ) | 14. Change of Name .................................................. ( ) |
| 7. Suspension ................................................ ( ) | 15. Change in Salary ............................................... ( x ) |
| 8. Resignation ............................................... ( ) | 16. _____ ( ) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department** (Items 1 & 2) | | |
| **Classification & Salary** (Items 1, 2, 3) | | |
| **Dates** (Items 6 & 7) | | |
| **Name** (Item 14) | ✓ | ✓ |

| | Pos/Grade/Step | | | FROM | | TO | | |
|---|---|---|---|---|---|---|---|---|
| | Pos/Grade/Step | 5040 | 190 | 8 | | 5040 | S05 | 5 |
| **Amount** (Item 15) | Hrly/BW | 11.1843 | 894.74 | | | 11.4178 | 913.42 | |
| | Annual | 23,263.34 | | | | 23,749.00 | | |

**Other** (Item 16)

**Funds are available** _E Lloyd Faucett_ (Disbursing Officer)     Date **OCT - 9 2002**

**Explanation and remarks (Give reason for any action which is not self-explanatory)**

| | | | |
|---|---|---|---|
| (Signed) 1. | _[signature]_ (Appointing Authority) | Date | OCT 1 0 2002 |
| 2. | _James White_ | Date | 10-7-02 |
| 3. | _Barbara M. Montayo_ | Date | |
| 4. | (Personnel Director) | Date | OCT 2 3 2002 |

PER 300-419
revised 5/20/02

| | | | | |
|---|---|---|---|---|
| **Department/Division** | 5800 | Maintenance | **Date** | 11/27/2002 |
| **Name of Employee** | | Stephanie A. Smith | **Effective Date** | 11/28/2002 |
| **Social Security #** | 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 | **Classification** Labor Foreman I | **Job Code** | 5040 |

**Item 2 requires the signature of both department heads.**

**Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.**

| | | | |
|---|---|---|---|
| 1. Transfer within department .......................( ) | | 9. Retirement ................................................................ ( ) |
| 2. Transfer to another department ...............( ) | | 10. Separation by death ............................................... ( ) |
| 3. Demotion .................................................( ) | | 11. Expiration by Temporary Appointment.................... ( ) |
| 4. Layoff .....................................................( ) | | 12. Return Leave Without Pay....................................... ( ) |
| 5. Dismissal ................................................( ) | | 13. Return from Military Leave....................................... ( ) |
| 6. Leave without pay ...................................( ) | | 14. Change of Name ..................................................... ( ) |
| 7. Suspension .............................................( x ) | | 15. Change in Salary .................................................... ( ) |
| 8. Resignation ............................................( ) | | 16. ( ) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department**<br>(Items 1 & 2) | | |
| **Class. & Salary**<br>(Items 1, 2, 3) | Labor Foreman I<br>5040    S05    Step 5 | |
| **Dates**<br>(Items 6 & 7) | Suspended for thirty calendar days.  From Thursday, November 28, 2002, through Friday, December 27, 2002.  Employee to report back to work on Monday, December 30, 2002. | |
| **Name**<br>(Item 14) | | |
| **Amount**<br>(Item 15) | | |
| **Other**<br>(Item 16) | | |

**Funds are available** *E. Cloyd Faulkner* (Disbursing Officer)    Date **DEC 2 2002**

---

**Explanation and remarks (Give reason for any action which is not self-explanatory)**

| | | |
|---|---|---|
| (Signed) 1. *Bobby N. Bright* (Appointing Authority) | Date | DEC - 3 ... |
| 2. *Jimmy D. Wible* | Date | 27-Nov-02 |
| 3. | Date | |
| 4. *Barbara M. Montague* (Personnel Director) | Date | DEC 06 2002 |

PER 300-419
04/14/99

# MEMORANDUM

**TO:**       Jim Wilder
              Maintenance Department Director

**FROM:**     Larry Armstead
              Administrative Assistant to the Mayor

**DATE:**     November 26, 2002

**RE:**       SUSPENSION OF STEPHANIE SMITH

It is the Mayor's decision to suspend Ms. Stephanie Smith for thirty (30) calendar days. Please prepare the necessary personnel forms and forward them to this office for approval.

Further insure that all the City personnel rules are followed.

**APPROVED:**

Bobby N. Bright
Mayor

LA/wsf

PER FORM 34
Revised 12/01

## APPOINTING AUTHORITY'S RECORD OF DISCIPLINARY HEARING

Employee: _____ **Stephanie Smith** _____

Department: _____ **Maintenance** _____

Department Head: _____ **Jim Wilder** _____

Date: _____**November 25, 2002**_____    Time: _____ **10:00 a.m.** _____

Employee Represented by: _____

Employee's Witnesses:

Employee's Explanations or Defenses *(attach additional sheets as required)*:

The hearing was convened at 10:00 a.m. Ms. Stephanie Smith was present. Also present were Mr. Jim Wilder, Maintenance Department Director; Mr. Billy Sexton, Supervisor; Mr. Larry Armstead, Mayor's office; and Mrs. Wanda Fox, recording secretary. Mr. Armstead stated this hearing was being held to give Ms. Smith an opportunity to defend herself of the charges. He informed Ms. Smith that if she was suspended for 30 days or more or terminated from employment, she had the right to appeal to the City-County Personnel Department. Mr. Wilder read the charges. Ms. Smith stated that the reason she has been late for work off and on was due to problems she was having with her daughter and being unable to leave her unsupervised and having to get her to school. Mr. Wilder and Mr. Sexton both stated Ms. Smith was a good employee and they had tried every way they knew how to help with her situation. Mr. Armstead emphasized the importance in her position of being at work on time. Ms. Smith stated if given the opportunity, she would try her best and remedy the situation she has with her daughter.

Action:

It is the Mayor's decision that Ms. Stephanie Smith be suspended for thirty (30) calendar days.

Heard before me _____ **November 25, 2002** _____

                  month           day          year

                         Appointing Authority

**Mr. Larry Armstead, Administrative Assistant to the Mayor**

Certified Mail
Return Receipt Requested                                    Date: November 26, 2002

## NOTIFICATION OF SUSPENSION

Employee's Name _____ **Stephanie Smith** _____

Street Address _____ **BY HAND** _____

City/State/Zip _____

This is to notify you that as of this date, you are herewith suspended without pay for the period of **thirty (30) calendar days.** From Thursday, November 28, 2002, through Friday, December 27, 2002. You are to return to work on Monday, December 30, 2002.

The reason(s) for this suspension is (are) (List all charges - attach additional sheets as required):

**unauthorized absence**

Previous record considered (List all actions considered - attach additional sheets as required):

**SERVED BY HAND**

### APPEAL RIGHTS

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be other wise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director, who is located at 520 South Court Street.

Within ten (10) days from the time for filing your answer, if you desire a hearing before the Personnel Board you must file a written request with the Personnel Director.

Consult the Montgomery City-County Personnel Department, 520 South Court Street, relative to any other rights you have under the Merit System Law.

I hereby certify that this document was given to the employee or placed in the United States mail on

_11-27-02_                                        _[signature]_
month/day/year                                    Department Head/Appointing Authority

_Stephanie Smith_                                 **Mayor**
Employee                                          Title

## NOTIFICATION OF SUSPENSION

Employee's Name _____ **Stephanie Smith** _____

Street Address _____ **BY HAND** _____

City/State/Zip _____

This is to notify you that as of this date, you are herewith suspended without pay for the period of **thirty (30) calendar days.**

The reason(s) for this suspension is (are) (List all charges - attach additional sheets as required):
_____

unauthorized absence

Previous record considered (List all actions considered - attach additional sheets as required):

> SERVED BY HAND

### APPEAL RIGHTS

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be other wise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director, who is located at 520 South Court Street.

Within ten (10) days from the time for filing your answer, if you desire a hearing before the Personnel Board you must file a written request with the Personnel Director.

Consult the Montgomery City-County Personnel Department, 520 South Court Street, relative to any other rights you have under the Merit System Law.

I hereby certify that this document was given to the employee or placed in the United States mail on

_11-27-02_____          _____
month/day/year                            Department Head/Appointing Authority

_Stephanie Smith_____          **Mayor**_____
Employee                                          Title

# DISCIPLINARY HEARING

**EMPLOYEE:**               Stephanie Smith

**DEPARTMENT:**            Maintenance

**DEPARTMENT HEAD:**    James D. Wilder

**HEARING WITNESS:**    Billy Sexton and Gail Gipson

**DATE:**  November 12, & 13, 2002          **TIME:**  3:00 p.m.

**EMPLOYEE REPRESENTED BY:**    Herself

**EMPLOYEE'S WITNESSES:**        None

**EMPLOYEE'S EXPLANATIONS OR DEFENSES:**    She was late reporting to work on October 30, 2002, because she had to stay with her daughter until the school bus arrived. Also, the traffic was unusually heavy that day. She has no one else to rely on to help her.

**ACTION:**    Due to the above infraction and considering her past record of two suspensions, I am recommending dismissal. After being served a waiver of right to hearing, Mrs. Smith wishes to attend the hearing before the Mayor.

**Heard before me:**            November 14, 2002
                              **month/day/year**

_____
        **Department Head Signature**

# RECOMMENDATION FOR DISCIPLINARY ACTION

**Employee:**  STEPHANIE SMITH

**Address:**  3780 COOSADA ROAD, MILLBROOK, AL  36054

**Date:**  NOVEMBER 12, 2002

You are herewith notified that I am recommending that you be:

_____  **Suspended for** _____ **working days**

___X___  **Dismissed**

_____  **Demoted from** _____  **to** _____

___X___  **The reasons for this recommendation are:** *(List all charges - attach additional sheets as required)*

You were counseled on October 31, 2002, for reporting to work late on October 30, 2002.  Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m., and Mr. Sexton sent you home without pay.  By committing this act you have violated Rule 2 of the Maintenance Department Rules, Procedures and Information as follows:  "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift.  Anyone reporting to work after his assigned work time must be approved to work by his supervisor."  **(CONTINUED ON PAGE TWO)**

___X___  **Previous Record Considered** *(Chronological list of prior offenses and action taken)*

SEE PAGE TWO.

_____  **Transcripts of hearing attached**

A hearing will be set by the Appointing Authority to consider this recommendation and the charges.  You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

_James D. Wilder, Maintenance Director_
Supervisor/Department Head

I hereby certify that this document was given to the employee or placed in the U. S. mail on:  Nov.    12,    2002
                                                                                            month   day    year

_James D. Wilder, Maintenance Director_
Supervisor/Department Head

_Gail F. Gipson_
Witness

Case 2:06-cv-00059-MEF-CSC   Document 9-14   Filed 01/26/2007   Page 54 of 146

## PAST RECORD CONSIDERED

On May 2, 2001, you were suspended for fourteen (14) calendar days, from Tuesday, May 8, 2001, through Monday, May 21, 2001, for the following reasons:

1. On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., Mr. Billy Sexton found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. As a Labor Foreman I, you are expected to supervise the men in your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

2. On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

3. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

4. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

5. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

Case 2:06-cv-00099-MEF-CSC     Document 9-14     Filed 01/26/2007     Page 55 of 146

6. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule 14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

**CITY OF MONTGOMERY**

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

STEPHANIE SMITH
_____
(Employee's Name)

3780 COOSADA ROAD
_____
(Street Address)

MILLBROOK,                AL                36054
_____
(City)                    (State)          (Zip)

Please be advised that a departmental hearing has been scheduled for the __12th__ day of _____November_____,

__2002__ at __7:30__ o'clock __a__.m. at ____the Maintenance Office____ before James D. Wilder, Maint. Director,

for the purpose of considering disciplinary action against you for the following reasons *(attach additional sheets as required)*.

You were counseled on October 31, 2002, for reporting to work late on October 30, 2002. Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m, and Mr. Sexton sent you home without pay. By committing this act you have violated Rule 2 of the Maintenance Department Rules, Procedures and Information as follows:   "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift. Anyone reporting to work after his assigned work time must be approved to work by his supervisor." **(CONTINUED ON PAGE TWO)**

**You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. You are entitled to a hearing which may be waived, before the appointing authority or designee before any disciplinary action becomes final, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.**

_____
Department Head

I hereby certify that this document was given to the employee or placed in the United States mail on

| Nov. | 5, | 2002 |
|------|-----|------|
| Month | Day | Year |

Signed: _____

Witness: _____

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_____
Employee

## PAST RECORD CONSIDERED

On May 2, 2001, you were suspended for fourteen (14) calendar days, from Tuesday, May 8, 2001, through Monday, May 21, 2001, for the following reasons:

1. On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., Mr. Billy Sexton found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. As a Labor Foreman I, you are expected to supervise the men in your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

2. On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

3. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

4. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

5. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

6. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

Revised 10/93

# EMPLOYEE COUNSELING RECORD

Employee: **STEPHANIE SMITH**                    Position: **LABOR FOREMAN I**

Supervisor: **BILLY SEXTON**                        Dept.: **MAINTENANCE**

Date of Counseling:    **OCTOBER 31, 2002**

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Street Construction Supervisor, in the presence of Miss Gail Gipson, Maintenance Superintendent, for reporting to work late on October 30, 2002. Your assigned work time starts at 7:00 a.m. You reported to work at approximately 7:05 a.m., and Mr. Sexton sent you home without pay. By committing this act, you have violated Rule 2 of the Maintenance Department Rules, Procedures and Information as follows: "Time cards will be locked and sign in sheets picked up at the beginning of each assigned work shift. Anyone reporting to work after his assigned work time must be approved to work by his supervisor."

**Employee's response:** You said you were late because you got caught up in traffic. The traffic was heavier than normal.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** Due to the above infraction and considering your past record, a recommendation for your dismissal will be made to Mr. James D. Wilder, Maintenance Director.

_Billy Sexton_
_____
Supervisor

_11-5-02_
_____
Date

My signature indicates that the above matters were discussed with me on this _5th_ day of _November_ _2002_ and that I received a copy of this form.

_Stephanie Smith_
_____
Employee Signature

This will certify that _____ , as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
Supervisor

Attach additional sheets as required.

# MEMORANDUM

TO:        Mr. James D. Wilder
           Director
           Maintenance Department

FROM:      Randy Dixon *RED*
           Executive Assistant to the Mayor

DATE:      May 2, 2001

RE:        SUSPENSION OF STEPHANIE SMITH


This office accepts Ms. Stephanie Smith's waiver to her right to appear for a hearing.

The Mayor concurs with your decision to suspend Ms. Smith for fourteen (14) calendar days for reasons stated in your memorandum dated May 1, 2001.

Please prepare the necessary personnel forms and forward them to this office for approval. Further insure that all the City personnel rules are followed.

APPROVED:


Bobby N. Bright
Mayor

RED cs

Revised 10/93

Certified Mail
Return Receipt Requested

May 2, 2001

Date _____

## NOTIFICATION OF SUSPENSION

Ms. Stephanie Smith
_____
(Employee's Name)

3780 Coosada Road
_____
(Street Address)

Millbrook,            AL            36054
_____
(City)                (State)            (Zip)

This is to notify you that as of this date, you are herewith suspended without pay for the period of _____
fourteen (14) calendar days.   (Dates to be determined by Mr. James D. Wilder)
Your suspension will start on Tuesday, May 8, 2001, and end on Monday,
May 21, 2001.   You are to report back to work on Tuesday, May 22, 2001.

