# EXHIBIT 1

Case 2:06-cv-00059-MEF-CSC   Document 12-2   Filed 02/13/2007   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.: 2:06 CV59-C |
| | * | |
| CITY OF MONTGOMERY, | * | |
| | * | |
| Defendant. | * | |

## AFFIDAVIT OF PLAINTIFF

BEFORE ME, the undersigned Notary Public in and for said State and County, personally appeared STEPHANIE SMITH, known to me and who, being by me first duly sworn, deposes and says as follows:

"My name is Stephanie Smith. I was employed with the City of Montgomery as a Labor Foreman I until I was officially terminated June 4, 2003. At that time, I was the only female Labor Foreman in the Maintenance Department.

My supervisor, Billy Sexton, treated me differently than male employees that were similarly situated to me. He recommended that I be terminated for being five (5) minutes late on one occasion and prevented my subordinate workers from following my instructions so that he could charge me with taking an excessive lunch break on another occasion. He made statements that he would not hire another woman and he would not have another woman working for him. Male foremen would leave the City lot to go out to lunch and not come back within the thirty (30) minutes allotted for lunch, but they were not disciplined for taking an excessive lunch. Others would sleep in their trucks. No one else, other than me, had ever been recommended for termination for taking an excessive lunch



or for sleeping during lunch throughout the time I was employed by the City.

At the time I was terminated, I was qualified to do my job and I had been told that I did a good job. I was terminated and replaced by a male. The City said I was terminated for taking an excessive lunch break due to sleeping, but this was a pretext. My supervisor set out to terminate me due to his sexual discrimination of me. Had he not stopped my crew from coming to my truck, as I instructed them, then we would have been back in service before the end of our lunch break. Were I not a woman, he would not have interfered with my instructions to my crew.

On April 23, 2003, I had received enough work in the morning that there was no need to go back for additional assignments. It was the normal procedure for all of the foremen to go directly back to their job sites after lunch, unless they had completed what was assigned in the morning and needed reassignment."

Respectfully submitted on this the __13__ day of February, 2007.

_Stephanie Smith_
STEPHANIE SMITH

Sworn to and subscribed before me on this the __13th__ day of February, 2007.

_Kelly E. Dwalaing_
NOTARY PUBLIC

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Aug 29, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

J. BERNARD BRANNAN, JR. (BRA022)
Attorney for the Plaintiff
OF COUNSEL:
THE BRANNAN LAW FIRM, P.C.
Post Office Box 307
Montgomery, Alabama 36101
(334) 264-8118