IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. 2:06cv0059-MEF-CSC |
| v. | ) |
| | ) |
| CITY OF MONTGOMERY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on April 19, 2007, wherein the following proceedings were held and actions taken:

1.    PARTIES AND TRIAL COUNSEL:

      Plaintiff Stephanie Smith (hereinafter "Plaintiff");

      Plaintiff's Trial Counsel, J. Bernard Brannan, Jr.;

      Defendant City of Montgomery (hereinafter "Defendant);

      Defendant's Trial Counsel, Kimberly O. Fehl.

      COUNSEL APPEARING AT PRETRIAL HEARING:

      Plaintiff's Trial Counsel, J. Bernard Brannan, Jr;

      Defendant's Trial Counsel, Kimberly O. Fehl.

2.    JURISDICTION AND VENUE:

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3)&(4), and 42 U.S.C. §§1983, and 1988. Venue is proper according to 28 U.S.C. §1391(b).

3.  PLEADINGS:

The following pleadings and amendments were allowed:

Complaint

Answer

4.  CONTENTIONS OF THE PARTIES:

(a)  The Plaintiff's Contentions:

The Plaintiff, a female, was employed as a Labor Foreman I with the Defendant City of Montgomery. In that position, she drove a truck and had a crew that worked with her under her supervision. She has a minor daughter who suffers from a considerable number of physical and mental medical conditions. As a result of her daughter's sickness, the Plaintiff often gets up all through the night.

Often, on her lunch break, the Plaintiff would sleep in her truck at the City of Montgomery Municipal lot while the workmen under her supervision went into an area referred to as the "bull room", where the men who worked in the department would take their lunch break. The Plaintiff did not go to the "bull room" because she was the only female foreman. She considered it a hostile environment due to the language and comments that went on within the room on a continuous basis.

On April 23, 2003, the Plaintiff drove her truck back to the City lot for her employees to take their lunch break. She told her crew members who were going into the "bull room" to come back to the truck when the lunch break was over. When the thirty (30) minute lunch break was over and the Plaintiff's crew were coming back to the truck, Billy Sexton, the

Plaintiff's supervisor, stopped them and brought them into his office. After stopping the Plaintiff's crew, who she had instructed to come back to the truck at 12:30 p.m., the end of the lunch break, he told them to disregard her orders and not go back to the truck. Sexton then went to the truck at 12:40 p.m. and charged the Plaintiff with sleeping while on duty and taking an excessive lunch break for ten (10) minutes between 12:30 p.m. and 12:40 p.m.

The supervisor, Billy Sexton, had made comments in reference to the Plaintiff Stephanie Smith that he, "would never have another woman working for him." The supervisor, Billy Sexton, admitted such under oath in proceedings before the Montgomery City-County Personnel Board.

Male employees were allowed to sleep during their breaks and in fact, the supervisor, Billy Sexton, would sleep in the office at his chair from time-to-time, along with other male supervisors. There was no policy of the City of Montgomery that denied employees the right to sleep on their breaks. Prior to the Plaintiff Stephanie Smith being terminated, male employees who had been asleep while on duty were not terminated. It was common practice within the City of Montgomery's Maintenance Department of Parks and Recreation and Garage and Shops to sleep during duty hours if there was not a specific project they were working on.

The Plaintiff was continuously written up and disciplined for acts that male employees committed and were not written up or disciplined for. Prior to the Plaintiff Stephanie Smith being terminated for sleeping on duty and taking an excessive lunch break, five (5) male employees had been charged with similar charges, but were not terminated. The Plaintiff was

terminated effective June 3, 2003 by the Mayor of the City of Montgomery. The termination was approved by Personnel Director on June 4, 2003 and was upheld by the Montgomery City-County Personnel Board on November 12, 2003.

The Defendant City of Montgomery has discriminated against the Plaintiff because of her gender, female. She has been treated differently from similarly situated male employees and was terminated from her position as a Labor Foreman I with the City of Montgomery because of her gender, female. The reasons given by the City of Montgomery to justify the Plaintiff's termination are pre-textual and the true reason for her termination was gender discrimination because she was a female.

The Plaintiff was damaged in that she lost her income and her position with the City of Montgomery. She seeks to be reinstated to her position as a Labor Foreman I and to be compensated for back pay and benefits which she lost as a result of her wrongful termination. She seeks pay and any salary increase, benefits, or promotion that would have been available to her had she not been terminated, plus the cost of her efforts to receive due process through the procedures of the City of Montgomery. She also seeks attorney's fees and such other benefit as may be equitable under the circumstances.