The reason(s) for this suspension is (are) *(List all charges – attach additional sheets as required)*:

(1) Sleeping on the job and insubordination.

Previous record considered *(List all actions considered – attach additional sheets as required)*:

As per copy furnished with original charges and specifications.

## NOTIFIED BY CERTIFIED MAIL NO. Z 329 797 093 ON MAY 2, 2001.

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director in Room 224, City Hall.

Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before the Personnel Board.

Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System Law.

*Stephanie Smith*
_____
Signature of Receipt

*Randy Dixon*
_____
Department Head/Appointing Authority

Randy Dixon
Executive Assistant to the Mayor
_____
Title

## M E M O R A N D U M

**TO:**       Mayor Bobby Bright

**THRU:**    Mr. Randy Dixon, Exec. Asst. to the Mayor

**FROM:**    Mr. James D. Wilder, Maintenance Director

**DATE:**    May 1, 2001

**RE:**        SUSPENSION RECOMMENDATION – STEPHANIE SMITH

Attached is a recommendation for a fourteen (14) calendar day suspension of the above referenced employee of the Maintenance Department. As you will note, we are having serious personnel problems with Mrs. Smith. After being served Per. Form 39, a waiver of right to hearing, Mrs. Smith voluntarily waived her right to attend a hearing before the Mayor to contest the charges against her.

Your favorable consideration of this recommendation will be greatly appreciated.

JDW/gg

Attachment

PER. FORM 39
Revised 2/01

Date: May 1, 2001

## WAIVER OF RIGHT TO HEARING

After having been served with a statement of charges, I acknowledge that I have a right to a hearing before the Mayor and I hereby waive my right to a hearing before the Mayor to contest the charges against me. I acknowledge that the charges are sustained.

I accept the recommendation of _____James D. Wilder_____ that I be:

*Maintenance Director*

__X__ Suspended for ___14 *you*___ days *(more than 5 days)* (calendar)

_____ Dismissed

_____ Demoted from _____ to _____

However, I am aware that the recommended punishment is only a <u>recommendation</u> to the Mayor and that the Mayor has the right and discretion to either accept the recommended punishment or set his own punishment, which may be more or less severe than the recommended punishment.

I have been advised that if it is my present intention to appeal to the Personnel Board, the better practice is to first exercise my right to appeal to the Mayor. I understand, however, that my signature on this waiver does not constitute the waiver of whatever, if any, right of appeal I may have to the Personnel Board.

Stephanie Smith  *Stephanie Smith*
*Signature of Employee*

*Thomas Prosutt jr*
*Witness*

## RECOMMENDATION FOR DISCIPLINARY ACTION

**Employee:** STEPHANIE SMITH

**Address:** 3780 COOSADA ROAD, MILLBROOK, AL 36054

**Date:** APRIL 30, 2001

You are herewith notified that I am recommending that you be:

__X__   Suspended for ___14___ days    (calendar)

_____   Dismissed

_____   Demoted from _____ to _____

__X__   The reasons for this recommendation are:
        *(List all charges - attach additional sheets as required)*

On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. (CONTINUED ON PAGE TWO)

__X__   Previous Record Considered
        *(Chronological list of prior offenses and action taken)*

SEE PAGE TWO

_____   Transcripts of hearing attached

A hearing will be set by the Appointing Authority to consider this recommendation and the charges. You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

_____
James D. Wilder, Maintenance Director
                Supervisor/Department Head

I hereby certify that this document was given to the employee or placed in the U. S. mail on:    __4__   __30__   __2001__
                                                                                                month    day    year

_____
James D. Wilder, Maintenance Director
                Supervisor/Department Head

_____
                Witness

Case 2:06-cv-00059-MEF-CSC    Document 9-14    Filed 01/26/2007    Page 65 of 146

As a Labor Foreman I, you are expected to supervise the men in your crew and set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

## PAST RECORD CONSIDERED

1.   On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

2.   On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows:  "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

3.   On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

4.   On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

5.   On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

**ADDENDUM, FORM 33**
**RE: STEPHANIE SMITH**
**MAY 1, 2001**

Mr. Wilder brought the hearing on April 30, 2001, to a close at approximately 3:25 p.m., to think about Mr. Sexton's recommendation of a twenty-nine (29) calendar day suspension.

On May 1, 2001, Mr. Wilder reconvened the hearing with Mrs. Smith in the presence of Mr. Thomas Provitt, Construction Supervisor, and Miss Gail Gipson. Mr. Wilder changed the recommendation to a fourteen (14) calendar day suspension. Mrs. Smith voluntarily waived her right to attend a hearing before the Mayor to contest the charges against her.

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

**STEPHANIE SMITH**
(Employee's Name)

**3780 COOSADA ROAD**
(Street Address)

**MILLBROOK,**            **AL**            **36054**
(City)            (State)            (Zip)

Please be advised that a departmental hearing has been scheduled for the __30th__ day of __April__ ,

__2001__ at __3:00__ o'clock __p__ .m. at __the Maintenance Office__ before James D. Wilder, Maint. Director

for the purpose of considering disciplinary action against you for the following reasons *(attach additional sheets as required)*.
On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate . At
approximately 10:35 a.m., your immediate supervisor Mr. Billy Sexton, Construction Foreman III, found you asleep in your
dump truck on Dalraida Road. He instructed you and your crew to clean the school tunnel at Dalraida School. Instead of
cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton
wake you up. **(CONTINUED ON PAGE TWO)**

You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may
not be represented by an attorney at the departmental level. Disciplinary actions exceeding suspensions of more
than five (5) days require a hearing before the Mayor, and you will be advised in writing of such hearing if required
at the conclusion of your departmental hearing.

_____
James D. Wilder, Maintenance Director
                              Department Head

The above was read in full and a copy offered the employee on the __25th__ day of __April__ ,
__2001__ .

The Employee:

____✓____     Accepted a copy of same and acknowledged receipt thereof.

_____     Accepted a copy but would not acknowledge receipt.

_____     Refused to accept a copy.

Signed: _____

Witness: _____

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_____
                              Employee

Case 2:06-cv-00069-MEF-CSC    Document 9-14    Filed 01/26/2007    Page 68 of 146

As a Labor Foreman I, you are expected to supervise the men in your crew and set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

## PAST RECORD CONSIDERED

1.   On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

2.   On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

3.   On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

4.   On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

5.   On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

## EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH      **Position:** LABOR FOREMAN I

**Supervisor:** BILLY SEXTON      **Dept.:** MAINTENANCE

**Date of Counseling:** APRIL 23, 2001

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*
You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for showing poor leadership by sleeping on the job. At approximately 10:35 a.m., on the above date your immediate supervisor, Mr. Sexton found you asleep in your dump truck on Dalraida Road. You and your crew were assigned to clean the school tunnel at Dalraida School. Mr. Sexton said when he first arrived, he found you asleep. He then went to the tunnel and got four (4) other employees to watch him wake you up. They were Mr. Sedrick Cross, Heavy Equipment Operator I; Mr. Roderick Chambers, Laborer; Mr. Mark Singleton, Laborer; and Mr. Marion Richardson, Laborer. When all five (5) of them returned to your dump truck, you were still asleep. Mr. Sexton had to call your name twice before you woke up. As a Labor Foreman I, you are expected to supervise the men on your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is not justifiable to the general public. **(CONTINUED ON PAGE TWO)**

**Employee's response:** You admitted to being asleep as stated above. Normally, you help your crew clean out the tunnels, but for some reason you fell asleep. You said the last thing you remembered which was ten (10) minutes earlier, was talking on the radio to your husband. Then the next thing you remembered was Mr. Sexton calling your name. You said you have no excuse.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. You have been previously suspended for this same infraction. Due to the above incident and considering your past record, a recommendation for a twenty-nine (29) calendar day suspension without pay will be made to Mr. James D. Wilder, Maintenance Director.

_Billy Sexton_
**Supervisor**

_4/25/01_
**Date**

My signature indicates that the above matters were discussed with me on this    **25th**    day of    **April**  ,
**2001** and that I received a copy of this form.

_Stephanie Smith_
**Employee Signature**

This will certify that _____ , as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
**Supervisor**

Attach additional sheets as required.

Being that you failed to follow Mr. Sexton's instruction to help clean the school tunnel, you also violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

## EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH

**Position:** *Labor Foreman I* ~~EQUIPMENT OPERATOR~~

**Supervisor:** BILLY SEXTON

**Dept.:** MAINTENANCE

**Date of Counseling:** JANUARY 3, 2001

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*
You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, concerning your inexcusable absence on Wednesday, December 20, 2000. You called the office and stated you could not report to work because you were sick. You had less than forty (40) hours of accumulated sick leave time and you failed to bring a doctor's certificate to cover your absence. By committing this act, you have violated Rule 3 of the Maintenance Department Rules, Procedures and Information as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence." Since you failed to provide a doctor's certificate, you were not paid for the absence.

**Employee's response:** You said you forgot to get a doctor's certificate.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. Any future incident of this nature will lead to severe disciplinary actions.

_____
Supervisor

01-03-2001
Date

My signature indicates that the above matters were discussed with me on this _4th_ day of ___JANUARY___ ___2001___ and that I received a copy of this form.

_____
Employee Signature

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
Supervisor

**Attach additional sheets as required.**

**Certified Mail**
**Return Receipt Requested**

Date _____ June 28, 1999 _____

## NOTIFICATION OF SUSPENSION

**STEPHANIE SMITH** _____
                **(Employee's Name)**

**3780 COOSADA ROAD** _____
                **(Street Address)**

**MILLBOOK,**     **ALABAMA**        36054
   **(City)**         **(State)**       **(Zip)**

**This is to notify you that as of this date, you are herewith suspended without pay for the period of** _three (3) working days_

**from Tuesday, June 29, 1999, through Thursday, July 1 , 1999. You are to report back to work on Friday, July 2, 1999.**

**The reason(s) for this suspension is (are)** *(List all charges - attach additional sheets as required):*
1. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, Construction Foreman III, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you have violated Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foreman are responsible for the conduct of men in their working crews."

**Previous record considered** *(List all actions considered - attach additional sheets as required):*

See Page Two.

**Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.**

**A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director in Room 224, City Hall.**

**Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before the Personnel Board.**

**Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System Law.**

_James D. Wilder_ _____
James D. Wilder
    **Department Head/Appointing Authority**

_Stephanie Smith_ _____
**Employee's Signature of Receipt**

      **Maintenance Director** _____
                 **Title**

PAGE TWO – FORM 32
RE: STEPHANIE SMITH
JUNE 28, 1999

## PAST RECORD CONSIDERED

1. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down his work production.

2. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

CITY OF MONTGOMERY

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

**STEPHANIE SMITH**
_____
(Employee's Name)

**3780 COOSADA ROAD**
_____
(Street Address)

**MILLBROOK**          **AL**          36054
(City)          (State)          (Zip)

Please be advised that a departmental hearing has been scheduled for the __28th__ day of _____ **June** _____,

__1999__ at __3:15__ o'clock __p__ .m. at ____the Maintenance Office____ before Mr. James D. Wilder, Maint. Dir.

for the purpose of considering disciplinary action against you for the following reasons (*attach additional sheets as required*).
1. On June 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, Construction Foreman III, found you and your men asleep in the dump truck at East Montgomery Baseball Complex. By committing this act, you have violated Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."
(CONTINUED ON PAGE TWO)

You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. Disciplinary actions exceeding suspensions of more than five (5) days require a hearing before the Mayor, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.

_James D. Wilder (signature)_
_____
James D. Wilder, Maintenance Director
                                        Department Head

The above was read in full and a copy offered the employee on the __24th__ day of _____ **JUNE** _____,
__1999__ .

**The Employee:**

__✓__          Accepted a copy of same and acknowledged receipt thereof.

_____          Accepted a copy but would not acknowledge receipt.

_____          Refused to accept a copy.

Signed:   _Gail J. Lipson (signature)_

Witness:   _Billy Sexton (signature)_

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_Stephanie Smith (signature)_
_____
                                        Employee

PAGE TWO – FORM 31
RE: STEPHANIE SMITH
JUNE 24, 1999

## PAST RECORD CONSIDERED

1. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needed someone to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down his work production.

2. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3. On February 1, 1996, you were counseled for leaving your assigned work area and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Departmental Rule 14, as stated above and Rule 22, as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

# EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH         **Position:** LABOR FOREMAN I

**Supervisor:** BILLY SEXTON         **Dept.:** MAINTENANCE

**Date of Counseling:** JUNE 21, 1999

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for sleeping on the job on June 21, 1999. At approximately 11:00 a.m., Mr. Sexton went to the East Montgomery Baseball Complex and he found you asleep in the dump truck along with two (2) laborers that are assigned to you. This act has shown poor leadership as well as violating Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foreman are responsible for the conduct of men in their working crews." You stated that you all were taking a lunch break and there was nothing to do because all of the Equipment Operators had gone to lunch. Mr. Sexton stated that there were tree limbs in the parking lot that you all could have been picking up.

**Employee's response:** During the hearing, you stated that you were taking a lunch break because the Equipment Operators had gone to lunch.

If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions: Sleeping on the job will not be tolerated by the Maintenance Department. Due to the seriousness of the above act, and considering your past record, a recommendation for a five (5) day suspension will be made to Mr. James D. Wilder, Maintenance Director.

_____        June 23, 1999
      **Supervisor**                   **Date**

My signature indicates that the above matters were discussed with me on this   **24th**   day of     **JUNE**    .
  **1999**   and that I received a copy of this form.

                                 **Employee Signature**

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

                                 **Supervisor**

Attach additional sheets as required.

# EMPLOYEE COUNSELING RECORD

Employee: **STEPHANIE NUSS**                     Position: **LABOR FOREMAN I**

Supervisor: **BILLY SEXTON**                     Dept.: **MAINTENANCE**

Date of Counseling:    **MARCH 23, 1999**

Reason for Counseling *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for abusing your leave time. You've been employed with us for over four (4) years and you have been off frequently. Mr. Sexton stated that he needed someone he could depend on to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down work production.

Employee's response: During the hearing, you stated that you have been off lately because you are having sinus problems. You stated that you cannot drive the dump truck because your equilibrium is off and you don't want to endanger the lives of other people. When asked about your past absences, you said you were off because you didn't have anyone to keep your child when your parents went to the lake.

If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions: Your work attendance must improve immediately within the next three (3) months. If your attendance doesn't improve Mr. Sexton will recommend reassigning someone else to drive the dump truck.

_____                     March 26, 1999
           Supervisor                                      Date

My signature indicates that the above matters were discussed with me on this ___26th___ day of _____MARCH_____ .
___1999___ and that I received a copy of this form.