(b)  The Defendant's Contentions:

*I. **PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.***

Smith's EEOC charge was not timely filed with the EEOC. The alleged act of discrimination occurred on April 23, 2003. The EEOC charge was not filed until November 25, 2003. Therefore Smith's lawsuit is barred by the applicable statute of limitations and for

failure to exhaust administrative remedies. In order for the Court to obtain judicial consideration of a [Title VII] claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred.

Smith relies on the ultimate termination as the violation that triggers the statute of limitations. However, the act of terminating an employee, in and of itself, is not unlawful. It is the intent and/or motivating factor behind the termination that gives question. The illegal act is the improper motive in the employment decision.

The limitations period for filing a charge of discrimination begins to run when an employee receives notice of the alleged discriminatory act not the point of ultimate consequence. Smith did not timely file her EEOC charge before expiration of the 180 day limitations period.

Smith was reprimanded and recommended for dismissal on April 23, 2003. There are no allegations of subsequent acts of discrimination. There was nothing to prohibit Smith from filing a charge with the EEOC at that time. Smith cannot claim that her limitations period did not begin until after the due process hearings and appeal process because to do so would infer that if the termination were not sustained, then there was no act of discrimination by Billy Sexton on April 23, 2003.

## II.   *PLAINTIFF'S CANNOT PREVAIL ON HER CLAIM OF GENDER DISCRIMINATION.*

Assuming Smith's lawsuit is not time-barred, Smith cannot present a prima facie case of discrimination. Smith cannot succeed in the present case because she fails to establish the prima facie elements. Smith failed to perform her job satisfactorily. Prior to April 23, 2003,

5

Smith never complained of being treated differently than similarly situated white males. With respect to the recommendation for her termination, Smith received three suspensions before termination rather than the two allowed for other maintenance employees.

Smith fails to provide another similarly situated male employee who engaged in the same conduct but was disciplined in a different manner. As similarly situated persons, Smith relies on conclusory allegations and "other male employees", "the supervisor, Sexton", "other male supervisors" and "two summer workers" as comparators in her claim for discrimination. In fact, Smith's witness testified that he had seen laborers not foremen asleep during lunch. Smith has not submitted a comparator's conduct that is nearly identical to hers. Therefore the allegation that there was someone else, without an adequate showing that he is similarly-situated in all relevant respects, fails to make out a prima-facie case of unlawful discrimination

Likewise, Smith cannot support a claim of direct evidence of discrimination based on a comment allegedly made at some point prior to April 23, 2003. First, Smith's reliance on such a comment to establish discrimination is barred by the applicable statute of limitations. Second, to substantiate direct discrimination, by a preponderance of the evidence, Smith must demonstrate that the comment infers that Sexton's interest in hiring another male motivated his decision to terminate her.

Smith had committed many other infractions. Smith signed the written Letter of Reprimand on April 28, 2003, which advised that considering her past record of three

6

suspensions, she would be recommended for dismissal. Smith had previously been warned against continuing the conduct for which she was teminated.

Additionally, Sexton stated that he had interviewed women several times for that job since then. Smith cannot show direct evidence of discrimination without inference or presumption. Smith cannot rely solely on a comment that is subject to multiple interpretations or that merely suggests discrimination to constitute direct evidence of discrimination. Smith never complained of being treated differently than similarly situated white males until after April 23, 2003. Based on the foregoing, Smith cannot prevail on her claim of direct evidence of discriminatory intent.

Even if Smith had established a prima facie case of discrimination, the City of Montgomery has demonstrated legitimate, non-discriminatory reasons for its decisions and actions. Smith has failed to demonstrate that any of the proffered reasons given by the City of Montgomery and its personnel for their actions were pretextual in nature.

### III.   *APPEAL TO THE CITY-COUNTY OF MONTGOMERY PERSONNEL BOARD*

Smith appealed the termination to the Personnel Board which is a separate entity from the City of Montgomery. A full evidentiary hearing was held on November 10, 2003. The Personnel Board sustained her termination. Smith filed an EEOC charge against the Montgomery City-County Personnel Board however did not name them in the lawsuit. Smith cannot circumvent the applicable statute of limitations to her charge of discrimination against Billy Sexton and the City of Montgomery by relying on the timing of the due process hearing before the Montgomery City-County Personnel Board.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES:</u>

    a. Stephanie Smith was a Labor Foreman I in the Maintenance Department for the City of Montgomery.

    b. Stephanie Smith was employed by the Maintenance Department in 1994.

    c. Billy Sexton became Stephanie Smith's immediate supervisor in 1999.

    It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two (2) days, are set for June 4, 2007, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) The parties are to file their pre-trial briefs, if any, by May 29, 2007;

(4) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5) All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #7) entered by the court on March 22, 2006;

(6) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

    DONE this the 23rd day of April, 2007.

                        /s/ Mark E. Fuller
                        CHIEF UNITED STATES DISTRICT JUDGE