                                    _____
                                          Employee Signature

This will certify that _____ , as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

                                    _____
                                              Supervisor

Attach additional sheets as required.

Revised 10/93

# EMPLOYEE COUNSELING RECORD

Employee: __Stephanie Nuss__          Position: __Labor Foreman I__

Supervisor: __Donnie Brantley__          Dept.: __Maintenance__

Date of Counseling: __January 26, 1998__

**Reason for Counseling** (*Description of performance, conduct or commendation – give specific facts, background information, dates and times*):

You were counseled on the above date by Mr. Douglas Jones, Assistant Maintenance Director, in the presence of Mr. Tom Provitt, Construction Supervisor; Mr. Donnie Brantley, Construction Foreman III and Miss Gail Gipson, Maintenance Superintendent, concerning an incident that occurred on the job on this same date. At approximately 7:40 a.m., we received a telephone call from a private citizen complaining about several City vehicles that were slowing up traffic on N. Decatur Street. Mr. Provitt and Mr. Brantley inspected the area and your vehicle, along with three (3) other Maintenance Department vehicles, was parked at Davis Cafe which is located on N. Decatur Street.    (CONTINUED ON PAGE TWO)

Employee's response: During the hearing you stated that you had left the City Lot at 7:15 a.m., which put you a little behind schedule.

If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions: This type of behavior will not be tolerated by the Maintenance Department. Future incidents of this nature will lead to your suspension.

_____          _____
Supervisor                                                      Date

My signature indicates that the above matters were discussed with me on this _28th_ day of __January__, 19_98_ and that I received a copy of this form.

_____
Employee Signature

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
Supervisor

**Attach additional sheets as required**

**PAGE TWO – FORM 30**
**RE: STEPHANIE NUSS**
**JANUARY 26, 1998**

During the hearing, Mr. Jones informed you that we cannot afford to have private citizens calling in with type of complaint. He also stated that if you are on your way to the job site, it would be alright to stop and quickly pick up breakfast, but if you see other City vehicles, do not stop. Davis Café is not located anywhere near your assigned work area and by 7:40 a.m., you should have been at your assigned work area.   By committing this act, you have violated Rule 14 of the Maintenance Department Rules, Procedures and Information as follows:

"All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

CCPERSONNEL
PAYROLL

REPANEO  7/18/02,  PA5R5MNI  MERIT INCREASES BEGINNING  7/19/2002  ENDING  8/01/2002  AND PAYABLE  8/0?/2007

DEPARTMENT:     5g 00

| NAME | S.S. # | POSITION | CURRENT STEP | CURRENT RATE | OLD P/M | REVIEW DATE | PAY GRADE | NEW STEP | NEW DATE | NEW RATE | NEW D/M | ANNUAL SALARY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SMITH, STEPHANIE A | 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 | 05040 | 7 | 10.9302 | | | 190 | TOP | | 11.1043 | 894.74 | 23263 |

THE EMPLOYEES WHOSE NAMES APPEAR ON THIS LIST WILL RECEIVE THEIR MERIT INCREASE/LONGEVITY INCREASE ON THE DATE INDICATED.

APPROVED: _____

SIGNATURE OF DEPARTMENT HEAD

DATE: ..... 7.26.02 .....

PAGE  1

# RECOMMENDATION FOR PERSONNEL ACTION

**PERSONNEL DEPARTMENT**

MAY 20 '02 10:21:52

| | | | | |
|---|---|---|---|---|
| **Department/Division** | Maintenance 5804 | | **Date** | 5/15/2002 |
| **Name of Employee** | Stephanie Ann Smith | | **Effective Date** | 5/24/2002 |
| **Social Security #** | 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 | **Classification** Labor Foreman I | **Job Code** | 5040 |

Item 2 requires the signature of both department heads.

Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | | | |
|---|---|---|---|
| 1) Transfer within department ...................... ( x ) | 9. Retirement ............................................................... ( ) |
| 2. Transfer to another department .............. ( ) | 10. Separation by death ......................................... ( ) |
| 3. Demotion ........................................................ ( ) | 11. Expiration by Temporary Appointment................... ( ) |
| 4. Layoff ............................................................. ( ) | 12. Return Leave Without Pay.................................... ( ) |
| 5. Dismissal ....................................................... ( ) | 13. Return from Military Leave.................................... ( ) |
| 6. Leave without pay .........................................( ) | 14. Change of Name .................................................. ( ) |
| 7. Suspension ................................................... ( ) | 15. Change in Salary .................................................. ( ) |
| 8. Resignation .................................................... ( ) | 16. _____ ( ) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department** (Items 1 & 2) | 5804 | 5800 |
| **Classification & Salary** (Items 1, 2, 3) | | |
| **Dates** (Items 6 & 7) | | |
| **Name** (Item 14) | | |
| **Amount** (Item 15) | | |
| **Other** (Item 16) | | |

**Funds are available** *E. Lloyd Faulkner*    Date MAY 16 2002

*Disbursing Officer*

---

**Explanation and remarks (Give reason for any action which is not self-explanatory)**

Transfer from 5804 to 5800

| | | |
|---|---|---|
| (Signed) 1. _____*Bobby N Knight*_____ | Date MAY 17 2002 |
| *Appointing Authority* | |
| 2. _____*James Welch*_____ | Date 5/15/02 |
| 3. _____ | Date _____ |
| 4. *Barbara M. Montaye*   BMM   pl | Date MAY 21 2002 |
| *Personnel Director* | |

PER 300-419
revised 4/10/02

PREPARED 7/19/01, PAS0850MNI MERIT INCREASES BEGINING 7/20/2001 ENDING 8/02/2001 AND PAYABLE 8/10/2001    PAGE 13

DEPARTMENT: 58 04

| NAME | S.S. # | POSITION | CURRENT STEP | CURRENT RATE | OLD B/W | REVIEW DATE | PAY GRADE | NEW STEP | NEW RATE | SCH HRS | NEW B/W | ANNUAL SALARY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SMITH, STEPHANIE A | 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 | 05040 | 6 | 10.5505 | | 7/19/2002 | 190 | 07 | 10.7950 | 80 | 863.60 | 22,454 |

THE EMPLOYEES WHOSE NAMES APPEAR ON THIS LIST WILL RECEIVE THEIR MERIT INCREASE/LONGEVITY INCREASE ON THE DATE INDICATED.

CC: PERSONNEL
PAYROLL

APPROVED: ......................................
SIGNATURE OF DEPARTMENT HEAD

DATE: 30 July 01
......................................

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
## RECOMMENDATION FOR PERSONNEL ACTION

Department / Division   5804   Maintenance   MAY 10   9 37 AM '01   Date   8 May 01

Name of Employee   Stephanie A. Smith   Effective Date   8 May 01

Social Security #   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   Classification   Labor Foreman I   Job Code   5040

**Item 2 requires the signature of both department heads.**
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | |
|---|---|
| Transfer within department...............( ) | 9. Retirement...............( ) |
| Transfer to another department...............( ) | 10. Separation by death...............( ) |
| Demotion...............( ) | 11. Expiration of Temporary Appointment...............( ) |
| Layoff...............( ) | 12. Return LWOP...............( ) |
| Dismissal...............( ) | 13. Return from Military Leave...............( ) |
| Leave without Pay...............( ) | 14. Change of Name...............( ) |
| Suspension...............(XX) | 15. Change in Salary...............( ) |
| Resignation...............( ) | 16. |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| Department (Items 1 & 2) | | |
| Classification & Salary (Items 1, 2, 3) | Suspended for fourteen (14) calendar days. | |
| Dates (Items 6 & 7) | Tuesday, May 8 2001       through       Monday, May 21  2001  To report back to work Tuesday, May 22   2001 | |
| Name (Item 14) | | |
| Amount (Item 15) | | |
| Other (Item 16) | | |

Funds are available   _C. Lloyd Faulkner_   Date   MAY 8 2001
Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-explanatory)

(Signed)   1. (RED) _Bobby N. Bright_   Date   MAY 0 9 2001
Appointing Authority

2. _[signature]_   Date   5/8/01

3. _____   Date   _____

4. _Barbara M. Montoya_   Date   MAY 1 6 2001
Personnel Director

ER 300-419
'99

# MEMORANDUM

TO:        Mr. James D. Wilder
           Director
           Maintenance Department

FROM:      Randy Dixon  *RD*
           Executive Assistant to the Mayor

DATE:      May 2, 2001

RE:        SUSPENSION OF STEPHANIE SMITH


           This office accepts Ms. Stephanie Smith's waiver to her right to appear for a
hearing.

           The Mayor concurs with your decision to suspend Ms. Smith for fourteen (14)
calendar days for reasons stated in your memorandum dated May 1, 2001.

           Please prepare the necessary personnel forms and forward them to this office
for approval. Further insure that all the City personnel rules are followed.

APPROVED:


Bobby N. Bright
Mayor

RED/cs

Revised 10/93

Certified Mail
Return Receipt Requested

May 2, 2001

Date _____

## NOTIFICATION OF SUSPENSION

Ms. Stephanie Smith
_____
        (Employee's Name)

3780 Coosada Road
_____
      (Street Address)

Millbrook,         **AL**      36054
_____
(City)            (State)       (Zip)

This is to notify you that as of this date, you are herewith suspended without pay for the period of _____

fourteen (14) calendar days.  (Dates to be determined by Mr. James D. Wilder)
Your suspension will start on Tuesday, May 8, 2001, and end on Monday, May 21, 2001.  You are to report back to work on Tuesday, May 22, 2001.

The reason(s) for this suspension is (are) *(List all charges – attach additional sheets as required)*:

(1) Sleeping on the job and insubordination.

Previous record considered *(List all actions considered – attach additional sheets as required)*:

As per copy furnished with original charges and specifications.

## NOTIFIED BY CERTIFIED MAIL NO. Z 329 797 093 ON MAY 2, 2001.

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulations, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director in Room 224, City Hall.

Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before the Personnel Board.

Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System Law.

_____
Signature of Receipt

_____
Department Head/Appointing Authority

**Randy Dixon**
**Executive Assistant to the Mayor**
_____
                   Title

## M E M O R A N D U M

**TO:**      Mayor Bobby Bright

**THRU:**    Mr. Randy Dixon, Exec. Asst. to the Mayor

**FROM:**    Mr. James D. Wilder, Maintenance Director

**DATE:**    May 1, 2001

**RE:**       SUSPENSION RECOMMENDATION – STEPHANIE SMITH

Attached is a recommendation for a fourteen (14) calendar day suspension of the above referenced employee of the Maintenance Department. As you will note, we are having serious personnel problems with Mrs. Smith. After being served Per. Form 39, a waiver of right to hearing, Mrs. Smith voluntarily waived her right to attend a hearing before the Mayor to contest the charges against her.

Your favorable consideration of this recommendation will be greatly appreciated.

JDW/gg

Attachment

**PER. FORM 39**

Revised 2/01

Date: **May 1, 2001**

## WAIVER OF RIGHT TO HEARING

After having been served with a statement of charges, I acknowledge that I have a right to a hearing before the Mayor and I hereby waive my right to a hearing before the Mayor to contest the charges against me. I acknowledge that the charges are sustained.

I accept the recommendation of _____James D. Wilder_____ that I be:

*Maintenance Director*

**X**    **Suspended for** __~~39~~ *14 you*__ **days** *(more than 5 days)* **(calendar)**

_____ **Dismissed**

_____ **Demoted from** _____ **to** _____

However, I am aware that the recommended punishment is only a <u>recommendation</u> to the Mayor and that the Mayor has the right and discretion to either accept the recommended punishment or set his own punishment, which may be more or less severe than the recommended punishment.

I have been advised that if it is my present intention to appeal to the Personnel Board, the better practice is to first exercise my right to appeal to the Mayor. I understand, however, that my signature on this waiver does not constitute the waiver of whatever, if any, right of appeal I may have to the Personnel Board.

Stephanie Smith *Stephanie Smith*
**Signature of Employee**

*Thomas Prauitt jr*
**Witness**

## RECOMMENDATION FOR DISCIPLINARY ACTION

**Employee:** **STEPHANIE SMITH**

**Address:** **3780 COOSADA ROAD, MILLBROOK, AL  36054**

**Date:** **APRIL 30, 2001**

You are herewith notified that I am recommending that you be:

____**X**____ Suspended for ___~~25~~ 14 *(handwritten)*___ days    (calendar)

_____ Dismissed

_____ Demoted from _____ to _____

____**X**____ The reasons for this recommendation are:
        *(List all charges - attach additional sheets as required)*

On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate. At approximately 10:35 a.m., your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. (CONTINUED ON PAGE TWO)

____**X**____ Previous Record Considered
        *(Chronological list of prior offenses and action taken)*

SEE PAGE TWO

_____ Transcripts of hearing attached

A hearing will be set by the Appointing Authority to consider this recommendation and the charges. You will be given the opportunity to respond to the recommendation and these charges at this hearing. You will be notified in writing of the hearing date and your rights at said hearing.

_James D. Wilder_ *(signature)*
James D. Wilder, Maintenance Director
**Supervisor/Department Head**

I hereby certify that this document was given to the employee or placed in the U. S. mail on:    __4__   __30__   __2001__
                                                                                    month   day   year

_James D. Wilder_ *(signature)*
James D. Wilder, Maintenance Director
**Supervisor/Department Head**

_Billy Sexton_ *(signature)*
                **Witness**

Case 2:06-cv-00529-MEF-CSC    Document 9-14    Filed 01/26/2007    Page 89 of 146

As a Labor Foreman I, you are expected to supervise the men in your crew and set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

## PAST RECORD CONSIDERED

1. On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

2. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

3. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

4. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

5. On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

Case 2:06-cv-00059-MEF-CSC    Document 9-14    Filed 01/26/2007    Page 90 of 146

Mr. Wilder brought the hearing on April 30, 2001, to a close at approximately 3:25 p.m., to think about Mr. Sexton's recommendation of a twenty-nine (29) calendar day suspension.

On May 1, 2001, Mr. Wilder reconvened the hearing with Mrs. Smith in the presence of Mr. Thomas Provitt, Construction Supervisor, and Miss Gail Gipson. Mr. Wilder changed the recommendation to a fourteen (14) calendar day suspension. Mrs. Smith voluntarily waived her right to attend a hearing before the Mayor to contest the charges against her.

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

STEPHANIE SMITH
_____
(Employee's Name)

3780 COOSADA ROAD
_____
(Street Address)

MILLBROOK,            AL            36054
_____
(City)            (State)            (Zip)

Please be advised that a departmental hearing has been scheduled for the __30th__ day of _____ April _____.

__2001__ at __3:00__ o'clock __p__ .m. at __the Maintenance Office__ before James D. Wilder, Maint. Director

for the purpose of considering disciplinary action against you for the following reasons _(attach additional sheets as required)_. On April 23, 2001, you were counseled for showing poor leadership by sleeping on the job and for being insubordinate . At approximately 10:35 a.m., your immediate supervisor Mr. Billy Sexton, Construction Foreman III, found you asleep in your dump truck on Dalraida Road. He instructed you and your crew to clean the school tunnel at Dalraida School. Instead of cleaning the tunnel as instructed, you fell asleep in the truck. Four other employees, including your crew, watched Mr. Sexton wake you up. **(CONTINUED ON PAGE TWO)**

**You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. Disciplinary actions exceeding suspensions of more than five (5) days require a hearing before the Mayor, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.**

_James D. Wilder_
_____
James D. Wilder, Maintenance Director
Department Head

The above was read in full and a copy offered the employee on the __25th__ day of _____ April _____.
__2001__ .

**The Employee:**

__✓__        Accepted a copy of same and acknowledged receipt thereof.

_____        Accepted a copy but would not acknowledge receipt.

_____        Refused to accept a copy.

Signed: _Gail F. Gipson_

Witness: _Billy Sexton_

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_Stephanie Smith_
_____
Employee

Case 2:06-cv-00059-MEF-CSC    Document 9-14    Filed 01/26/2007    Page 92 of 146

As a Labor Foreman I, you are expected to supervise the men in your crew and set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is also not justifiable to the general public. By committing this act, you have violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

## PAST RECORD CONSIDERED

1.  On January 3, 2001, you were counseled concerning your inexcusable absence on December 20, 2000. You called in sick with less than forty hours of accumulated sick leave time. When you reported back to work you failed to bring a doctor's certificate to cover your absence. By committing this act, you violated Departmental Rule 4 as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence."

On June 28, 1999, you were suspended without pay for three working days, from June 29, 1999, through July 1, 1999, for the following reasons:

2.  On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you violated Departmental Rule 11 as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."

3.  On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the City Lot which slows down his work production.

4.  On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you have violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

5.  On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

Revised 10/93

## EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH          **Position:** LABOR FOREMAN I

**Supervisor:** BILLY SEXTON          **Dept.:** MAINTENANCE

**Date of Counseling:** APRIL 23, 2001

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for showing poor leadership by sleeping on the job. At approximately 10:35 a.m., on the above date your immediate supervisor, Mr. Sexton found you asleep in your dump truck on Dalraida Road. You and your crew were assigned to clean the school tunnel at Dalraida School. Mr. Sexton said when he first arrived, he found you asleep. He then went to the tunnel and got four (4) other employees to watch him wake you up. They were Mr. Sedrick Cross, Heavy Equipment Operator I; Mr. Roderick Chambers, Laborer; Mr. Mark Singleton, Laborer; and Mr. Marion Richardson, Laborer. When all five (5) of them returned to your dump truck, you were still asleep. Mr. Sexton had to call your name twice before you woke up. As a Labor Foreman I, you are expected to supervise the men on your crew and to set a good example. Instead, the Laborers were working and you were asleep. This type of behavior is not justifiable to the general public. (CONTINUED ON PAGE TWO)

**Employee's response:** You admitted to being asleep as stated above. Normally, you help your crew clean out the tunnels, but for some reason you fell asleep. You said the last thing you remembered which was ten (10) minutes earlier, was talking on the radio to your husband. Then the next thing you remembered was Mr. Sexton calling your name. You said you have no excuse.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. You have been previously suspended for this same infraction. Due to the above incident and considering your past record, a recommendation for a twenty-nine (29) calendar day suspension without pay will be made to Mr. James D. Wilder, Maintenance Director.

_____          _____
          **Supervisor**                    **Date**

My signature indicates that the above matters were discussed with me on this _____25th_____ day of _____April_____ ,
____2001____ and that I received a copy of this form.

_____
          **Employee Signature**

This will certify that _____, as indicated above, was offered a copy of
this form but refused to sign the Employee Counseling Record.

_____
          **Supervisor**

Attach additional sheets as required.

**PAGE TWO - FORM 30**
**RE: STEPHANIE SMITH**
**APRIL 23, 2001**

Being that you failed to follow Mr. Sexton's instruction to help clean the school tunnel, you also violated Rule 10 of the Maintenance Department Rules, Procedures and Information as follows: "Insubordination of any kind will not be tolerated in the Maintenance Department. Any employee guilty of insubordination will be subject to severe disciplinary action."

# EMPLOYEE COUNSELING RECORD

**Employee:** STEPHANIE SMITH        **Position:** *Laber Foreman I* ~~EQUIPMENT OPERATOR~~

**Supervisor:** BILLY SEXTON        **Dept.:** MAINTENANCE

**Date of Counseling:** JANUARY 3, 2001

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, concerning your inexcusable absence on Wednesday, December 20, 2000. You called the office and stated you could not report to work because you were sick. You had less than forty (40) hours of accumulated sick leave time and you failed to bring a doctor's certificate to cover your absence. By committing this act, you have violated Rule 3 of the Maintenance Department Rules, Procedures and Information as follows in part: "Sick leave will not be approved without a doctor's certificate for employees with a balance of less than forty (40) hours on the date of absence." Since you failed to provide a doctor's certificate, you were not paid for the absence.

**Employee's response:** You said you forgot to get a doctor's certificate.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. Any future incident of this nature will lead to severe disciplinary actions.

_____
Supervisor

01-03-2001
Date

My signature indicates that the above matters were discussed with me on this _4th_ day of _____ JANUARY

___2001___ and that I received a copy of this form.

_Stephanie Smith_
Employee Signature

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
Supervisor

Attach additional sheets as required.

Certified Mail
Return Receipt Requested

Date _____June 28, 1999_____

## NOTIFICATION OF SUSPENSION

**STEPHANIE SMITH**
_____
(Employee's Name)

**3780 COOSADA ROAD**
_____
(Street Address)

**MILLBOOK,          ALABAMA          36054**
   (City)                (State)              (Zip)

This is to notify you that as of this date, you are herewith suspended without pay for the period of _three (3) working days_

from _Tuesday, June 29, 1999, through Thursday, July 1_ , 1999.  You are to report back to work on _Friday, July 2, 1999._

The reason(s) for this suspension is (are) *(List all charges - attach additional sheets as required)*:

1. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job.  At 11:00 a.m., your supervisor, Mr. Billy Sexton, Construction Foreman III, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex.  By committing this act, you have violated Rule 11 of the Maintenance Department Rules, Procedures and Information as follows:  "Foremen and Acting Foreman are responsible for the conduct of men in their working crews."

Previous record considered *(List all actions considered - attach additional sheets as required)*:

See Page Two.

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulatioins, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director in Room 224, City Hall.

Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before the Personnel Board.

Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System Law.

_____
James D. Wilder
Department Head/Appointing Authority

_____
Employee's Signature of Receipt

Maintenance Director
_____
Title

PAGE TWO – FORM 32
RE: STEPHANIE SMITH
JUNE 28, 1999

## PAST RECORD CONSIDERED

1.  On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down his work production.

2.  On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3.  On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

Revised 10/93

## CITY OF MONTGOMERY

# NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

STEPHANIE SMITH
_____
(Employee's Name)

3780 COOSADA ROAD
_____
(Street Address)

MILLBROOK                AL                36054
_____
(City)                  (State)          (Zip)

Please be advised that a departmental hearing has been scheduled for the ___28th___ day of _____June_____,

___1999___ at ___3:15___ o'clock _p_ .m. at ___the Maintenance Office___ before Mr. James D. Wilder, Maint. Dir.

for the purpose of considering disciplinary action against you for the following reasons *(attach additional sheets as required)*.
1. On June 21. 1999. you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton. Construction Foreman III. found you and your men asleep in the dump truck at East Montgomery Baseball Complex. By committing this act, you have violated Rule 11 of the Maintenance Department Rules. Procedures and Information as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."
(CONTINUED ON PAGE TWO)

You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. Disciplinary actions exceeding suspensions of more than five (5) days require a hearing before the Mayor, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.

_James D. Wilder_
James D. Wilder, Maintenance Director
_____
Department Head

The above was read in full and a copy offered the employee on the ___24th___ day of _____JUNE_____,
___1999___ .

The Employee:

__✓__        Accepted a copy of same and acknowledged receipt thereof.

_____        Accepted a copy but would not acknowledge receipt.

_____        Refused to accept a copy.

Signed:    _Gail J. Gipson_

Witness:   _Billy Sexton_

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

_Stephanie Smith_
_____
Employee

PAGE TWO – FORM 31
RE: STEPHANIE SMITH
JUNE 24, 1999

## PAST RECORD CONSIDERED

1.  On March 23, 1999, you were counseled for abusing your leave time.  You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needed someone to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down his work production.

2.  On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic.  One of those vehicles was yours.  By committing this act, you violated Departmental Rule 14 as follows:  "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3.  On February 1, 1996, you were counseled for leaving your assigned work area and for taking an excessively long lunch break.  You were instructed to haul mud from the ditch on Worley Lane. At aproximately 11:00 a.m., you left Worley Lane without permission and went to lunch.  You returned an hour later.  By committing these acts, you violated Departmental Rule 14, as stated above and Rule 22, as follows:  "Lunch breaks will not exceed thirty (30) minutes.  Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

## EMPLOYEE COUNSELING RECORD

Employee: **STEPHANIE SMITH**                    Position: **LABOR FOREMAN I**

Supervisor: **BILLY SEXTON**                     Dept.: **MAINTENANCE**

Date of Counseling: **JUNE 21, 1999**

**Reason for Counseling** *(Description of performance, conduct or commendation-give specific facts, background information, dates and times):*

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for sleeping on the job on June 21, 1999. At approximately 11:00 a.m., Mr. Sexton went to the East Montgomery Baseball Complex and he found you asleep in the dump truck along with two (2) laborers that are assigned to you. This act has shown poor leadership as well as violating Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foreman are responsible for the conduct of men in their working crews." You stated that you all were taking a lunch break and there was nothing to do because all of the Equipment Operators had gone to lunch. Mr. Sexton stated that there were tree limbs in the parking lot that you all could have been picking up.

**Employee's response:** During the hearing, you stated that you were taking a lunch break because the Equipment Operators had gone to lunch.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions:** Sleeping on the job will not be tolerated by the Maintenance Department. Due to the seriousness of the above act, and considering your past record, a recommendation for a five (5) day suspension will be made to Mr. James D. Wilder, Maintenance Director.

_____          June 23, 1999
           Supervisor                       Date

My signature indicates that the above matters were discussed with me on this _____24th_____ day of _____JUNE_____ 1999_____ and that I received a copy of this form.

                                    _Stephanie Smith_
                                    Employee Signature

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

                                    _____
                                              Supervisor

Attach additional sheets as required.

## EMPLOYEE COUNSELING RECORD

mployee: **STEPHANIE NUSS**                    Position: **LABOR FOREMAN I**

upervisor: **BILLY SEXTON**                    Dept.: **MAINTENANCE**

ate of Counseling:    **MARCH 23, 1999**

eason for Counseling *(Description of performance, conduct or commendation-give specific facts, background information, ates and times)*:

ou were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence
f Miss Gail Gipson, Maintenance Superintendent, for abusing your leave time. You've been employed with us for over four (4)
ears and you have been off frequently. Mr. Sexton stated that he needed someone he could depend on to drive on a regular basis.
uring your absences, the dump truck is just parked on the lot which slows down work production.

mployee's response: During the hearing, you stated that you have been off lately because you are having sinus problems.
ou stated that you cannot drive the dump truck because your equilibrium is off and you don't want to endanger the lives
f other people. When asked about your past absences, you said you were off because you didn't have anyone to keep your
hild when your parents went to the lake.

corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further
fractions: Your work attendance must improve immediately within the next three (3) months. If your attendance doesn't improve
Ir. Sexton will recommend reassigning someone else to drive the dump truck.

_Billy Sexton_ _____          March 26, 1999
      Supervisor                                      Date

ly signature indicates that the above matters were discussed with me on this    26th    day of    MARCH    .
   1999    and that I received a copy of this form.

_Stephanie Nuss_
      Employee Signature

his will certify that _____, as indicated above, was offered a copy of
is form but refused to sign the Employee Counseling Record.

_____
      Supervisor

ttach additional sheets as required.

Revised 10/93

# EMPLOYEE COUNSELING RECORD

Employee: __Stephanie Nuss__    Position: __Labor Foreman I__

Supervisor: __Donnie Brantley__    Dept.: __Maintenance__

Date of Counseling: __January 26, 1998__

**Reason for Counseling** (*Description of performance, conduct or commendation – give specific facts, background information, dates and times*):

You were counseled on the above date by Mr. Douglas Jones, Assistant Maintenance Director, in the presence of Mr. Tom Provitt, Construction Supervisor; Mr. Donnie Brantley, Construction Foreman III and Miss Gail Gipson, Maintenance Superintendent, concerning an incident that occurred on the job on this same date. At approximately 7:40 a.m., we received a telephone call from a private citizen complaining about several City vehicles that were slowing up traffic on N. Decatur Street. Mr. Provitt and Mr. Brantley inspected the area and your vehicle, along with three (3) other Maintenance Department vehicles, was parked at Davis Cafe which is located on N. Decatur Street. **(CONTINUED ON PAGE TWO)**

**Employee's response:** During the hearing you stated that you had left the City Lot at 7:15 a.m., which put you a little behind schedule.

**If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. Future incidents of this nature will lead to your suspension.

_____    _____
Supervisor                           Date

My signature indicates that the above matters were discussed with me on this __26th__ day of __January__, 19__98__ and that I received a copy of this form.

_____
Employee Signature

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
Supervisor

**Attach additional sheets as required**

PAGE TWO – FORM 30
RE: STEPHANIE NUSS
JANUARY 26, 1998

During the hearing, Mr. Jones informed you that we cannot afford to have private citizens calling in with type of complaint. He also stated that if you are on your way to the job site, it would be alright to stop and quickly pick up breakfast, but if you see other City vehicles, do not stop  Davis Café is not located anywhere near your assigned work area and by 7.40 a.m., you should have been at your assigned work area.   By committing this act, you have violated Rule 14 of the Maintenance Department Rules, Procedures and Information as follows

"All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor.  If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

PREPARED 7/20/00, PASS8DMNI MERIT INCREASES BEGINING 7/21/2000 ENDING 8/03/2000 AND PAYABLE 8/11/2000   PAGE 1V

DEPARTMENT: 58 04

THE EMPLOYEES WHOSE NAMES APPEAR ON THIS LIST WILL RECEIVE THEIR MERIT INCREASE/LONGEVITY INCREASE ON THE DATE INDICATED.

| NAME | S.S. # | POSITION | CURRENT STEP | CURRENT RATE | OLD B/W | REVIEW DATE | PAY GRADE | NEW STEP | NEW RATE | SCH HRS | NEW B/W | ANNUAL SALARY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SMITH, STEPHANIE A | 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 | 05040 | 5 | 10.3186 | | 7/20/2001 | 190 | 06 | 10.5505 | 80 | 844.04 | 21945 |

APPROVED: _____

SIGNATURE OF DEPARTMENT HEAD

DATE: ........................... 7-31-00

CC: PERSONNEL
    PAYROLL

PREPARED 7/16/99, PA5505RNN1 MERIT INCREASES BEGINING 7/25/1999 ENDING 8/05/1999 AND PAYABLE 8/13/1999                    PAGE 15

DEPARTMENT: 58 04
DEPARTMENT:       NAME                    S.S. #      POSITION  CURRENT  CURRENT    OLD      REVIEW    PAY    NEW    NEW     SCH    NEW       ANNUAL
                                                                STEP     RATE       B/W      DATE      GRADE  STEP   RATE    HRS    B/W       SALARY

SMITH, STEPHANIE A               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  05040      4       9.7079            7/22/2000  190    05    9.9540  80  794.72  20663

EMPLOYEES WHOSE NAMES APPEAR ON THIS LIST WILL RECEIVE THEIR MERIT INCREASE/LONGEVITY INCREASE ON THE DATE INDICATED.

DEPT: PERSONNEL
PAYROLL

APPROVED:

SIGNATURE OF DEPARTMENT HEAD

DATE: ...7-26-99...

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
## RECOMMENDATION FOR PERSONNEL ACTION

JUL 1 1 2? ??'99

Department/Division __Maintenance__        __5804__        Date __6-29-99__

Name of Employee    __Stephanie  Smith__        Effective Date  __6-29-99__

Social Security # __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__    Classification __Labor  Foreman  I__    Job Code __5040__

Item 2 requires the signature of both department heads.
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | | |
|---|---|---|
| 1. Transfer within department ............................. ( ) | 9. Retirement ............................................. ( ) |
| 2. Transfer to another department ................... ( ) | 10. Separation by death ............................. ( ) |
| 3. Demotion ................................................ ( ) | 11. Expiration by Temp. Apt. ...................... ( ) |
| 4. Layoff .................................................... ( ) | 12. Return LWOP .................................... ( ) |
| 5. Dismissal ............................................... ( ) | 13. Return from Military Lv ....................... ( ) |
| 6. Leave without Pay .................................... ( ) | 14. Change of Name ................................ ( ) |
| 7. Suspension ............................................ ( XXX ) | 15. Change in Salary ............................... ( ) |
| 8. Resignation ............................................ ( ) | 16. |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department** (Items 1 & 2) | | |
| **Classification & Salary** (Items 1, 2, 3) | | |
| **Dates** (Items 6 & 7) | June 29,1999 | July 1, 1999 |
| | To report back to work on Friday, July 2, 1999 | |
| **Name** (Item 14) | | |
| **Amount** (Item 15) | | |
| **Other** (Item 16) | | |

If action is Resignation or Layoff, is Reemployment Recommended?  Yes (  )        No (  )

Funds are available    _Kingh S. Austin_        Date  __b-30-99__
                            Disbursing Officer

**Explanation and remarks** (Give reason for any action which is not self-expanatory)
    Suspended from Tuesday, June 29, 1999, through Thursday, July 1, 1999.  To report back to work on Friday, July 2, 1999.

(Signed) 1. _Joseph Folmar_        Date  JUL 01 1999
                    Appointing Authority

        2. _James. Web_        Date  6/29/99

        3. _____        Date  _____

        4. _____        Date  _____
                Personnel Director            JUL 0 6 1999

300-419

Certified Mail
Return Receipt Requested

Date _____ June 28, 1999 _____

## NOTIFICATION OF SUSPENSION

**STEPHANIE SMITH**
                    (Employee's Name)

**3780 COOSADA ROAD**
                    (Street Address)

**MILLBOOK,**        **ALABAMA**        36054
   (City)            (State)           (Zip)

This is to notify you that as of this date, you are herewith suspended without pay for the period of __three (3) working days__

from Tuesday, June 29, 1999, through Thursday, July 1 , 1999.  You are to report back to work on Friday, July 2, 1999.

The reason(s) for this suspension is (are) *(List all charges - attach additional sheets as required)*:

1. On July 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, Construction Foreman III, found you and your men asleep in the dump truck at the East Montgomery Baseball Complex. By committing this act, you have violated Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foreman are responsible for the conduct of men, in their working crews."

Previous record considered *(List all actions considered - attach additional sheets as required)*:

See Page Two.

Suspensions in excess of 30 calendar days in any fiscal year may be appealed to the Personnel Board. Suspensions of 30 calendar days or less may not be appealed to the Personnel Board except as may be otherwise provided in Personnel Rules and Regulatioins, Rule VIII, Section 12 and Rule VII, Section 12 or 13.

A permanent employee who has received a suspension appealable under Personnel Rules and Regulations may answer these charges within three (3) days from the date of receipt of the notification of suspension by responding in writing to the Appointing Authority and providing a copy to the Personnel Director in Room 224, City Hall.

Within ten (10) days from the time for filing your answer, you may file a written request with the Personnel Director for a hearing before the Personnel Board.

Consult the Montgomery City-County Personnel Board, Room 224, City Hall relative to any other rights you have under the Merit System Law.

                                        _James D. Wilder_____
                                        James D. Wilder
                                        Department Head/Appointing Authority

_Stephanie Smith_____          Maintenance Director_____
Employee's Signature of Receipt                              Title

PAGE TWO – FORM 32
RE: STEPHANIE SMITH
JUNE 28, 1999

## PAST RECORD CONSIDERED

1.  On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needs someone to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down his work production.

2.  On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3.  On February 1, 1996, you were counseled for leaving your assigned work area without permission and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Department Rule14, as stated above, and Rule 22 as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

**CITY OF MONTGOMERY**

## NOTICE OF DEPARTMENTAL DISCIPLINARY HEARING

**STEPHANIE SMITH**
_____
(Employee's Name)

**3780 COOSADA ROAD**
_____
(Street Address)

**MILLBROOK**            **AL**            36054
_____
(City)            (State)            (Zip)

Please be advised that a departmental hearing has been scheduled for the ___28th___ day of _____June_____,

___1999___ at ___3:15___ o'clock ___p___ .m. at ___the Maintenance Office___ before Mr. James D. Wilder, Maint. Dir.

for the purpose of considering disciplinary action against you for the following reasons (*attach additional sheets as required*).
1. On June 21, 1999, you were counseled for showing poor leadership and for sleeping on the job. At 11:00 a.m., your supervisor, Mr. Billy Sexton, Construction Foreman III, found you and your men asleep in the dump truck at East Montgomery Baseball Complex. By committing this act, you have violated Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foremen are responsible for the conduct of men in their working crews."
(CONTINUED ON PAGE TWO)

You may be present if you desire and you may respond in writing and/or orally at the time of the hearing. You may not be represented by an attorney at the departmental level. Disciplinary actions exceeding suspensions of more than five (5) days require a hearing before the Mayor, and you will be advised in writing of such hearing if required at the conclusion of your departmental hearing.

*James D. Wilder* (signature)
James D. Wilder, Maintenance Director
_____
**Department Head**

The above was read in full and a copy offered the employee on the ___24th___ day of _____JUNE_____,
___1999___ .

**The Employee:**

___✓___            Accepted a copy of same and acknowledged receipt thereof.

_____            Accepted a copy but would not acknowledge receipt.

_____            Refused to accept a copy.

Signed: *Gail J. Lipson* (signature)

Witness: *Billy Sexton* (signature)

I hereby acknowledge receipt of this notification of said charges and of the hearing thereon.

*Stephanie Smith* (signature)
_____
**Employee**

**PAGE TWO – FORM 31**
**RE: STEPHANIE SMITH**
**JUNE 24, 1999**

## PAST RECORD CONSIDERED

1. On March 23, 1999, you were counseled for abusing your leave time. You've been employed with us for over four (4) years and you have been off very frequently. Mr. Sexton stated that he needed someone to drive on a regular basis. During your absences, the dump truck is just parked on the lot which slows down his work production.

2. On June 26, 1998, you were counseled for not being at your assigned work site by 7:40 a.m. You were parked at Davis Café which is located on N. Decatur Street. A private citizen called and complained about several City vehicles slowing up traffic. One of those vehicles was yours. By committing this act, you violated Departmental Rule 14 as follows: "All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

3. On February 1, 1996, you were counseled for leaving your assigned work area and for taking an excessively long lunch break. You were instructed to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left Worley Lane without permission and went to lunch. You returned an hour later. By committing these acts, you violated Departmental Rule 14, as stated above and Rule 22, as follows: "Lunch breaks will not exceed thirty (30) minutes. Normally lunch will be taken from 12:00 noon to 12:30 p.m.; however, as work load requires, lunch may be taken any time during the day."

# EMPLOYEE COUNSELING RECORD

_yee:_ **STEPHANIE SMITH**                    Position:  **LABOR FOREMAN I**

_upervisor:_ **BILLY SEXTON**                    Dept.:    **MAINTENANCE**

Date of Counseling:  **JUNE 21, 1999**

**Reason for Counseling** (_Description of performance, conduct or commendation-give specific facts, background information, dates and times_):

You were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence of Miss Gail Gipson, Maintenance Superintendent, for sleeping on the job on June 21, 1999. At approximately 11:00 a.m., Mr. Sexton went to the East Montgomery Baseball Complex and he found you asleep in the dump truck along with two (2) laborers that are assigned to you. This act has shown poor leadership as well as violating Rule 11 of the Maintenance Department Rules, Procedures and Information as follows: "Foremen and Acting Foreman are responsible for the conduct of men in their working crews." You stated that you all were taking a lunch break and there was nothing to do because all of the Equipment Operators had gone to lunch. Mr. Sexton stated that there were tree limbs in the parking lot that you all could have been picking up.

**Employee's response:** During the hearing, you stated that you were taking a lunch break because the Equipment Operators had gone to lunch.

If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further infractions: Sleeping on the job will not be tolerated by the Maintenance Department. Due to the seriousness of the above act, and considering your past record, a recommendation for a five (5) day suspension will be made to Mr. James D. Wilder, Maintenance Director.

_(signed) Billy Sexton_                    June 23, 1999
          **Supervisor**                    **Date**

My signature indicates that the above matters were discussed with me on this    **24th**    day of _____ **JUNE**  .
**1999**    and that I received a copy of this form.

_(signed) Stephanie Smith_
                    **Employee Signature**

This will certify that _____ , as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

                    **Supervisor**

Attach additional sheets as required.

## EMPLOYEE COUNSELING RECORD

~~loyee:~~ **STEPHANIE NUSS**      Position:   **LABOR FOREMAN I**

~~upervisor:~~ **BILLY SEXTON**      Dept.:   **MAINTENANCE**

~~)ate~~ of Counseling:   **MARCH 23, 1999**

~~leason~~ for Counseling *(Description of performance, conduct or commendation-give specific facts, background information,*

*lates and times):*
~~You~~ were counseled on the above date by your immediate supervisor, Mr. Billy Sexton, Construction Foreman III, in the presence
~~)f~~ Miss Gail Gipson, Maintenance Superintendent, for abusing your leave time. You've been employed with us for over four (4)
~~(ears~~ and you have been off frequently. Mr. Sexton stated that he needed someone he could depend on to drive on a regular basis.
~~During~~ your absences, the dump truck is just parked on the lot which slows down work production.

**Employee's response:** During the hearing, you stated that you have been off lately because you are having sinus problems.
You stated that you cannot drive the dump truck because your equilibrium is off and you don't want to endanger the lives
of other people. When asked about your past absences, you said you were off because you didn't have anyone to keep your
child when your parents went to the lake.

**If corrective action is required please specify the nature of the action to be taken by the employee and the consequences of further
infractions:** Your work attendance must improve immediately within the next three (3) months. If your attendance doesn't improve
Mr. Sexton will recommend reassigning someone else to drive the dump truck.

_____
Supervisor

March 26, 1999
Date

My signature indicates that the above matters were discussed with me on this   **26th**   day of   **MARCH**
**1999**   and that I received a copy of this form.

_____
Employee Signature

This will certify that _____, as indicated above, was offered a copy of
this form but refused to sign the Employee Counseling Record.

_____
Supervisor

Attach additional sheets as required.

## EMPLOYEE COUNSELING RECORD

**Employee:** Stephanie Nuss                    **Position:** Labor Foreman I

**Supervisor:** Donnie Brantley                    **Dept.:** Maintenance

**Date of Counseling:** January 26, 1998

**Reason for Counseling** (*Description of performance, conduct or commendation – give specific facts, background information, dates and times*):

You were counseled on the above date by Mr. Douglas Jones, Assistant Maintenance Director, in the presence of Mr. Tom Provitt, Construction Supervisor; Mr. Donnie Brantley, Construction Foreman III and Miss Gail Gipson, Maintenance Superintendent, concerning an incident that occurred on the job on this same date. At approximately 7:40 a.m., we received a telephone call from a private citizen complaining about several City vehicles that were slowing up traffic on N. Decatur Street. Mr. Provitt and Mr. Brantley inspected the area and your vehicle, along with three (3) other Maintenance Department vehicles, was parked at Davis Cafe which is located on N. Decatur Street. **(CONTINUED ON PAGE TWO)**

**Employee's response:** During the hearing you stated that you had left the City Lot at 7:15 a.m., which put you a little behind schedule.

**If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions:** This type of behavior will not be tolerated by the Maintenance Department. Future incidents of this nature will lead to your suspension.

_____    1/27/98
Supervisor                          Date

My signature indicates that the above matters were discussed with me on this 28th day of JANUARY, 1998 and that I received a copy of this form.

_Stephanie Nuss_
Employee Signature

This will certify that _____, as indicated above, was offered a copy of this form but refused to sign the Employee Counseling Record.

_____
Supervisor

Attach additional sheets as required

**PAGE TWO – FORM 30**
**RE: STEPHANIE NUSS**
**JANUARY 26, 1998**

During the hearing, Mr. Jones informed you that we cannot afford to have private citizens calling in with type of complaint. He also stated that if you are on your way to the job site, it would be alright to stop and quickly pick up breakfast, but if you see other City vehicles, do not stop. Davis Café is not located anywhere near your assigned work area and by 7:40 a.m., you should have been at your assigned work area. By committing this act, you have violated Rule 14 of the Maintenance Department Rules, Procedures and Information as follows:

"All personnel will remain in their assigned work area unless directed to go elsewhere by their supervisor. If it becomes necessary to change locations advise your supervisor as soon as possible of the situation."

.730
.0/93

# EMPLOYEE COUNSELING RECORD

**Employee:** Stephanie Nuss                    **Position:** Equipment Operator

**Supervisor:** Donald Thomas                    **Dept.:** Maintenance

**Date of Counseling:** February 1, 1996

**Reason for Counseling** (*Description of performance, conduct or commendation – give specific facts, background information, dates and times*):
You were counseled by Doug Jones, Asst. Maint. Director, on the above date in the presence of Donald Thomas, Constr. Foreman III, and Gail Gipson, Maint. Supt., regarding an incident that occurred on January 30, 1996. Donald instructed you to haul mud from the ditch on Worley Lane. At approximately 11:00 a.m., you left the jobsite without permission and went to the City Lot to eat lunch at the office. Counting from the time you left the jobsite, ate lunch and returned back to the jobsite, one (1) hour had passed. By committing this act, you have violated Rules 22 and 14 of the Maintenance Department Rules, Procedures and Information as follows: Rule 22 (in part) – Lunch breaks will not exceed thirty (30) minutes.            **(CONTINUED ON PAGE TWO)**

**Employee's response:**

If corrective action is required please specify the nature of the action to be taken by employee and the consequence of further infractions: This type of behavior will not be tolerated by the Maintenance Department. Future incidents of this nature will lead to severe disciplinary actions.

_Donald Thomas_                    February 1, 1996
**Supervisor**                              **Date**

My signature indicates that the above matters were discussed with me on this ___1st___ day of ___February___,
19_96_ and that I received a copy of this form.

X _Stephanie Nuss_
**Employee Signature**

This will certify that _____, as indicated above, was offered a copy of
this form but refused to sign the Employee Counseling Record.

_____
**Supervisor**

Attach additional sheets as required

**PAGE TWO - FORM 30**
**RE: STEPHANIE NUSS**
**FEBRUARY 1, 1996**

Rule 14 - All personnel will remain in their assigned work areas unless directed to go elsewhere by their supervisor.  If it becomes necessary to change locations advise your supervisor as soon as possible of the situation.

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
### RECOMMENDATION FOR PERSONNEL ACTION

MAY 21   2 05 PM '99

Department/Division _____ 5804 Maintenance _____    Date __5-19-99__

Name of Employee __Stephanie R Nuss__    Effective Date __5-19-99__

Social Security # __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__    Classification __Labor Foreman I__    Job Code __5040__

Item 2 requires the signature of both department heads.
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | | | |
|---|---|---|---|
| 1. Transfer within department .................................( ) | 9. Retirement .......................................................( ) |
| 2. Transfer to another department .........................( ) | 10. Separation by death .......................................( ) |
| 3. Demotion .............................................................( ) | 11. Expiration by Temp. Apt. ...............................( ) |
| 4. Layoff .................................................................( ) | 12. Return LWOP .................................................( ) |
| 5. Dismissal ...........................................................( ) | 13. Return from Military Lv .................................( ) |
| 6. Leave without Pay ..........................................( ) | 14. Change of Name ........................................XXXX |
| 7. Suspension .......................................................( ) | 15. Change in Salary ..........................................( ) |
| 8. Resignation ......................................................( ) | 16. |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| Department (Items 1 & 2) | | |
| Classification & Salary (Items 1, 2, 3) | | |
| Dates (Items 6 & 7) | | |
| Name (Item 14) | Stephanie R Nuss | Stephanie Ann Smith |
| Amount (Item 15) | | |
| Other (Item 16) | Address change: | 3780 Coosada Rd  Millbrook, AL 36054 |

If action is Resignation or Layoff, is Reemployment Recommended?   Yes ( )        No ( )

Funds are available _____Hugh S. Austin_____        Date __5-21-99__
                                    Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-expanatory)

(Signed) 1. _____        Date _____
                                    Appointing Authority

        2. _____        Date __5/20/99__

        3. _____        Date _____

        4. _____Barbara M. Montaya_____        Date __5-24-99__
                Personnel Director

300-419

\*\*\* REC 1999138  105501 PB113613 prf9  CIPMEA1  PEA1  (F-prf ) \*\*\*

SOCIAL SECURITY ADMINISTRATION
IMPORTANT INFORMATION

SOCIAL SECURITY
2450 PRESIDENT'S DRIVE
MONTGOMERY, AL 36116

DATE: May 18, 1999

STEPHANIE ANN SMITH
3780 COOSADA RD
MILLBROOK, AL 36054

285-7418

This is a receipt to show that you applied for a Social Security card on
May 18, 1999. You should have your card in about 2 weeks.

If you do not receive your Social Security card within 2 weeks, please let us
know. You may call, write or visit any Social Security office. If you visit an
office, please bring this letter with you.

Field Office Manager

PAREO  7/20/9R, PRSR5L          MERIT INCREASES BEGINING  7/24/9R ENDING  8/06/9R AND PAYABLE  8/14/9R                    PAGE 15

EPARTMENT:
    58  04
    NAME                        S.S. #    POSITION  CURRENT  CURRENT  OLD    REVIEW  PAY    NEW   NEW    SCH  NEW    ANNUAL
                                                    STEP     RATE     R/W    DATE    GRADE  STEP  RATE   HRS  R/W    SALARY

MUSS, STEPHANIE R               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 05040    3      9.2567    7/23/99 190   04    9.4675  80  757.40  19,692

C: PERSONNEL
PAYROLL

HE EMPLOYEES WHOSE NAMES APPEAR ON THIS LIST WILL RECEIVE THEIR MERIT INCREASE/LONGEVITY INCREASE ON THE DATE INDICATED.

APPROVED:

SIGNATURE OF DEPARTMENT HEAD

DATE:  7-23-98

PREPARED 7/18/97, PR585L

DEPARTMENT:

MERIT INCREASES BEGINING 7/25/97 ENDING 8/07/97 AND PAYABLE 8/15/97                                   PAGE 1d

NUSS, STEPHANIE R

| NAME | S.S. # | POSITION | CURRENT STEP | CURRENT RATE | OLD B/W | REVIEW DATE | PAY GRADE | NEW STEP | NEW RATE | SCH HRS | NEW B/W | ANNUAL SALARY |
|------|--------|----------|--------------|--------------|---------|-------------|-----------|----------|----------|---------|---------|---------------|
| 58 04 | 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 05040 | 2 | | 8.7150 | | 7/24/98 | 190 | 03 | 8.9202 | 80 | 713.62 | 18,554 |

THE EMPLOYEES WHOSE NAMES APPEAR ON THIS LIST WILL RECEIVE THEIR MERIT INCREASE/LONGEVITY INCREASE ON THE DATE INDICATED.

CC:PERSONNEL
    PAYROLL

APPROVED:

_____
SIGNATURE OF DEPARTMENT HEAD

DATE: .....7-25-97.......

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
## RECOMMENDATION FOR PERSONNEL ACTION

Department/Division ____5804  Maintenance____ Date ___7-25-96___

Name of Employee ____Stephanie R Nuss____ Effective Date ___7-26-96___

Social Security # ___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___ Classification ___Equipment Operator___ Job Code ___5540___

Item 2 requires the signature of both department heads.
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | | | | |
|---|---|---|---|---|
| 1. Transfer within department..................... ( ) | 9. Retirement...................................................... ( ) |
| 2. Transfer to another department................. ( ) | 10. Separation by death....................................... ( ) |
| 3. Demotion............................................... ( ) | 11. Expiration by Temp. Apt................................. ( ) |
| 4. Layoff.................................................... ( ) | 12. Return LWOP................................................ ( ) |
| 5. Dismissal............................................... ( ) | 13. Return from Military Lv.................................. ( ) |
| 6. Leave without pay.................................. ( ) | 14. Change of Name........................................... ( ) |
| 7. Suspension............................................. ( ) | 15. Change in Salary........................................... ( ) |
| 8. Resignation............................................. ( ) | 16. Promotion........................... (xx) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department** (Items 1 & 2) | | |
| **Classification & Salary** (Items 1,2,3) | Equipment Operator 5540   180   Stp 2 | Labor Foreman I 5040   240   Stp 2 |
| **Dates** (Items 6 & 7) | | |
| **Name** (Item 14) | | |
| **Amount** (Item 15) | 8.1493 per hr/651.94 BW √16,950 annual | 8.3544 per hr/668.35 BW 17,377 √annual |
| **Other** (Item 16) | | |

Funds are available ___Roger L. Austin___ Date ___7-26-96___
Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-explanatory)

(Signed) 1._____ Date JUL 29 1996
Appointing Authority

2._____ Date 7/25/96

3._____ Date _____

4._____ Date AUG 5 1996
Personnel Director

300-419

# MEMORANDUM

**TO:**        Mr. James E. Buckalew,
              Executive Assistant to the Mayor

**FROM:**      Mr. James D. Wilder, Maintenance Director

**DATE:**      July 25, 1996

**RE:**        PROMOTION - STEPHANIE R. NUSS

Request your approval to promote Stephanie R. Nuss, Equipment Operator, to Labor Foreman I. Stephanie has been in charge of one our four (4) pick up crews for the past two (2) months. These crews are responsible for picking up debris from areas throughout the City and Ms. Nuss has been doing an outstanding job. The crew is made up of a Labor Foreman I and Laborers.   At the present time, there are only three (3) Equipment Operators assigned to our street drainage division and we feel that they are the only ones that should be considered for the vacant position.   We feel that Ms. Nuss is the most qualified individual for this position.

Attached is a set of form 10's to reflect the above requested action. Thank you in advance for your favorable consideration of this matter.

JDW/gg

Attachment

```
                    Print Key Output                          Page   1
5738SS1 V2R3M0 931217                  CITY400         07/30/96  10:48:02


  Display Device . . . . . :   PERS10S1
  User . . . . . . . . . . :   LPOWELL


PE500I                      CITY OF MONTGOMERY                7/30/96
                           PERSONNEL DEPARTMENT               10:47:44
                          CLASSIFICATION INQUIRY
CLASSIFICATION:   05540 EQUIPMENT OPERATOR            TOTAL:    8
PAY FREQUENCY:    BW
                                          SOCIAL SECURITY
SELECTION      NAME                          NUMBER         DEPARTMENT
--------------------------------------------------------------------------
           CURRY           RICHARD              419661300      58    4
           ELLIS           WILLIAM      D       417889510      58    4
           NUSS            STEPHANIE    R       454477922      58    4
           ROSS            TOMMY        J       424467022      58    4
           RYALS           RICHARD      R       417665569      58    4
           STEWARD         SCOTTY       L       552632480      58    4
           THOMAS          DAVID        R       416027297      58    4
           TURNER          DAVID        B       417236321      58    4




 CMD1 EXIT      PRINT            ROLL
```

PREPARED 10/27/95, PR&RSL

DEPARTMENT:

59 04

HUSS, STEPHANIE R

MERIT INCREASES REGINING 11/03/95 ENDING 11/16/95 AND PAYABLE 11/24/95

| NAME | S.S. # | POSITION | CURRENT STEP | CURRENT RATE | OLD B/W | REVIEW DATE | PAY GRADE | NEW STEP | NEW RATE | SCH HRS | NEW B/W | ANNUAL SALARY |
|------|--------|----------|--------------|--------------|---------|-------------|-----------|----------|----------|---------|---------|---------------|
| | 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 05540 | 1 | | 7.0944 | | 11/07/96 | 180 | 02 | 8.1493 | 80 | 651.94 | 16,950 |

THE EMPLOYEES WHOSE NAMES APPEAR ON THIS LIST WILL RECEIVE THEIR MERIT INCREASE/LONGEVITY INCREASE ON THE DATE INDICATED.

APPROVED:

SIGNATURE OF DEPARTMENT HEAD

DATE: ......11-1-95......

PAGE 1.

PERSONNEL
PAYROLL

Form*10

Submit In Triplicate

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
### RECOMMENDATION FOR PERSONNEL ACTION

Department/Division ___5804___ ___Maintenance___                    Date __1/12/95__

Name of Employee __Stephanie Nuss__                    Effective Date __1/13/95__

Social Security # ___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___  Classification __Equipment Operator__ Job Code __5540__

Item 2 requires the signature of both department heads.
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | | | | | |
|---|---|---|---|---|---|
| 1. Transfer within department | (xx) | | 9. Retirement | | ( ) |
| 2. Transfer to another department | ( ) | | 10. Separation by death | | ( ) |
| 3. Demotion | ( ) | | 11. Expiration by Temp. Apt. | | ( ) |
| 4. Layoff | ( ) | | 12. Return LWOP | | ( ) |
| 5. Dismissal | ( ) | | 13. Return from Military Lv. | | ( ) |
| 6. Leave without pay | ( ) | | 14. Change of Name | | ( ) |
| 7. Suspension | ( ) | | 15. Change in Salary | | ( ) |
| 8. Resignation | ( ) | | 16. **Payroll correction** | | (xx) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department** (Items 1 & 2) | | |
| **Classification & Salary** (Items 1,2,3) | | |
| **Dates** (Items 6 & 7) | | |
| **Name** (Item 14) | | Equipment Operator 5540    180    Step 1 |
| **Amount** (Item 15) | | 7.5136 per hour/ 601.09 BW 15,628 annual |
| **Other** (Item 16) | | |

Funds are available __Hugh S. Austin__                    Date __1-13-95__
                          Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-explanatory)
Transfer within department... payroll correction. Change from '5800' to '5804'.

(Signed) 1. _____                    Date _____
              Appointing Authority

2. _____                    Date __1/12/95__

3. _____                    Date _____

4. _____                    Date __JAN 19 1995__
              Personnel Director

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
### RECOMMENDATION FOR PERSONNEL ACTION

Department/Division __5800 Maintenance__                           Date __10/14/94__

Name of Employee __Stephanie R. Nuss__                       Effective Date __10/14/94__

Social Security # __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__ ——— Classification __Laborer__ ——— Job Code __5003__

Item 2 requires the signature of both department heads.
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

1. Transfer within department....................( )
2. Transfer to another department...............( )
3. Demotion...........................................( )
4. Layoff..............................................( )
5. Dismissal..........................................( )
6. Leave without pay................................( )
7. Suspension........................................( )
8. Resignation.......................................( )

9. Retirement...........................................( )
10. Separation by death..............................( )
11. Expiration by Temp. Apt.........................( )
12. Return LWOP.......................................( )
13. Return from Military Lv..........................( )
14. Change of Name....................................( )
15. Change in Salary..................................( )
16. Change in status..................... (xx)

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| Department (Items 1 & 2) | | |
| Classification & Salary (Items 1,2,3) | | |
| Dates (Items 6 & 7) | | |
| Name (Item 14) | | |
| Amount (Item 15) | | |
| Other (Item 16) | | |

Funds are available _Hugh S. Austin_                           Date __10-14-94__
                                Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-explanatory)

__Change in status from temporary to permanent   Effective 10/14/94__

(Signed) _Nuss_                                              Date _____
                        Appointing Authority

2. _James D. Ward_                                          Date __10/14/94__

3. _____                                               Date _____

4. _Barbara M. Montgomery_                                  Date __OCT 25 1994__
                        Personnel Director

Form 20

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
### RECOMMENDATION FOR PERSONNEL ACTION

Department/Division __5809 Maintenance__                         Date __Oct 31, 1994__

Name of Employee __Stephanie R. Nuss__                    Effective Date __Nov 4, 1994__

Social Security # __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__    Classification __Laborer__    Job Code __5003__

Item 2 requires the signature of both department heads.
Items 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | |
|---|---|
| 1. Transfer within department.......................... ( ) | 9. Retirement.............................................. ( ) |
| 2. Transfer to another department.................. ( ) | 10. Separation by death............................... ( ) |
| 3. Demotion.................................................... ( ) | 11. Expiration by Temp. Apt......................... ( ) |
| 4. Layoff........................................................ ( ) | 12. Return LWOP......................................... ( ) |
| 5. Dismissal................................................... ( ) | 13. Return from Military Lv........................... ( ) |
| 6. Leave without pay...................................... ( ) | 14. Change of Name.................................... ( ) |
| 7. Suspension................................................ ( ) | 15. Change in Salary.................................... ( ) |
| 8. Resignation............................................... ( ) | 16. Upgrade............................... (xx) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| **Department** Items 1 & 2) | | |
| **Classification & Salary** Items 1,2,3) | | |
| **Dates** Items 6 & 7) | | |
| **Name** Item 14) | Laborer<br>5003          930 | Equipment Operator<br>5540          180 |
| **Amount** Item 15) | 7.2191 per hour/ 288.76 wkly<br>15,015.73 annual | 7.5136 per hour/ 601.09 BW<br>15,628 annual x |
| **Other** Item 16) | | |

Funds are available __Hugh S. Austin__    Date __11-01-94__

_Disbursing Officer_

Explanation and remarks (Give reason for any action which is not self-explanatory)

__Upgrade from Laborer to Equipment Operator__

Signed) JEB    _Emory Folmar_                     Date NOV 0 2 1994
_Appointing Authority_

2. _James J. Wild_                     Date 10/31/94

3. _____                     Date _____

4. _____                     Date NOV 0 4 1994

_Personnel Director_

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
## RECOMMENDATION FOR PERSONNEL ACTION

Department/Division ___Maintenance___                              Date ___9/9/94___

Name of Employee ___Stephanie R. Nuss___                    Effective Date ___9/9/94___

Social Security # ___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___    Classification ___Laborer___    Job Code ___5003___
~~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~~
(Cemetery P/R # 5801    Kly)

Item 2 requires the signature of both department heads.
Items 2, 3, 4, 5, 6, 15 require approval of Personnel Director before action is official. Items 3, 4, 5, 7 must have copy of letter to employee attached. Item 8 should have copy of letter of resignation.

| | | |
|---|---|---|
| (1). Transfer within department.................XX(XX)XXXX | 9. Retirement.................................................( ) |
| 2. Transfer to another department.................( ) | 10. Separation by death.................................( ) |
| 3. Demotion.................................................( ) | 11. Expiration by Temp. Apt.........................( ) |
| 4. Layoff......................................................( ) | 12. Return LWOP........................................( ) |
| 5. Dismissal.................................................( ) | 13. Return from Military Lv...........................( ) |
| 6. Leave without pay....................................( ) | 14. Change of Name.....................................( ) |
| 7. Suspension..............................................( ) | 15. Change in Salary.....................................( ) |
| 8. Resignation..............................................( ) | 16. |
| | PAYROLL CORRECTION (XXXXXX) |

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| Department (Items 1 & 2) | | |
| Classification & Salary (Items 1,2,3) | | |
| Dates (Items 6 & 7) | | |
| Name (Item 14) | | |
| Amount (Item 15) | | |
| Other (Item 16) | | |

Funds are available ___Hugh S. Austin___                        Date ___9-09-94___
                              Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-explanatory)
___(Temporary Laborer) Transfer from Cemetery Kly P/R # 5801 to Maint. Kly P/R # 5___
___as of: 9/9/94.___

(Signed) ___Wib___                                            Date _____
                    Appointing Authority

2. ___James D. Wild___                          Date ___Sep. 9 1994___

3. _____                  Date _____

4. ___Barbara M Montgomery___                   Date ___SEP 12 1994___
          Personnel Director
              DM



# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT

SOCIAL SECURITY NUMBER  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

### LABOR SERVICE

APPOINTMENT OF CLASSIFIED LABORER

TO:  PERSONNEL DEPARTMENT          FROM:  Maintence
                                          DEPARTMENT

The following person has been appointed:

| NAME | EFFECTIVE DATE | TEMPORARY | PERMANENT |
|------|----------------|-----------|-----------|
| Stephanie R. Nass | | XXXXXXXXXX | |

Rate of Pay  6.7864 Hr.

Appointed by _____  DATE  MAY 23 1994
              Appointing Authority

_____  Date  MAY 20, 1994
Department Head

Funds are Available _____  Date  5-20-94
                    Disbursing Officer

Approved _____  Date  MAY 25 1994
          Personnel Director

The period of employment of a seasonal or temporary laborer shall not exceed four (4) six (6) consecutive months or six (6) months in any twelve month period. After two (2) months of satisfactory employment, a laborer hired on a permanent basis shall have permanent status in the classified service.

200-443

# CITY AND COUNTY OF MONTGOMERY

### AN EQUAL OPPORTUNITY EMPLOYER

### PERSONNEL DEPARTMENT

## WORK HISTORY FORM

POSITION _NABORER_     DEPARTMENT _MAINTENANCE_ DATE _5/12/94_

NAME _Stephanie Rainey Nuss_   SOCIAL SECURITY NO. _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_

ADDRESS _1745 Antioch Rd_     TELEPHONE NO. _567-7922_

_Wetumpka Al 36092_

CIRCLE HIGHEST GRADE COMPLETED   1 2 3 4 5 6 7 8 9 10 (11) 12   COLLEGE ( 1 ) yrs.

Beginning with your PRESENT employment, list in REVERSE ORDER periods of employment. Each time you left a job and returned should be listed as a separate period.

| EMPLOYER | JOB TITLE | EMPLOYMENT BEGAN | EMPLOYMENT ENDED | WORKED HOW LONG |
|---|---|---|---|---|
| 1. West | Salesman | 8-93 | Present | |
| 2. HomeQuarter | Answer Desk Manager | 1-91 | 8-93 | 2½ yrs |
| 3. West | Cashier | 2-89 | 2-90 | 1 yr |
| 4. City of Montgomery | (RAINEY) Cadet | 12-85 | 10-86 | |

Show other experience of training or education by using the back of this sheet.

I certify that all statements made are true and correct to the best of my knowledge. Any false statement may be cause for denying me the right to employment.

SIGNED _Stephanie Rainey Nuss_     DATE _5/12/94_

SUBMIT WITH FORM 9

FORM 10 CITY AND COUNTY OF MONTGOMERY Submit in Triplicate
PERSONNEL DEPARTMENT
RECOMMENDATION FOR PERSONNEL ACTION

Department  Police                                      Date  September 22, 1987
                                                        (Last Day Actually Wked. 09-08-
Name of Employee  Stephanie A. Rainey      Effective Date  87) Sept. 20, 1987

Division_____  Classification  Police Cadet

 Item 2 requires the signature of both department heads.
 Items 2,3,4,5,6,15 require approval of Personnel Director before action is
 official.  Items 3,4,5,7 must have copy of letter to employee attached.
 Item 8 should ahve copy of letter of resignation.

1. Transfer within department. . . . . ( )   9. Retirement. . . . . . . . . ( )
2. Transfer to another department. . . ( )  10. Separation by death . . . . ( )
3. Demotion. . . . . . . . . . . . . . ( )  11. Expiration of Temp. Apt.. . ( )
4. Layoff. . . . . . . . . . . . . . . ( )  12. Return LW/OP. . . . . . . . ( )
5. Dismissal . . . . . . . . . . . . . ( )  13. Return from Military Lv.. . ( )
6. Leave Without Pay . . . . . . . . (X)  14. Change in Name. . . . . . . ( )
7. Suspension. . . . . . . . . . . . . ( )  15. Change in Salary. . . . . . ( )
8. Resignation . . . . . . . . . . . . ( )  16. . . . . . . . . . . . . . . ( )

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| Department (Items 1 & 2) | | |
| Classification & Salary (Items 1,2,3) | | |
| Dates (Items 6 & 7) | | |
| Name (Item 14) | | |
| Amount (Item 15) | | |
| Other (Item 16) | | |

If Action is Resignation or Layoff, is Reemployment Recommended?   Yes( )  No(xx)
Funds are available_____  Date 9-25-87
                              Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-explanatory)
 Dismissal.  Final p/m as per form 100.  Subject was on Leave With Pay 24 hrs. in
 pay period of September 18 - October 1, 1987.

(Signed)  1._____  Date  SEP 25 1987
                Appointing Authority

          2._____  Date

          3._____  Date  09-22-87

          4._____  Date  SEP 30 1987
                Personnel Director

M E M O R A N D U M

TO:        Chief John Wilson
           Montgomery Police Department

FROM:      Reese H. McKinney, Jr.
           Administrative Assistant to the Mayor

DATE:      September 22, 1987

RE:        DISMISSAL OF STEPHANIE RAINEY


     The Mayor concurs in your recommendation to dismiss
Stephanie Rainey  for the reasons stated in your memorandum
to the Mayor dated September 15, 1987.  Please prepare the
necessary personnel forms and forward them to this office
for approval.  Further insure that all of the City personnel
rules are followed.

     A copy of the proceedings of the Pre-Dismissal Hearing
conducted by me on September 22, 1987 is attached for your
files.

Approved:


Emory Folmar, Mayor

RMcKjr/edm
attch.

EMPLOYEE: _____Police Cadet Stephanie Rainey_____

DEPARTMENT: _____Montgomery Police_____

DEPARTMENT HEAD: _____Chief John Wilson_____

HEARING WITNESS: _____N/A_____

DATE: _____September 22, 1987_____ TIME: _____8:40 a.m._____

EMPLOYEE REPRESENTED BY: _____N/A_____

_____

EMPLOYEE'S WITNESSES:

    N/A

EMPLOYEE'S EXPLANATIONS OR DEFENSES:

    The hearing was convened at 8:40 a.m.  Police Cadet Stephanie Rainey was in attendance.  The undersigned asked Cadet Rainey if she was aware of the charges brought against her.  Cadet Rainey indicated she was.  Mr. McKinney advised Cadet Rainey that the purpose of the hearing was to give her an opportunity to say anything in her behalf relative to the recommendation.

    Cadet Rainey stated she felt the charges were exaggerated; that other cadets carry firearms and she had purchased hers for protection when she travelled to Alex City for college.  When Cadet Rainey was asked to name cadets that carried firearms she stated she had rather this be investigated.  Cadet Rainey said she realized she had not used good judgement in the past, but she liked law enforcement work.

    The undersigned stated he was glad to hear Cadet Rainey say that she had made some mistakes in judgement but, both charges and specifications were very serious and Cadet Rainey had said nothing that would relieve her of the responsibility of the charges.

    ACTION:

    Chief Wilson's recommendation that Stephanie Rainey be dismissed was sustained.

Heard before me this _____22nd_____ day of _September_ , 19_87_ .

_Reese H. McKinney Jr._
Reese H. McKinney, Jr.
Administrative Assistant to the Mayor

TO:    Stephanie A. Rainey

Please be advised that a hearing has been scheduled for the
___22nd___ day of __September__, 19_87 at ___8:40__ o'clock _A_.M.
at _City Hall, Mayor's Conf. Room_ before ___Mayor Emory Folmar_ or
                                           Mr. Reese H. McKinney, Jr.

For the purpose of considering your:

/_xx_/ Dismissal

/___/ Suspension for _____days

as an employee of the ____Montgomery Police_____
Department of the City of Montgomery, Alabama, upon the following
grounds:  (use additional sheets as necessary)

    1.   Violation of Art. I, Sec.1.330 of the Manual of Rules and
         Regulatiosn—DUTIES OF RESPONSIBLE EMPLOYMENT(Engaging in
    2.   Criminal Acts & Engaging in any activity which may reflect
         negatively on the integrity, competency, or ability of the
    3.   individual to perfor6hhis duty....PREVIOUS RECORD CONSIDERED

You may be present, if you desire, and be represented by an Attorney
if you desire.  You may respond in writing and/or orally at the time
of the hearing.  You may present any witnesses or evidence concerning
the above grounds.

This hearing and action taken as a result of same, shall not affect
your rights, if any, which you may have for appeal or review under
any personnel regulations or statutes.

                              _____
                              Appointing Authority
NOTIFIED BY REGISTERED LETTER NO. P 563 859 847 SEPTEMBER 16, 1987
The above was read in full and a copy offered the employee on the
_____ day of _____, 19_____.

THE EMPLOYEE:

/___/  Accepted a copy of same and acknowledged receipt thereof.

/___/  Accepted a copy but would not acknowledge receipt.

/___/  Refused to accept a copy.

Signed:_____

Witness:_____

I herewith acknowledge receipt of this notification of said charges
and of the hearing thereon.

                    Employee:_____

September 11, 1987

MEMORANDUM

TO       :  Chief John H. Wilson

FROM     :  Major Irma W. Lisenby

SUBJECT  :  ADMINISTRATIVE HEARING - Cadet Stephanie A. Rainey

I respectfully request an administrative hearing be held in your office on
Tuesday, September 15, 1987 to discuss the outlined charges and specifications
in regards to violation of Departmental Rules and Regulations on the part
of the above named Cadet:

CHARGE I:  Violation of Article I, Section 1.330 of the Manual of Rules and
Regulations governing the Montgomery Police Department which reads to wit:

> SECTION 1.330 - DUTIES OF RESPONSIBLE EMPLOYMENT:  Every
> member and employee is obligated to faithfully discharge
> his employment for so long as he is employed with the
> Department.  This responsibility includes but is not
> limited to:
>
> In addition to the requirements of responsible employment,
> there are prohibitions that are necessary to the mainten-
> ance of public confidence and trust.  These prohibitions
> include but are not limited to:
>
> . Engaging in criminal acts
>
> . Engaging in any activity which may reflect negatively
>   on the integrity, competency, or ability of the
>   individual to perform his duty, or may reflect
>   negatively on the reputation of the Department

SPECIFICATION I:  On Tuesday, September 8, 1987, Lieutenant Frank Mitchell
advised me that it was his understanding Cadet Rainey had brought into
headquarters on at least one occasion and also carrying in her vehicle
on other occasions a 9 mm automatic weapon.  This is a violation of the law
as she is underage.  Sgt. M. S. Ward, her immediate supervisor, was advised
to investigate and retrieve the weapon if located.  Sgt. Ward called Cadet
Rainey in, questioned her about said weapon, accompanied her to her vehicle
which was parked in the Police Department parking lot and found in the
glove compartment the 9 mm weapon fully loaded.

SPECIFICATION II:  In that on August 22, 1987 the Juvenile Division of the
Police Department held a Division party at the Montgomery Police Department
Youth Camp.  Captain David Green observed Cadet Rainey consuming alcohol at
the party.  At that time he took corrective action advising Cadet Rainey
she was underage and it was illegal for her to be drinking.  It has since

September 11, 1987
Page 2

been learned that Cadet Rainey had been advised by Sergeant J. G. Brown several days prior to the Division party that she could not consume nor bring alcohol to the Division party since she was underage.  It has also been learned that Cadet Rainey had on at least one occasion brought a fifth of rum into the Police Department while on duty and also on one other occasion was consuming alcohol in the  parking lot of the Police Department directly after her tour of duty.  All of these incidents are a violation of the law as she is underage.

Documents to substantiate the above outlined charges and specifications are attached.  Based on my investigation into and my knowledge of the conduct of Cadet Stephanie Rainey during this time, it is my recommendation that her employment with the Montgomery Police Department be terminated.

Previous record considered.

Major Irma W. Lisenby
Juvenile Division


IWL/tb


Attachments

# REPORT OF OVERTIME FOR COMPENSATORY TIME

## MONTGOMERY POLICE DEPARTMENT

DATE: ___09-07-87___

HOLIDAY: Labor Day Holiday on regular off day.

NUMBER OF HOURS WORKED: __8 hrs.__

HOURS WORKED: __1530-2400 hrs.__

| NAME | HOURLY PAY RATE | SOCIAL SECURITY # | EMPLOYEE INITIALS |
|---|---|---|---|
| Sgt. M.S. Ward ID-393 | 10.0460 | 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 | |
| Det. J.D. Shumway ID-018 | 9.1627 | 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 | |
| Det. R.C. Madderra ID-008 | 8.3890 | 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 | RCM |
| Off. B.M. Mann ID-224 | 8.3890 | 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 | BMM |
| Cadet S.A. Rainey ID-566 | 5.7272 | 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 | SAR |

I CERTIFY THE ABOVE TO BE A TRUE AND ACCURATE ACCOUNT OF OVERTIME PERFORMED:

_____ #393
SUPERVISOR

_____
COMMANDER OR ASS'T. DIVISION COMMANDER

MONTGOMERY POLICE DEPARTMENT

DATE: __April 27, 1987__                    HOLIDAY: __Confederate Memorial Day__
                                                     Legal Holiday on off day
NUMBER OF HOURS WORKED: __8 hrs.__          HOURS WORKED: __1530-2400__

| NAME | HOURLY PAY RATE | SOCIAL SECURITY # | EMPLOYEE INITIALS |
|------|-----------------|-------------------|-------------------|
| Sgt. M.S. Ward ID-393 | 10.0460 | 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 | |
| Inv. J.D. Shumway ID-018 | 9.1627 | 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 | |
| Inv. R.C. Madderra ID-008 | 8.3890 | 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 | |
| Off. J.P. Reynolds ID-450 | 7.5049 | 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 | |
| Cadet S. A. Rainey, ID 566 | 5.7272 | 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 | |

2 hrs taken 5/15/87

I CERTIFY THE ABOVE TO BE A TRUE AND ACCURATE ACCOUNT OF OVERTIME PERFORMED:

_Sgt. M.S. Ward #393_                       _____
SUPERVISOR                                  COMMANDER OR ASS'T. DIVISION COMMANDER

Certified Mail
Return Receipt Requested

Date September 23, 1981

## NOTIFICATION OF DISMISSAL

Stephanie Rainey
_____
            (Employee's Name)

2541 College Street
_____
            (Street Address)

Montgomery, AL   36106
_____
(City)          (State)          (Zip)

**This is to notify you that as of this date, you are herewith dismissed from**
                    Police
**employment as a** ___Cadet___ **by the** ___Police Department___ **of the**
            (Job Title)                    (Department)

City
_____ of Montgomery, Alabama.
      (City, County, etc.

**The reason(s) for this dismissal is:(are):**

1. Violation of Article I, Section 1.330  – Duties of Responsible Employment –
   of Police Department Manual of Rules and Regulations.

   Previous Record Considered.

### YOU ARE ENTITLED TO A HEARING BEFORE THE PERSONNEL BOARD ON THE ABOVE CHARGES

**You may answer these charges within three (3) days from the date of receipt of the
notification of dismissal, by responding in writing to your department head and
providing a copy to the Personnel Director in Room 226, City Hall.**

**Within ten (10) days from the time for filing your answer, you may file a written
request with the Personnel Director for a hearing before the Personnel Board.**

**You may be represented by legal counsel at this hearing if you desire and you shall
have the right to answer these charges and to present any statements, witnesses, or
evidence in your behalf and to cross-examine any other witnesses presented.**

**You are being placed on suspended status effective immediately.**

**Consult the Montgomery City-County Personnel Board, Room 226, City Hall relative
to any other rights you have under the Merit System Law.**

_____
      Administrator or Department Head

Chief of Police
_____



CERTIFIED
P35 1730240
MAIL

RETURN RECEIPT REQUESTED

DRAWER 159
MONTGOMERY, ALABAMA
36195
Chief John H. Wilson

Stephanie Rainey
2541 College Street
Montgomery, AL 36106





UNITED STATES POSTAL SERVICE
OFFICIAL BUSINESS

SENDER INSTRUCTIONS
Print your name, address, and ZIP Code in the space below.
• Complete items 1, 2, and 3 on the reverse.
• Attach to front of article if space permits, otherwise affix to back of article.
• Endorse article "Return Receipt Requested" adjacent to number.

PENALTY FOR PRIVATE
USE TO AVOID PAYMENT
OF POSTAGE, $300

RETURN TO

Chief John H. Wilson
(Name of Sender)
P. O. Drawer 159
Montgomery Police Department
(Street or P.O. Box)

Montgomery, AL  36195
(City, State, and ZIP Code)

● SENDER: Complete items 1, 2, 3, and 4.
Add your address in the "RETURN TO" space on reverse.

**(CONSULT POSTMASTER FOR FEES)**

1. The following service is requested (check one).
   - ☒ Show to whom and date delivered ................... ___¢
   - ☐ Show to whom, date, and address of delivery.. ___¢
2. ☐ **RESTRICTED DELIVERY**
   (The restricted delivery fee is charged in addition to the return receipt fee.)

   **TOTAL** $ _____

3. ARTICLE ADDRESSED TO:

Stephanie Rainey
2541 College Street
Montgomery, AL  36106

| 4. TYPE OF SERVICE: | | ARTICLE NUMBER |
|---|---|---|
| ☐ REGISTERED ☐ INSURED | | P35 |
| ☒ CERTIFIED ☐ COD | | |
| ☐ EXPRESS MAIL | | 1730240 |

(Always obtain signature of addressee or agent)

I have received the article described above.

SIGNATURE    ☐ Addressee    ☐ Authorized agent

5. DATE OF DELIVERY            POSTMARK

6. ADDRESSEE'S ADDRESS (Only if requested)

7. UNABLE TO DELIVER BECAUSE:    7a. EMPLOYEE'S INITIALS

PS Form 3811, Dec. 1980    RETURN RECEIPT, REGISTERED, INSURED AND CERTIFIED MAIL

CITY AND COUNTY OF MONTGOMERY     **Submit in Triplicate**

PERSONNEL DEPARTMENT

RECOMMENDATION FOR PERSONNEL ACTION

Department _____ Police _____ Date _____ September 11, 1987

Name of Employee ____ Stephanie Rainey _____ Effective Date _____ September 10, 1987

Division _____ Classification _____ Police Cadet

Item 2 requires the signature of both department heads.
Items 2,3,4,5,6,15 require approval of Personnel Director before action is official. Items 3,4,5,7 must have copy of letter to employee attached.
Item 8 should ahve copy of letter of resignation.

1. Transfer within department. . . . . ( )   9. Retirement. . . . . . . . . ( )
2. Transfer to another department. . . ( )   10. Separation by death . . . . ( )
3. Demotion. . . . . . . . . . . . . ( )   11. Expiration of Temp. Apt. . . ( )
4. Layoff. . . . . . . . . . . . . . ( )   12. Return LW/OP. . . . . . . . . ( )
5. Dismissal . . . . . . . . . . . . ( )   13. Return from Military Lv.. . ( )
6. Leave Without Pay . . . . . . . . ( )   14. Change in Name. . . . . . . ( )
7. Suspension. . . . . . . . . . . . ( )   15. Change in Salary. . . . . . ( )
8. Resignation . . . . . . . . . . . ( )   16. Relieved of duty with pay. . . (X)

| ITEMS AFFECTED BY ACTION | FROM | TO |
|---|---|---|
| Department (Items 1 & 2) | | |
| Classification & Salary (Items 1,2,3) | | |
| Dates (Items 6 & 7) | | |
| Name (Item 14) | | |
| Amount (Item 15) | | |
| Other (Item 16) | | |

If Action is Resignation or Layoff, is Reemployment Recommended?   Yes( )   No( )

Funds are available _____Hugh S. Cash_____   Date _9 - 14 - 87_
              Disbursing Officer

Explanation and remarks (Give reason for any action which is not self-explanatory)

Subject relieved of duty with pay pending hearing on recommendation for dismissal.

(Signed) 1. _____Emory Folmar_____ Date ___SEP 1 5 1987___
         Appointing Authority

2. _____ Date _____

3. ____John H Wilson____ By: EPA____ Date ____9-11-87_____

4. ____Barbara M. Montoya_____ Date __SEP 1 8 1987__
         Personnel Director

**FORM 5**

Submit In Triplicate

# CITY AND COUNTY OF MONTGOMERY
## PERSONNEL DEPARTMENT
### PERSONNEL REQUISITION, CERTIFICATION, AND APPOINTMENT

**REQUISITION**

**To: Personnel Department**                                    Date __December 19, 1986__

Please certify the names of persons eligible for the following position:

| Title | Compensation | Justification for additional step(s) | Temporary | Permanent |
|-------|-------------|--------------------------------------|-----------|-----------|
| Police Cadet | $11,913<br>458.18<br>5.7272 | | | |

( ) Replacement of _____Overhire #1_____

( ) New Position

Date_____ Signature _____

Appointing Authority

Funds are available___*[signature]*___  Date __12-23-86__

Disbursing Officer

**CERTIFICATION TO:**

POLICE DEPARTMENT

In response to your request, the names of the following persons who are eligible for appointment are hereby certified. In making appointments, it is advisable, though not essential, that you interview all eligible persons certified.

| Name | Address | Phone | Age | Grade |
|------|---------|-------|-----|-------|
| Veronica J. Brown | Rt. 1, Box 306<br>Highland Home, Alabama | 537-4762 | 18 | Qualified |
| Stephanie A. Rainey | Rt. 1, Box 175-E<br>Wetumpka, Alabama | 567-7950 | 19 | Qualified |
| Darryl G. Walker | 3671 #1 Gas Light Curve | 271-4115 | 19 | Qualified |
| Sidney E. Lanier | 262 Clubview Drive | 365-8638 | 20 | Qualified |

**APPOINTMENT**

TO: Personnel Department                    From __Police__

Department

From the certification above, the following person has been appointed:

| Name | Effective Date | Temporary | Permanent |
|------|---------------|-----------|-----------|
| Stephanie A. Rainey | 12-29-86 | | X |

Appointed by ___*[signature] Emory Folmar*___  Date __DEC 24 1986__

Appointing Authority

___*[signature]*___  Date __12-22-86__

Department Head

Approved by ___*[signature] Barbara M Montoya*___  Date __12-29-86__

Personnel Director

CITY AND COUNTY OF MONTGOMERY
An Equal Opportunity Employer
**PERSONNEL DEPARTMENT**
City Hall
Montgomery, Alabama 36192

| | accepted | Rejected |
|---|---|---|
| Ed | | |
| Exp | | |
| Res | | |
| Other | | |

**INSTRUCTIONS:**
ALL BLANKS MUST BE
FILLED IN COMPLETELY

**Title of Position:** *Police Cadet*

**Name:** (Type or print name)
Mr.
Mrs.
Miss
STEPHANIE ANN RAINEY    Race WHITE    Age 19
First    Middle    Last

**Address** ROUTE 1 BOX 175E WETUMPKA AL 36092    Tel. No. 567-7950
House No.    Street    City    State    Zip

How long have you lived in Alabama immediately prior to date of application    85 JUNE
Yr.    Mo.

Are you a U.S. citizen? YES

Date of Birth 2-16-67    Place of Birth GALVESTON GALVESTON TX
City    County    State

**PERSONAL DATA:** Height 5 ft 6 in. Weight 130 lbs. What is the condition of your health? GOOD

Marital Status: Single X   Married ☐   Divorced ☐   Widowed ☐   Number of dependents under 18 0

Do you have any physical handicaps? NO   If so, attach a description to this application. Do you object to having

your present employer questioned about your work? NO   Have you ever been discharged or forced to resign from a

position? NO   If so, attach a complete explanation to this application. Have you ever been convicted of any

law violation other than a minor traffic violation? NO   If so, give name and location of court, date, nature

of charge and disposition.

SOCIAL SECURITY NO. 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

| EDUCATION | | Circle Highest Grade you Completed | | | | | | | | | | | | Date Completed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grammar and High School | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | (11) 12 | | MAY 84 |
| College or University (name of schools) | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | | | Degrees | | | |
| ALEXANDER CITY JR. COLLEGE | | Major LAW ENFORCEMENT | | | | | | | 3RD QUARTER | | | | | |
| Business, Trade or Correspondence School | Length of Study | Courses Studied | | | | | | | Certificate Diploma | | | | | Date Completed |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| List your professional certificate or license | | | | | | | | | | | | | | |

List three reliable persons, not relatives or employers, who know you well enough to give information about you:

| | Address | Occupation |
|---|---|---|
| LYNN E. ROYALL | PO BOX 943, ALEX. CITY | ALEX CITY POLICE CHIEF |
| DONNA BROOKS WHITE | 19 E1CAR, CIRCLE, MONT. | WALMART STOCK |
| MIKE & DONNA MURPHY | 103 STAKLEY, DRIVE, PRATT. | FIREFIGHTER & SECRETARY |

Form 300-308

This section must be completed regardless of whether or not a resume is attached.

Beginning with your PRESENT or most recent employment, list in REVERSE ORDER periods of employment. Each time you changed jobs or your title changed should be listed as a separate period. Give complete information, especially about the kind of work you did. Use extra sheet if necessary). Applicant must be specific and accurate in stating their experience and training for this position. Copies of resume's or other documents become the property of the Personnel Dept. and cannot be returned.

**EMPLOYMENT RECORD:** List all employment

| Employment Dates | Official Job Title and Description of Duties | Employer's Name and Address | Salary Received | Reason For Leaving |
|---|---|---|---|---|
| FROM 8-86 TO — TOTAL MOS. 2 | KENNEL HAND CLEANING, FEEDING DOGS | RUTH & RON PARMER RT 1 BOX 230 ELMORE, AL 36025 567-4125 | 3.35 29.00 PER WEEK END | |
| | | | No. of Hours Worked per week 9 | |
| FROM TO TOTAL MOS. | | | No. of Hours Worked per week | |
| FROM TO TOTAL MOS. | | | No. of Hours Worked per week | |
| FROM TO TOTAL MOS. | | | No. of Hours Worked per week | |
| FROM TO TOTAL MOS. | | | No. of Hours Worked per week | |
| FROM TO TOTAL MOS. | | | No. of Hours Worked per week | |
| FROM TO TOTAL MOS. | | | No. of Hours Worked per week | |

Show other experience by using additional sheets.

I hereby certify that all statements made hereon and attached hereto are true and correct to the best of my knowledge. Any false statement may be cause for denying me the right to examination or employment.

Date Nov 4, 1986        Signature Stephanie Ann Rainey